**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. _____**

| | |
|---|---|
| JOHN SKRANDEL, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> vs.<br><br>COSTCO WHOLSESALE CORPORATION,<br><br>     Defendant. | CLASS ACTION<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff John Skrandel ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Costco Wholesale Corporation ("Costco," the "Company," or "Defendant") and alleges, based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and on information and belief as to all other matters based upon, *inter alia*, the investigation of counsel, as follows:

## NATURE OF THE ACTION

1.  This is a simple case of consumer deception. For years, Costco advertised to consumers that a 36- or 42-Month "Free Replacement" warranty ("Free Replacement Warranty") would accompany the purchase of each Interstate-branded car battery sold at its retail stores (collectively, the "Interstate Batteries"):[1]

---

[1] The term "Interstate Batteries" batteries refers specifically, and exclusively, to those Interstate-branded batteries sold at each Costco retail location bearing the Free Replacement Warranty





2.      Free replacement warranties for consumer products, such as Costco's Free

Replacement Warranty for the Interstate Batteries, are well understood by the American public: in

---

representation on its main display panel, such as the exemplar Interstate Batteries pictured above.
Interstate Batteries includes not only car batteries, but also Interstate-branded golf and marine
batteries for which Costco provided a 12-Month "Free Replacement" warranty.

the event the product (*i.e.*, Interstate Battery) is found to be defective within the warranted period, the consumer can return it and receive a replacement at no additional cost.  But Costco's Free Replacement Warranty for the Interstate Batteries works a little differently.

3.     When a consumer returns his or her defective Interstate Battery to a Costco location for a replacement battery within the prescribed warranted period, he or she is refunded the original purchase price of the Interstate Battery and then charged an increased price for the replacement battery.  In other words, Costco's advertised Free Replacement Warranty for the Interstate Batteries is not free at all, but instead, costs consumers the difference in the original purchase price of their Interstate Batteries and the increased price of the replacement batteries Costco requires consumers to purchase.

4.     Costco's scheme is deceptive to reasonable consumers, such as Plaintiff, who expect that when returning their defective Interstate Batteries under Costco's advertised Free Replacement Warranty, they will receive a replacement battery at no extra cost, or, at the very least, have the purchase price of their Interstate Battery refunded and then be charged for a replacement battery at that same purchase price.

5.     Costco's failure to honor the Free Replacement Warranty, as advertised for the Interstate Batteries, and/or its failure to disclose to customers that they must pay the difference in the original purchase price of their Interstate Batteries and the increased price of the replacement Interstate batteries offered by Costco to get their defective Interstate Battery replaced, are unfair and deceptive trade practices in violation of state consumer protection laws.  Costco's failure to honor the Free Replacement Warranty also constitutes a breach of warranty and a breach of the implied covenant of good faith and fair dealing, and Costco has been unjustly enriched by its conduct.

6.      As more fully detailed below, Plaintiff purchased an Interstate Battery in reliance on Costco's advertised Free Replacement Warranty, and when it became defective during the 36-month warranted period, Plaintiff reasonably expected that Costco would replace his defective Interstate Battery with a new Interstate battery at no additional cost.  However, Costco refunded Plaintiff the original purchase price of the defective Interstate Battery and charged him an increased price for the replacement Interstate battery Costco.  Upon information and believe, Costco's Free Replacement Warranty scheme was and continues to be uniformly operating in all Costco retail locations across the country.

7.      As a result of Costco's deceptive and unfair conduct, breach of warranty, and breach of the implied covenant of good faith and fair dealing, Plaintiff and members of the classes (defined below) have suffered damages, in that they were charged by Costco to replace their defective Interstate Batteries when their replacement Interstate batteries should have been provided by Costco free of charge.

8.      Because of the relatively small amount of damages suffered by Plaintiff and each class member, a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure is the only mechanism defrauded consumers have to obtain redress for the damages and to put a stop to Costco's unlawful conduct.

