UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80826-CIV-CANNON/Reinhart

JOHN SKRANDEL,

    Plaintiff,
v.

COSTCO WHOLESALE CORPORATION,

    Defendant.
    _____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO SEAL**

**THIS CAUSE** comes before the Court upon Defendant's Unopposed Motion to Seal Plaintiff's Unredacted Motion for Class Certification (the "Motion") [ECF No. 63], filed on July 7, 2022. Following review, the Motion is **GRANTED IN PART AND DENIED IN PART**.

\* \* \*

On July 1, 2022, Plaintiff filed its Motion for Class Certification [ECF No. 61] along with a separate motion seeking leave to file the motion for class certification under seal [ECF No. 60]. The Court thereafter denied Plaintiff's motion to file under seal [ECF No. 62]. Plaintiff's generalized statements about shielding information, the Court explained, were not sufficient to overcome the presumption of openness in judicial proceedings, nor would the Court seal materials central to the case [ECF No. 62 p. 2].

On July 7, 2022, Defendant filed the instant Motion [ECF No. 63], asking the Court to substitute a more narrowly redacted proposed version of Plaintiff's class certification motion and exhibits [ECF No. 63-1] for Plaintiff's pending Motion for Class Certification [ECF No. 61], and also requesting to file under seal an unredacted version of the pending class certification motion

and exhibits under seal. In particular, Defendant's Motion seeks to shield from public view the following materials: (1) portions of Plaintiff's motion for class certification identifying the name of Costco's database, along with specific figures relating to the asserted quantity of class members and class damages [ECF No. 63 p. 6; *see* ECF No. 63-1 pp. 1–29]; (2) portions of Peter Hesketh's deposition testimony that "details and references the capabilities and functionality of Costco's data systems" (Exhibit C) [ECF No. 63 p. 6; *see* ECF No. 63-1 pp. 47–50]; (3) Costco's entire Refund Manual—setting out Costco's return systems, processes, and procedures—except for a single paragraph that details the return policy for Interstate batteries bearing a "Free Replacement" label (Exhibit H) [ECF No. 63 pp. 4–5; *see* ECF No. 63-1 pp. 72–105]; and (4) portions of the Expert Report of Bo Martin discussing "specific systems' functionality, including limitations, and precise data setting forth transactional records, household transactional patterns, and transactional characteristics" (Exhibit I) [ECF No. 63 p. 6; *see* ECF No. 63-1 pp. 106–25].

The Court "[has] discretion to determine which portions of the record should be placed under seal, but [that] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "The common law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); S.D. Fla. L.R. 5.4(a) ("Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record."). The presumption of public access may be overcome only "by a showing of good cause," which requires balancing "the public interest in accessing court documents against a party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246. In balancing those interests, courts "consider, among

other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

Upon careful review of Defendant's Motion and Defendant's proposed redacted version of Plaintiff's motion for class certification and accompanying exhibits [ECF Nos. 63, 63-1], the Court reaches the following conclusion as to each of the subject materials requested to be sealed. Defendant has not borne its burden to satisfy shielding from public view the figures regarding the class members and class damages in Plaintiff's motion for class certification. Defendant has, however, satisfied this Court with respect to sealing: (1) the limited portions of Peter Hesketh's deposition testimony requested to be redacted (Exhibit C) [ECF No. 63-1 p. 50]; (2) the great majority of Costco's refund manual, which Defendant represents has no bearing to this case and therefore will not be considered by the Court (Exhibit H) [ECF No. 63-1 pp. 73–105 (minus one identical paragraph on pages 76 and 95)]; and (3) some, but not all, of its proposed redactions to the Expert Report of Bo Martin (Exhibit I) [ECF No. 63-1 pp. 107–125], as further described below.

### A. Motion for Class Certification

As to the motion for class certification itself, Defendant seeks to keep redacted what it describes as "one word and three figures" identifying the name of Costco's data system and figures relating to the asserted quantity of class members and class damages [ECF No. 63 p. 6; *see* ECF No. 63-1 pp. 1–29]. Notwithstanding Defendant's characterization, Defendant has not shown good cause to seal the information related to class members and class damages, topics

central to the instant motion and particularly tied to the presumption of public access.[1] Nevertheless, based on Defendant's cybersecurity concerns, the Court will accept Defendant's request to redact from public view only the name of Costco's data system [ECF No. 63-1 p. 9]. No additional redactions to the publicly filed version of the motion will be permitted beyond the name of Costco's data system.

### B. Deposition Testimony

As to the subject portions of Peter Hesketh's deposition testimony, Defendant argues that disclosure would pose a cybersecurity risk to Costco's data, because it "references the capabilities and functionality of Costco's data systems" and thus could be used potentially by hackers seeking to breach Costco's system [ECF No. 63 p. 6]. Under the circumstances, and out of an abundance of caution, the Court finds it appropriate to allow the subject portions of the deposition testimony to be filed in the redacted form that Defendant proposes, as set forth below, insofar as the redacted information implicates Costco's data security interests. The full unredacted transcript may be filed under seal.