**JURISDICTION AND VENUE**

9.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d), because at least one Class member is of diverse citizenship from Costco, there are more than 100 Class members nationwide, and the aggregate amount in controversy exceeds $5,000,000, exclusive of costs and interest.

10.     The Court has personal jurisdiction over Costco because Costco has purposefully availed itself of the privilege of conducting business activities in the State of Florida.

11.     Venue is proper in this District, pursuant to 28 U.S.C. §1391, because a substantial part of the acts or omissions giving rise to the claims brought herein occurred or emanated within this District, Costco has marketed, advertised, and sold the Interstate Batteries at its retail locations in this District, and Costco has caused harm to Plaintiff and other class members who reside in this District.

## PARTIES

12.     Plaintiff is a citizen and resident of the State of Florida.

13.     Defendant Costco is an American multinational corporation organized and existing under the laws of the State of Washington with its principal place of business in Issaquah, Washington.  Costco is the second largest retailer in the world, behind only Walmart and, in 2020, had net sales of over $163.2 billion.  Costco operates 559 retail stores (which Costco refers to as "warehouses") in the United States, including 28 throughout the State of Florida.  Through its warehouses, Costco sells and warrants millions of car batteries, including the Interstate Batteries at issue here, to consumers in this District and throughout the United States.

## FACTUAL ALLEGATIONS

**I.      The Federal Trade Commission's Guidance on the Use of the Word "Free"**

14.     The Federal Trade Commission ("FTC" or "Commission") has long been concerned about businesses using the term "free" in marketing or promotional materials, because that word, which frequently attracts consumers, can easily lead to deception.

15.     Accordingly, over 45 years ago, the FTC published its **"FTC GUIDE CONCERNING USE OF THE WORD 'FREE' AND SIMILAR REPRESENTATIONS."** 36 FR 21517, Part 251 (Nov. 10, 1971) (the "FTC Guide"), which explained, in relevant part:

> (a) General. (1) The offer of "Free" merchandise or service is a promotional device frequently used to attract customers. Providing such merchandise or service with the purchase of some other article or service has often been found to be a useful

and valuable marketing tool.

(2) Because the purchasing public continually searches for the best buy, and regards the offer of "Free" merchandise or service to be a special bargain, *all such offers must be made with extreme care so as to avoid any possibility that consumers will be misled or deceived*. Representative of the language frequently used in such offers are "Free", "Buy 1-Get 1 Free", "2-for-1 Sale", "50% off with purchase of Two", "1 Sale", etc. . . .

(b) *Meaning of "Free"*. (1) *The public understands that*, except in the case of introductory offers in connection with the sale of a product or service (See paragraph (f) of this section), *an offer of "Free" merchandise or service is based upon a regular price for the merchandise or service which must be purchased by consumers in order to avail themselves of that which is represented to be "Free". In other words, when the purchaser is told that an article is "Free" to him if another article is purchased, the word "Free" indicates that he is paying nothing for that article and no more than the regular price for the other. Thus, a purchaser has a right to believe that the merchant will not directly and immediately recover, in whole or in part, the cost of the free merchandise or service by marking up the price of the article which must be purchased, by the substitution of inferior merchandise or service, or otherwise.*

(2) The term regular when used with the term price, means the price, in the same quantity, quality and with the same service, at which the seller or advertiser of the product or service has openly and actively sold the product or service in the geographic market or trade area in which he is making a "Free" or similar offer in the most recent and regular course of business, for a reasonably substantial period of time, i.e., a 30-day period. For consumer products or services which fluctuate in price, the "regular" price shall be the lowest price at which any substantial sales were made during the aforesaid 30-day period. Except in the case of introductory offers, if no substantial sales were made, in fact, at the "regular" price, a "Free" or similar offer would not be proper.