### C. Costco's Refund Manual

According to Defendant, disclosure of the refund manual—almost all of which has no bearing on this case except one paragraph regarding the free replacement battery policy—would give Costco's competitors an unfair advantage [ECF No. 63 pp. 3–5]. Without determining whether Defendant, on the merits, has shown good cause to seal the refund manual in its entirety,

---

[1] These redactions are particularly inappropriate in the context of a motion for class certification. *See MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, No. 20-20887-CIV, 2021 WL 2980598, at *1, n.1 (S.D. Fla. June 4, 2021) (denying a motion to seal a motion for class certification and finding in that context that "even more so than in the typical case, the public, including other potential class members and objectors, have an interest in public access to these documents").

the Court accepts for purposes of this motion Defendant's unopposed contention that the proposed redacted portions of the manual are not relevant to this action. Accordingly, the Court will allow Plaintiff to file the refund manual in the redacted form proposed by Defendant, but the Court will consider only the publicly disclosed paragraph filed on the docket, without permitting Plaintiff to file an unredacted version of the manual under seal.

### D.  Expert Report

Finally, as to the expert report of Bo Martin, Defendant proposes redacting portions of the report that discuss "specific systems' functionality, including limitations, and precise data setting forth transactional records, household transactional patterns, and transactional characteristics" [ECF No. 63 p. 6]. This category relates to Plaintiff's calculated number of class members and amount of class damages [ECF No. 63 p. 6; ECF No. 63-1 pp. 114–22 (reflecting expert's methodology for calculating number of class members and class damages)]. For the same reasons discussed above with respect to the motion for class certification, information regarding the number of class members and amount of class damages is a key part of the instant motion and broader litigation, and Defendant has not shown good cause to rebut the presumption of public access as to that content. Accordingly, any information on that subject—provided it does not contain personally identifying information of actual consumers—must be filed publicly. But, consistent with the Court's earlier ruling as data breach concerns, references to the name of Costco's data system or to the particular field names in that data system may be redacted from the publicly filed version of Martin's expert report.

CASE NO. 21-80826-CIV-CANNON/Reinhart

## CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Unopposed Motion to Seal Plaintiff's Unredacted Motion for Class Certification [ECF No. 63] is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's Motion for Class Certification [ECF No. 61] is **DENIED WITHOUT PREJUDICE** to be refiled in a more narrowly redacted form as set forth in this Order.

3. Plaintiff's renewed motion for class certification and exhibits shall be **REFILED** on or before **August 9, 2022**, in the following manner:

    a. Plaintiff's motion for class certification shall be filed in **REDACTED** form, redacting only the proposed redaction on page two of the motion [ECF No. 63-1 p. 9] and using **12-point Times New Roman typeface that is double-spaced and fully justified**, as previously required by the Court's Second Amended Scheduling Order [ECF No. 33 p. 6].

    b. Exhibit C to Plaintiff's motion for class certification (excerpts from the May 11, 2022 Deposition of Peter Hesketh) shall be filed in **REDACTED** form as attached in Defendant's Motion [ECF No. 63-1 pp. 47–50].

    c. Exhibit H to Plaintiff's motion for class certification (Costco Refund Manual) shall be filed in **REDACTED** form as attached in Defendant's Motion [ECF No. 63-1 pp. 72–105]. The Court will consider only the unredacted portions of the manual.

    d. Exhibit I to Plaintiff's motion for class certification (Expert Report of Bo Martin) shall be filed in **REDACTED** form, redacting only those portions that specifically

CASE NO. 21-80826-CIV-CANNON/Reinhart

  identify the name of Costco's data systems, field names,[2] and customers' personally identifying information (e.g., names, addresses, credit card information, etc.).

 e. All other exhibits to Plaintiff's motion for class certification shall be filed in **UNREDACTED** form.

4. Additionally, on or before **August 9, 2022**, Plaintiff shall **FILE UNDER SEAL** unredacted versions of only the following exhibits attached to Defendant's Motion [ECF No. 63], and those exhibits shall remain under seal until further Order of the Court:

 a. Plaintiff's motion for class certification [ECF No. 63-1 pp. 1–29];

 b. Exhibit C to Plaintiff's motion for class certification (excerpts from the May 11, 2022 Deposition of Peter Hesketh) [ECF No. 63-1 pp. 47–50]; and

 c. Exhibit I to Plaintiff's motion for class certification (Expert Report of Bo Martin) [ECF No. 63-1 pp. 106–25].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 27th day of July 2022.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[2] For example, the redactions in footnotes 17–25 [ECF No. 63-1 pp. 116–19] may remain in place.