(c) Disclosure of conditions. When making "Free" or similar offers all the terms, *conditions and obligations upon which receipt and retention of the "Free" item are contingent should be set forth clearly and conspicuously at the outset of the offer so as to leave no reasonable probability that the terms of the offer might be misunderstood*. Stated differently, all of the terms, conditions and obligations should appear in close conjunction with the offer of "Free" merchandise or service. For example, disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is made by an asterisk or other symbol placed next to the offer, is not regarded as making disclosure at the outset. However, mere notice of the existence of a "Free" offer on the main display panel of a label or package is not precluded provided that (1) the notice does not constitute an offer or identify the item being offered "Free", (2) the notice informs the customer of the location, elsewhere on the package or label, where the disclosures required by this

section may be found, (3) no purchase or other such material affirmative act is required in order to discover the terms and conditions of the offer, and (4) the notice and the offer are not otherwise deceptive. . . .

36 FR 21517, §§251.1(a)-(c) (emphasis added).

16.     Thus, it is clear that the FTC proscribes – in no uncertain terms – Costco from charging customers to obtain a "free replacement" battery when their Interstate Batteries become defective within the warranted period of time.

17.     Nearly all state consumer protection laws, including Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (see FLA. STAT. §501.204(2)), expressly provide that courts are to give due consideration and weight to the FTC's interpretation of the Federal Trade Commission Act.

## II.     Costco's Deceptive Free Replacement Scheme to Bilk Consumers

18.     Costco sells car batteries and other automotive products to consumers at its warehouses throughout the United States, and largely through its Tire Centers, which it has added to almost all of its warehouse locations.

19.     Currently, Interstate is the only car battery brand sold by Costco.

20.     Costco began exclusively selling Interstate branded car batteries in 2014, when the Company decided to replace the Kirkland branded car batteries that had been sold at its warehouses since around 2010.  Upon information and belief, Costco sold approximately one million Interstate car batteries per year at its warehouses throughout the United States.

21.     From 2014 until around 2019, each Interstate battery sold at Costco's warehouses contained a label with the "Free Replacement" representation (i.e., the Interstate Batteries), which Costco referred to as a "warranty" on the batteries' price tag:



22.     During that period of time, Costco did not limit or qualify the Free Replacement Warranty in any way when offering the Interstate Batteries for sale.  Nor did Costco make any disclosure to consumers regarding any terms or conditions that applied to the Free Replacement Warranty, or direct consumers to a location where such additional information could be found, prior to the point of sale.

23.     A reasonable consumer purchasing an Interstate Battery would expect to receive a replacement battery for free if his or her Interstate Battery became defective within 36/42 months of purchase, and certainly would not expect to have to pay out of pocket any additional amount to receive the battery replacement.  That is what "free" means, as common-sense dictates, and as the FTC has made clear.

24.     Contrary to the expectations of reasonable consumers, however, and without any

notice to consumers prior to their purchase of the Interstate Batteries, Costco would not provide consumers with a free replacement battery when the Interstate Battery became defective during the warranted period, but instead, would refund consumers the original purchase price of the defective Interstate Battery and then charge them for a replacement battery at an increased purchase price.  In other words, Costco does not provide consumers who purchased defective Interstate Batteries with a Free Replacement Warranty, but rather, a limited warranty replacement, which requires those consumers to pay out-of-pocket for their replacement battery.

25.    Even worse, because consumers are led to believe that the replacement battery Costco would provide is simply free, without any conditions or other terms, consumers who purchase Interstate Batteries are not aware that they will be required to pay out-of-pocket for their battery replacement until they bring their defective Interstate Battery in for a replacement and are told that the Free Replacement Warranty is actually not free, which is what happened in the case of Plaintiff here.

**III.    The Experience of Plaintiff and other Class Members**

26.    On December 19, 2017, Plaintiff visited a Costco warehouse in Palm Beach Gardens, Florida (Store #93), and purchased an Interstate Battery for $72.99 (in addition to other battery-related fees charged by Costco) and was provided with the following receipt:



27.     Prior to purchasing his Interstate Battery, Plaintiff viewed the label of the Interstate Battery and saw that Costco offered a "36-MONTH Free Replacement" warranty with the purchase of the Interstate Battery:



28.     After viewing Costco's promise to provide a Free Warranty Replacement, Plaintiff purchased the Interstate Battery.

29.     Plaintiff relied on Costco's Free Warranty Replacement representation in deciding to purchase his Interstate Battery, and thus, Plaintiff purchased the Intestate Battery on the reasonable, but mistaken, belief that he would receive a free battery replacement in the event his Interstate Battery became defective within 36 months of purchase.   Plaintiff would not have purchased the Interstate Battery had he known that Costco would not provide him with a free replacement battery in the event his Interstate Battery became defective within that timeframe.

30.     On or about November 30, 2020, the Interstate Battery Plaintiff had purchased for his vehicle became defective and failed.  That same day, Plaintiff returned to the Costco warehouse in Palm Beach Gardens, Florida, to obtain his free replacement battery.  Instead of being provided with a free replacement battery, however, the representative at Costco advised Plaintiff that Costco

would refund Plaintiff the original purchase price of the defective Interstate Battery and charge him for the new replacement battery, at the higher purchase price of $78.99, which was six dollars more than he had paid for his Interstate Battery:



31.     Notably, Costco had removed the reference to its "Free Replacement" warranty from the label of the Interstate battery and replaced it with the words "LIMITED WARRANTY

REPLACEMENT."  In addition, Costco had added a footnote to the label of the battery stating: "For complete warranty information, please visit Costco.com/InterstateBatteries."

32.     Plaintiff objected to purchasing a higher-priced replacement battery, directing the Costco representative to the Free Replacement Warranty on his defective Interstate Battery:



In response, and notwithstanding the above, the representative told Plaintiff that Costco was no longer providing free replacement batteries, and that he would have to purchase the higher-priced battery if he wanted Costco to replace his defective Interstate Battery.

33.     Plaintiff required a replacement battery in order to operate his vehicle, and thus, was left with no choice but to have the original purchase price of his defective Interstate Battery refunded and purchase the higher-priced battery replacement:[2]

---

[2] Plaintiff purchased his $72.99 Interstate Battery for a total price of $79.10, and the $78.99 replacement battery for a total price of $86.13.  Although, for some unknown reason, the Costco representative refunded the Interstate Battery at a price of $76.99 (four more dollars than its purchase price), Plaintiff was still forced to pay out-of-pocket $3.75 to have his defective Interstate Battery replaced.  Other consumers have reported having to pay out-of-pocket as much as half the original purchase price of their Interstate Battery to obtain their battery replacement.



**COSTCO** TIRE CENTER

**BATTERY PURCHASE INVOICE**

Date: 11/30/20   Invoice #:   930226527
Time: 10:19:27
Membership #: ████████

Location:   93   STA: FL

| MEMBER INFORMATION | VEHICLE INFORMATION |
|---|---|
| JOHN SKRANDEL<br>████████████████ | |

| Item# | Description | Qty | SLIP PRINT |
|---|---|---|---|
| 8850242 | INTERSTATE BATTERIES<br>GROUP 35 STANDARD<br>36 | 1 | |

‍9200009302265279

34.     Consumers around the country have reported similar experiences in online message boards.   For example, one consumer stated:

> I just returned my battery since it wasn't holding a charge anymore and the battery is under the 36 month free replacement warranty. Now when I [went] to customer service, they reimbursed me in full for what I paid in 2016 for the battery, but I then bought a new one right away and this new one which is the exact same model is $25 more now in 2019. I stopped at customer service on the way out and the clerk explained that a 36 month free replacement warranty means we refund you 100% of what you paid 36 month ago . . .

35.     Another consumer commented:

> I wonder if Costco [is] simply mishandling the issue. If you bring your original

faulty battery to customer service, they simply treat it as a returned item and credit you for that purchase. Then you walk to the racks, pick up a new battery and bring it to checkout where it is treated as a new purchase. Two separate transactions and unconnected as far as the Costco staff are concerned.

36.     And yet another consumer made perhaps the most poignant observation: "It's called a 36 month free replacement so there shouldn't be anything that you have to pay out of pocket for."

37.     Consumers are in agreement:

That's how it *should* work if the warranty is a "free replacement warranty. If it's a "refund your purchase price" warranty then the price difference would not be covered. . . . [I]t seems odd they'd be refunding the money and not replacing the battery...at least when you're in the replacement-warranty period. . . . [I]n the "free replacement" [warranty period] it should work that you get a battery not a refund of what you originally paid.

38.     Accordingly, Costco's nationwide scheme has stolen and will continue to steal millions of dollars from hard working Americans.

## CLASS ALLEGATIONS

39.     Plaintiff brings this action as a class action pursuant to Rule 23(a), 23(b)(2), 23(b)(3), and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of himself and all others similarly situated as members of the following classes:

All persons or entities in the United States (including its Territories and the District of Columbia) that purchased an Interstate Battery at a Costco and were not provided with a free replacement battery when their Interstate Battery became defective (the "Nationwide Class"); and

All persons or entities that purchased an Interstate Battery at a Costco location in the State of Florida and were not provided with a free replacement battery when their Interstate Battery became defective (the "Florida Class") (collectively, the "Classes").

40.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Classes may be expanded or narrowed by amendment or

amended complaint. Specifically excluded from the proposed Classes are the Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by the Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with the Defendant and/or their officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

41.     Certification of Plaintiff's claims for Class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a Class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

42.     ***Numerosity.***  Rule 23(a)(1) of the Federal Rules of Civil Procedure:  The members of the Classes are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that the proposed Classes contain many tens or hundreds of thousands of members.   The precise number of Class members is unknown to Plaintiff, but may be ascertained from Costco's books and records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

43.     ***Commonality and Predominance.***  Rules 23(a)(2) and (b)(3) of the Federal Rules of Civil Procedure:  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, but not limited to:

        a.      Whether Costco committed a deceptive or unfair trade practice in violation of FDUTPA by the acts and practices complained of herein;

        b.      Whether Costco's Free Replacement Warranty for the Interstate Batteries

created an express warranty;

c.      Whether Costco breached an express warranty with Plaintiff and the Classes by failing to honor the Free Replacement Warranty it advertised for the Interstate Batteries;

d.      Whether Costco breached the implied covenant of good faith and fair dealing by failing to honor the Free Replacement Warranty it advertised for the Interstate Batteries;

e.      Whether Costco has been unjustly enriched by failing to honor the Free Replacement Warranty it advertised for the Interstate Batteries;

f.      Whether Plaintiff and the Classes are entitled to damages, and the proper measure of damages;

g.      Whether Plaintiff and the Classes are entitled to injunctive relief to stop the wrongdoing complained of herein.

44.     ***Typicality.***  Rule 23(a)(3) of the Federal Rules of Civil Procedure:  Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through Costco's wrongful conduct as described above.  All claims seek recovery on the same legal theories and are based upon Costco's common course of conduct.

45.     ***Adequacy****.*  Rule 23(a)(4) of the Federal Rules of Civil Procedure:  Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously.  The Class' interests will be fairly and adequately protected by Plaintiff and his counsel.

46.     ***Declaratory Relief.***  Rule 23(b)(2) of the Federal Rules of Civil Procedure:  Costco

has acted or refused to act on grounds generally applicable to Plaintiff and Class members, thereby making appropriate declaratory relief, with respect to the Classes as a whole.

47. ***Superiority***. Rule 23(b)(3) of the Federal Rules of Civil Procedure:  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Costco, so it would be impracticable for Class members to individually seek redress for Costco's wrongful conduct.  Even if Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

48. ***Particular Issues.***  Rule 23(c)(4) of the Federal Rules of Civil Procedure: The Classes may be certified for certain issues, including:

a. Did Costco commit an unfair and deceptive trade practice by charging Plaintiff and the Classes more than the original purchase price of their Interstate Battery for their replacement battery?

b. Are Plaintiff and the Classes "consumers" entitled to protection under the consumer protection laws of Florida?

c. Does Costco's Free Replacement Warranty constitute an express warranty?

d. Did Costco breach the implied covenant of good faith and fair dealing by charging Plaintiff and the Classes more than the purchase price of their Interstate Battery for their

- 18 -

replacement battery?

49. Adequate notice can be given to Class members directly using information maintained in Defendant's records or through notice by publication.

50. Damages may be calculated from the claims data maintained in Defendant's records, so that the cost of administering a recovery for the Classes can be minimized. However, the precise amount of damages available to Plaintiff and the other members of the Classes are not a barrier to class certification.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
(FLA. STAT. §501.201, *et seq.*)
On Behalf of the Florida Class

51. Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

52. Plaintiff brings this claim on behalf of himself and the Florida Class.

53. Plaintiffs and the Florida Class members are "consumers" within the meaning of FLA. STAT. §501.203(7).

54. Costco is engaged in "trade" or "commerce" within the meaning of FLA. STAT. §501.203(8).

55. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") makes unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." FLA. STAT. §501.204(1).

56. In the course of its business, Costco violated FDUTPA by knowingly misrepresenting and/or intentionally concealing material facts regarding the Interstate Batteries

sold at its warehouses.  Specifically, in marketing, offering for sale/lease, and selling/leasing the Interstate Batteries, Costco engaged in one or more of the following unfair or deceptive acts or practices prohibited by FLA. STAT. §501.204(1):

(a)     representing that the Interstate Batteries have characteristics or benefits that they do not have;

(b)     advertising the Interstate Batteries with the intent not to sell them as advertised;

(c)     engaging in other conduct which created a likelihood of confusion or of misunderstanding; and/or

(d)     using or employing deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression, or omission of a material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the advertisement and sale of the Interstate Batteries.

57.     Costco's scheme and concealment of its warranty practices were material to Plaintiff and the Florida Class, and Costco misrepresented, concealed, or failed to disclose the truth with the intention that Plaintiff and the Florida Class would rely on the misrepresentations, concealments, and omissions.  Had they known the truth, Plaintiff and the Florida Class would not have purchased the Interstate Batteries.

58.     Plaintiffs and the Florida Class members had no way of discerning that Costco's representations were false and misleading, or otherwise learning the facts that Costco had concealed or failed to disclose, at the point of sale.

59.     Costco had an ongoing duty to Plaintiffs and the Florida Class members to refrain

from unfair and deceptive practices under FDUTPA in the course of its business.  Specifically, Costco owed Plaintiff and the Florida Class members a duty to disclose all the material facts concerning the Interstate Batteries and its warranty practices related thereto because it possessed exclusive knowledge, it intentionally concealed such material facts from Plaintiff and the Florida Class members, and/or it made misrepresentations that were rendered misleading because they were contradicted by withheld facts.

60.     Plaintiff and the Florida Class members suffered ascertainable loss and actual damages as a direct and proximate result of Costco's concealment, misrepresentations, and/or failure to disclose material information.

## COUNT II

### BREACH OF EXPRESS WARRANTY
#### (FLA. STAT. §672.313)
#### On Behalf of the Florida Class

61.     Plaintiff realleges and incorporates by reference ¶¶1-50 as though fully set forth herein.

62.     Plaintiff brings this claim on behalf of himself and the Florida Class.

63.     Costco is and was at all relevant times a "merchant" with respect to the Interstate Batteries under FLA. STAT. §672.104(1), and a "seller" of the Interstate Batteries under §672.103(1)(d).

64.     The Interstate Batteries are and were at all relevant times "goods" within the meaning of FLA. STAT. §§672.105(1).

65.     In connection with the purchase of all Interstate Batteries, and as detailed above, Costco promised Plaintiffs and the Florida Class members a "Free Replacement" if the Interstate Batteries became defective during the warranted period.

66.     Costco's Free Replacement Warranty constitutes an express warranty under

§§672.313(a) and (b), and the Free Replacement Warranty formed a basis of the bargain that was reached when Plaintiff and the Florida Class members purchased their Interstate Batteries.

67.     Plaintiff and the Florida Class members fully performed their obligations under the Free Replacement Warranty by tendering money for the purchase of their Interstate Battery and returning it to Costco when their Interstate Batteries became defective during the warranted period.

68.     Costco breached its express warranty by failing to replace the Interstate Batteries at no cost within the warranty period.

69.     Plaintiffs and the Florida Class members have given Costco a reasonable opportunity to cure its breaches of express warranty or, alternatively, were not required to do so because such an opportunity would be unnecessary and futile given Costco's nation-wide policy of refusing to provide free replacement batteries when consumers' Interstate Batteries become defective during the warranted period.

70.     As a direct and proximate result of Costco's breach of its express warranty, Plaintiffs and the Florida Class members have been damaged in an amount to be determined at trial.

## COUNT III

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### On Behalf of the Florida Class

71.     Plaintiff realleges and incorporates by reference ¶¶1-50 as though fully set forth herein.

72.     Plaintiff brings this claim on behalf of himself and the Florida Class.

73.     There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.

74.     Under the express terms of the Free Replacement Warranty entered into between Costco, on one hand, and Plaintiff and the Florida Class members on the other hand, Plaintiff and the Florida Class members were to benefit through the use of Costco's Free Replacement Warranty, while Costco was supposed to benefit through consumers' payment for the Interstate Batteries.

75.     Costco exhibited bad faith through its conscious scheme to offer a Free Replacement Warranty and then charging consumers to obtain replacement batteries when their Interstate Batteries became defective during the warranted period.

76.     Costco breached the implied covenant of good faith and fair dealing with respect to the specific contractual terms in the Free Replacement Warranty.

77.     Plaintiff and members of the Florida Class suffered damages and losses as described herein.

78.     The damages and losses sustained by Plaintiff and members of the Florida Class are the direct and proximate result of Costco's breaches of the covenant of good faith and fair dealing implied in the Free Replacement Warranty.

## COUNT IV

### FRAUDULENT CONCEALMENT
### On Behalf of the Classes

79.     Plaintiff realleges and incorporates by reference ¶¶1-50 as though fully set forth herein.

80.     Plaintiff brings this claim on behalf of himself and the Classes.

81.     Costco fraudulently concealed and suppressed material facts concerning the Interstate Batteries sold at its warehouses.

82.     Despite advertising the Free Warranty Replacement for the Interstate Batteries, Costco knew that it would not offer Plaintiff and members of the Classes a free battery replacement in the event their Interstate Batteries became defective during the warranted period, and instead, would refund consumers the original purchase price of the defective Interstate Battery and then charge them for a replacement battery at an increased purchase price.

83.     Costco failed to disclose these facts to consumers at the point of sale and Costco knowingly and intentionally engaged in this concealment in order to boost sales and revenue of the Interstate Batteries, maintain its competitive edge in the battery market, and obtain windfall profit.  Through its active concealment and/or suppression of these material facts, Costco sought to increase consumer confidence in the Interstate Batteries, and to falsely assure purchasers of the same that they would receive a free battery replacement in the event their Interstate Battery became defective during the warranted period.

84.     Costco's scheme and concealment of its warranty practices were material to Plaintiff and the members of the Classes, and Costco misrepresented, concealed, or failed to disclose the truth with the intention that Plaintiff and the Classes would rely on the misrepresentations, concealments, and omissions.  Had they known the truth, Plaintiff and the Classes would not have purchased the Interstate Batteries.

85.     Plaintiffs and the members of the Classes had no way of discerning that Costco's representations were false and misleading, or otherwise learning the facts that Costco had concealed or failed to disclose, at the point of sale.

86.     Costco had an ongoing duty to Plaintiffs and the Classes to disclose, rather than conceal and suppress, its warranty practices with regard to the Interstate Batteries in the course of its business.  Specifically, Costco owed Plaintiff and the members of the Classes a duty to disclose

all the material facts concerning the Interstate Batteries and its warranty practices related thereto because it possessed exclusive knowledge, it intentionally concealed such material facts from Plaintiff and the Classes, and it made misrepresentations that were rendered misleading because they were contradicted by withheld facts.

87.     Plaintiff and the members of the Classes suffered ascertainable loss and actual damages as a direct and proximate result of Costco's concealment, misrepresentations, and/or failure to disclose material information.

**COUNT V**

**UNJUST ENRICHMENT**
**On Behalf of the Classes**

88.     Plaintiff realleges and incorporates by reference ¶¶1-50 as though fully set forth herein.

89.     Plaintiff brings this claim on behalf of himself and the Classes.

90.     Costco has been, and continues to be, unjustly enriched, to the detriment and at the expense of Plaintiff and members of the Classes, as a result of its conduct directed against Plaintiff and the Nationwide Class as a whole, including the collection of money from consumers who seek to obtain replacement batteries when their Interstate Batteries become defective during the warranted period.

91.     Costco has been unjustly benefitted through the unlawful or wrongful collection of money from the sale of replacement batteries for Interstate Batteries that become defective during the warranted period, and continues to benefit to the detriment and at the expense of Plaintiff and members of the Classes.

92.     Accordingly, Costco should not be allowed to retain the proceeds from the benefits conferred upon it by Plaintiff and members of the Classes, who seek disgorgement of Costco's

unjustly acquired profits and other monetary benefits resulting from its unlawful conduct, and seek restitution for the benefit of Plaintiff and the Classes, in an equitable and efficient fashion as the Court deems just and proper.

## IV.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Classes, respectfully request that the Court certify the proposed Classes, including designating Plaintiff as a representative of the Classes and appointing the undersigned as Class Counsel, and the designation of any appropriate issue classes, under the applicable provisions of Federal Rule of Civil Procedure 23, and that the Court enter judgment in Plaintiff's favor and against Costco including the following relief:

A.     Awarding actual and consequential damages;

C.     Granting injunctive and declaratory relief;

D.     Awarding any applicable statutory damages;

E.     For pre- and post-judgment interest to the Classes;

F.     For reasonable attorneys' fees and costs to counsel for the Classes; and

G.     Granting such other and further relief as is just and proper.

## V.     DEMAND FOR JURY TRIAL

Plaintiff and Class members hereby demand a trial by jury, pursuant to Federal Rule of Civil Procedure 38(b), of all issues so triable.

Dated: May 7, 2021.                         Respectfully submitted,

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**

By */s/ Jason H. Alperstein*
    Jason H. Alperstein
    Jeff Ostrow

Kristen Lake Cardoso
1 W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
Email:  alperstein@kolawyers.com
        ostrow@kolawyers.com
        cardoso@kolawyers.com

Steven G. Calamusa
Robert. E. Gordon
Daniel G. Williams
**GORDON & PARTNERS, P.A.**
4114 Northlake Boulevard
Palm Beach Gardens, FL 33410
Telephone: (561) 799-5070
Facsimile: (561) 799-4050
E-mail:  scalamusa@fortheinjured.com
         rgordon@fortheinjured.com
         dwilliams@fortheinjured.com

*Counsel for Plaintiffs and the Proposed
Classes*