# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:21-CV-80826-AMC Cannon/Reinhart

| | |
|---|---|
| JOHN SKRANDEL, individually and on behalf of all others similarly situated, | CLASS ACTION |
| Plaintiff, | |
| vs. | |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

**COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF MOTION TO STRIKE BO MARTIN'S SURREBUTTAL REPORT**

SF-4977858

## TABLE OF CONTENTS

Page

A.  Martin's Surrebuttal Report Is Not Authorized Under the Scheduling Order .................................................................................................. 1

B.  Plaintiff Concedes Martin's Surrebuttal Report Was Untimely Under Rule 26 ............................................................................................................ 2

C.  Local Rule 7.1 Does Not Apply and, Even If It Did, It Would Bar the Surrebuttal Report ................................................................................................ 4

    1.  Local Rule 7.1 does not apply ................................................................... 4

    2.  Martin's surrebuttal reargues his prior opinions ........................................ 6

    3.  Martin's surrebuttal includes improper new opinions ............................... 6

D.  Martin's Surrebuttal Report Prejudiced Costco ...................................................... 8

i

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*All-Tag Corp. v. Checkpoint Sys., Inc.*,
   408 F. Supp. 3d 1347 (S.D. Fla. 2019) ..................................................................................4

*Colman v. Home Depot USA, Inc.*,
   705 Fed. App'x 949 (11th Cir. 2017) ....................................................................................8

*Dawson v. Carnival Corp.*,
   11-CV-23428, 2012 WL 13013077 (S.D. Fla. June 19, 2012) ..............................................3

*DeMartini v. Town of Gulf Stream*,
   16-81371-CIV, 2017 WL 6366763 (S.D. Fla. Aug. 9, 2017),
   aff'd, 942 F.3d 1277 (11th Cir. 2019) ....................................................................................5

*Diaz v. Carnival Corp.*,
   20-22755-CIV, 2021 WL 1264012 (S.D. Fla. Apr. 5, 2021) ..................................................7

*Everett v. Fine Grinding Corp.*,
   09-5638, 2010 WL 11556828 (E.D. Pa. Dec. 15, 2010) ........................................................3

*Fees v. Zarco*,
   17-20564-CIV, 2017 WL 7345739 (S.D. Fla. Oct. 3, 2017) ..................................................6

*Fox v. Ritz-Carlton Hotel Co., LLC*,
   17-CV-24284, 2022 WL 2717986 (S.D. Fla. July 12, 2022) .................................................7

*Friebel v. Paradise Shores of Bay Cnty., LLC*,
   5:10-CV-120, 2011 WL 2420230 (N.D. Fla. June 13, 2011) .................................................9

*Giglio Sub s.n.c. v. Carnival Corp.*,
   12-21680-CIV, 2012 WL 4477504 (S.D. Fla. Sept. 26, 2012),
   aff'd, 523 Fed. App'x 651 (11th Cir. 2013) ...........................................................................7

*Goncharenko v. Royal Caribbean Cruises, Ltd.*,
   734 Fed. App'x 645 (11th Cir. 2018) ....................................................................................4

*Griffith v. ContextMedia, Inc.*,
   16 C 2900, 2018 WL 372147 (N.D. Ill. Jan. 11, 2018) .....................................................2, 3

*Guevara v. NCL (Bahamas) Ltd.*,
   920 F.3d 710 (11th Cir. 2019) ...............................................................................................1

*Miele v. Certain Underwriters at Lloyd's of London*,
    559 Fed. App'x 858 (11th Cir. 2014) ...................................................................................8

*Miller v. Trans Union, LLC*,
    3:12-CV-1715, 2015 WL 2089965 (M.D. Pa. May 6, 2015).................................................2, 3

*Morrison v. Quality Transports Services, Inc.*,
    474 F. Supp. 2d 1303 (S.D. Fla. 2007) ..................................................................................5

*Romano v. John Hancock Life Ins. Co. (USA)*,
    19-21147-CIV, 2022 WL 1447733 (S.D. Fla. May 9, 2022).....................................................6

*Rubinstein v. Keshet Inter Vivos Tr.*,
    17-61019-CIV, 2018 WL 6446575 (S.D. Fla. Dec. 10, 2018) .................................................8

*Ruiz v. JCP Logistics Inc.*,
    SACV 13-1908, 2015 WL 12696114 (C.D. Cal. June 16, 2015) .........................................2, 3

*Simmons v. Ford Motor Co.*,
    18-CV-81558, 2021 WL 6062633 (S.D. Fla. Dec. 22, 2021)...........................................1, 2, 3

*In re Trasylol Prods. Liab. Litig.*,
    1:09-MD-01928, 2010 WL 4065436 (S.D. Fla. Aug. 6, 2010) ................................................6

*United States Fire Ins. Co. v. Icicle Seafoods, Inc.*,
    C20-401, 2021 WL 3602524 (W.D. Wash. Aug. 13, 2021) ....................................................3

*Wallace v. NCL (Bahamas), Ltd.*,
    271 F.R.D. 688 (S.D. Fla. 2010)...............................................................................................5

*Wherevertv, Inc. v. Comcast Cable Comm'ns, LLC*,
    2:18-CV-529, 2022 WL 4017049 (M.D. Fla. Sept. 4, 2022).....................................................6

*Wreal, LLC v. Amazon.com, Inc.*,
    14-21385-CIV, 2016 WL 8793317 (S.D. Fla. Jan. 7, 2016) ...................................................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16...............................................................................................................................4

Fed. R. Civ. P. 26...................................................................................................................1, 2, 3, 4

Fed. R. Civ. P. 37..........................................................................................................................3, 4

Local Rule 7.1 ...........................................................................................................................4, 5, 6

Martin's Surrebuttal Report was unauthorized, untimely, and contains testimony that is rebuttal in name only. Martin's new opinions are an improper attempt to "fix" the opinions that Plaintiff concedes were incorrect. Allowing Plaintiff to submit these new opinions in connection with class certification effectively modifies the Court's Scheduling Order only as to Plaintiff and would be unfairly prejudicial to Costco. And had Costco sought leave to file a sur-surrebuttal report as Plaintiff suggests, it would only set up a perpetual chain of successive expert reports, which the Scheduling Order was designed to avoid. Costco accordingly requests that Martin's Surrebuttal Report be stricken and Plaintiff be precluded from relying on any opinions in the Surrebuttal Report.

### A. Martin's Surrebuttal Report Is Not Authorized Under the Scheduling Order

Plaintiff does not dispute that this Court's Scheduling Order controls the disclosure of class certification expert witnesses and does not authorize the filing of any surrebuttal report. Nor could he. It is well-established that a party must make expert disclosures, including those of rebuttal experts, at the times and in the sequence that the court orders. *Simmons v. Ford Motor Co.*, No. 18-CV-81558, 2021 WL 6062633, at *2 (S.D. Fla. Dec. 22, 2021) (excluding rebuttal expert report because Scheduling Order did not provide for it, so it was "akin to an unauthorized sur-reply"); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019) (expert witness disclosures must be made in accordance with the Federal Rules and scheduling orders).

In *Simmons*, the court excluded a rebuttal expert report submitted with plaintiff's class certification reply. 2021 WL 6062633, at *2. The court explained that it was untimely under Rule 26 and unauthorized because its scheduling order "did not permit a rebuttal to Defendant's rebuttal experts." *Id*. Similarly, here, the Scheduling Order required Plaintiff to disclose his class certification experts and reports with his motion, and did not provide for a surrebuttal to be filed

with his motion. (Order Resetting Trial Deadlines [Scheduling Order], ECF 57 at 2.) Accordingly, Martin's Surrebuttal Report should be stricken. *Simmons*, 2021 WL 6062633, at *2.

Plaintiff's cited cases confirm the well-established proposition that scheduling orders control class certification expert witness disclosures. For example, in *Ruiz v. JCP Logistics Inc.*, SACV 13-1908, 2015 WL 12696114, at *3, n.2 (C.D. Cal. June 16, 2015), the court declined to strike a class certification expert where the scheduling order did not require expert disclosures before the filing of the class certification motion. Similarly, in *Miller v. Trans Union, LLC*, 3:12-CV-1715, 2015 WL 2089965, at *3 (M.D. Pa. May 6, 2015), the court declined to strike the class certification expert declaration because the case management order did not expressly call for the early disclosure of class certification expert reports. Unlike these cases, the Scheduling Order here set deadlines for each party to disclose their class certification expert witness reports.[1] The Martin Surrebuttal Report therefore is unauthorized and untimely.

### B. Plaintiff Concedes Martin's Surrebuttal Report Was Untimely Under Rule 26

Not only was Martin's Surrebuttal Report untimely under the Scheduling Order, it was also untimely under Rule 26(a)(2)(D)(ii). Plaintiff dismisses his tardiness by arguing that Rule 26(a)(2)(D)(ii) does not apply because Martin is an expert disclosed in support of class certification, and regardless, even if Rule 26 does apply, his admittedly untimely disclosure was

---

[1] Plaintiff's out-of-state case, *Griffith v. ContextMedia, Inc.*, 16 C 2900, 2018 WL 372147 (N.D. Ill. Jan. 11, 2018), is irrelevant. The defendant argued that the class certification expert's declaration was untimely because she was not properly disclosed as an expert under Rule 26(a)(2). The court found Rule 26(a)(2) did not apply to the disclosure of class certification experts whose testimony would not be offered in support of summary judgment or at trial. Here, there is no dispute that Martin's initial report was timely disclosed, as required by the Scheduling Order. And Costco does not contend Martin's Surrebuttal Report violates Rule 26(a)(2)'s general expert disclosure requirements, but rather Rule 26(a)(2)(D)(ii) which pertains to rebuttal evidence. *Simmons*, 2021 WL 6062633, at *2 (finding Rule 26(a)(2)(D)(ii) applies to expert rebuttal reports submitted in support of class certification).

"substantially justified." (Resp. 8-10.) Although Plaintiff is correct that the Eleventh Circuit has not squarely addressed this issue, his dismissal of his obligations under Rule 26 rings hollow.

***First***, the Southern District has rejected identical arguments in the class certification context. The *Simmons* court relied on the plain meaning of Rule 26(a)(2)(D)(ii) in concluding that it applies to class certification expert rebuttal reports. 2021 WL 6062633, at *2. The plain language of the Rule is not limited to trial witnesses, and when viewed in context of Rule 37(c)(1), reveals that "permitting untimely expert testimony to be considered in support of a motion for class certification would be in direct contravention of the text and plain meaning of Rules 26 and 37." *Id*. Plaintiff's single citation to *Dawson v. Carnival Corp*. does not require a different result because that case involved Rule 26(a)(2)(B), which explicitly concerns trial witnesses. 11-CV-23428, 2012 WL 13013077, at *1 (S.D. Fla. June 19, 2012). Plaintiff's out-of-circuit cases suffer from the same flaw and are inapposite.[2]

***Second***, Plaintiff's non-compliance was not justified. He admits that the Surrebuttal Report missed the Rule 26(a)(2)(D)(ii) deadline by 14 days. (Resp. at 10.) Nonetheless, Plaintiff contends without authority that his delay should be excused because (1) Costco's expert Eric Lee was not available for deposition until September 22; (2) Costco filed a corrected class certification opposition on October 3; and (3) the Court extended his briefing deadlines by 14 days. (Resp. at 10.)

---

[2] *Griffith*, 2018 WL 372147, at *2 n.2 (considering whether non-rebuttal witness was properly disclosed under Rule 26(a)(2)); *Ruiz*, 2015 WL 12696114, at *3, n.2 (considering whether non-rebuttal witness was properly disclosed under Rule 26(a) and (e)); *Miller*, 2015 WL 2089965, at *3 (considering Rule 26(a)(2)(D) generally and declining to strike expert witness where scheduling order did not require disclosure prior to briefing); *United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, C20-401, 2021 WL 3602524, at *3 (W.D. Wash. Aug. 13, 2021) (considering whether documents were protected by work product privilege under Rule 26(b)(5)(B); *Everett v. Fine Grinding Corp.*, 09-5638, 2010 WL 11556828, at *3 (E.D. Pa. Dec. 15, 2010) (considering whether affidavit should be excluded for failure to disclose pursuant to Rule 26(a)(1), (2), or 26(e).)

3

None of these constitute the substantial justification required by Rule 37. The burden of showing justification is on the non-disclosing party. *All-Tag Corp. v. Checkpoint Sys., Inc.*, 408 F. Supp. 3d 1347, 1353 (S.D. Fla. 2019). *First*, Lee's deposition was taken seven days before the disclosure deadline. Plaintiff provides no justification as to why Martin could not prepare his Surrebuttal Report in that time, particularly since Lee's testimony was wholly consistent with the opinions in his report. *Second*, Costco's corrected opposition did not add any new information—it only struck certain paragraphs which contained factual inaccuracies that did not affect Lee's opinions or report at all. (ECF 80.) *Finally*, while Plaintiff sought leave to extend his briefing deadlines, he failed to seek leave to file the Surrebuttal Report, and Plaintiff offers no explanation for failing to do so.

### C.  Local Rule 7.1 Does Not Apply and, Even If It Did, It Would Bar the Surrebuttal Report

Plaintiff attempts to make an end-run around this Court's Scheduling Order by characterizing Martin's Surrebuttal Report as simply "rebuttal evidence" submitted pursuant to Local Rule 7.1(c)(1). But his heavy reliance on Local Rule 7.1 is misplaced because it does not control the disclosure of the Surrebuttal Report. Even if it did, the Court should strike the Surrebuttal Report because it contains re-argument and new opinions which are not rebuttal.

#### 1.  Local Rule 7.1 does not apply

Local Rule 7.1 does not control the timing of class certification expert witness disclosures, which are governed by the Court's Scheduling Order and the Federal Rules. *See* Fed. R. Civ. P. 16, 26; *see Goncharenko v. Royal Caribbean Cruises, Ltd.*, 734 Fed. App'x 645, 647 (11th Cir. 2018) (finding no abuse of discretion when district court struck expert witnesses of party that "complied with neither the Federal Rules . . . nor the . . . scheduling order"). Local Rule 7.1 controls

4

the timing of supporting documents, explaining that "materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing." L.R. 7.1(c)(1).

Plaintiff tries to stretch this unremarkable proposition into authority to submit the Surrebuttal Report in contravention of the Scheduling Order and Federal Rules. But none of Plaintiff's cases permit a party to avoid class certification expert witness deadlines in a scheduling order through reliance on Local Rule 7.1. Only one case, *Wallace v. NCL (Bahamas), Ltd.*, 271 F.R.D. 688, 694 (S.D. Fla. 2010), concerns a class certification motion. There, the court considered whether various reply exhibits, including affidavits of 20 putative class members should be considered under Local Rule 7.1; it did not discuss applying Local Rule 7.1 to an unauthorized surrebuttal report from a class certification expert witness. In *Wallace*, the new evidence did not present any new theories or opinions, but instead rebutted the defendant's assertion that the evidence submitted with the motion for class certification was inadequate to satisfy Rule 23. *Id*.

Plaintiff's remaining cases confirm that Local Rule 7.1 only permits a party to submit rebuttal evidence with a reply brief. *DeMartini v. Town of Gulf Stream*, 16-81371-CIV, 2017 WL 6366763, at *14, n.20 (S.D. Fla. Aug. 9, 2017), aff'd, 942 F.3d 1277 (11th Cir. 2019) (considering summary judgment reply material because it rebutted arguments raised in the response brief and did not raise new issues); *Morrison v. Quality Transports Services, Inc.*, 474 F. Supp. 2d 1303, 1314 (S.D. Fla. 2007) (denying motion to strike reply summary judgment affidavits under a prior version of Local Rule 7.1 because they were proper rebuttal). In contrast, Martin's Surrebuttal Report extends beyond rebuttal, rearguing points and offering entirely new opinions not confined to rebutting Costco's opposition. Even if this Court construes Local Rule 7.1 as controlling the disclosure of class certification expert reports, the Surrebuttal Report still violates the Local Rule because it is not proper rebuttal testimony.

### 2. Martin's surrebuttal reargues his prior opinions

Under Rule 7.1, a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition *without reargument of matters* covered in the movant's initial memorandum of law because it is not confined to issues on rebuttal." L.R. 7.1(c)(1) (emphasis added); *see Fees v. Zarco*, 17-20564-CIV, 2017 WL 7345739, at *1 (S.D. Fla. Oct. 3, 2017) (striking sur-reply as improper under Local Rule 7.1 because it "attempt[ed] to reiterate [plaintiffs'] earlier arguments").

Plaintiff admits that much of Martin's Surrebuttal Report is similar to the content of Martin's initial Expert Report. (Resp. at 11 ("the arguments made in the Martin Surrebuttal were addressed in Plaintiff's opening brief"), 13.) The Surrebuttal Report retreads and seeks to bolster much content set forth in Martin's Expert Report. For example, Martin re-asserts that he can use transaction data to accurately identify class members and damages (Sur. Rpt. ¶¶2, 9, 16, 22), explains that writing a computer program to find patterns in transactions is "standard method" in the scientific community (Sur. Rpt. ¶15), and recounts his qualifications (Sur. Rpt. ¶¶4, 5). To the extent that the Surrebuttal Report reargues his Expert Report, it should be stricken. L.R. 7.1(c)(1); *see Wherevertv, Inc. v. Comcast Cable Comm'ns, LLC*, 2:18-CV-529, 2022 WL 4017049, at *3 (M.D. Fla. Sept. 4, 2022) (explaining that rebuttal opinions should not provide additional support of case in chief).

### 3. Martin's surrebuttal includes improper new opinions

The Surrebuttal Report also contains new opinions that are not proper rebuttal. "Rebuttal testimony is permitted only when it directly addresses an assertion raised by an opponent's experts." *In re Trasylol Prods. Liab. Litig.*, 1:09-MD-01928, 2010 WL 4065436, at *2 (S.D. Fla. Aug. 6, 2010). An expert's report is improperly classified as "rebuttal" when it does not rebut, but instead presents new or "better" theories. *Romano v. John Hancock Life Ins. Co. (USA)*, 19-21147-

6

CIV, 2022 WL 1447733, at *36 (S.D. Fla. May 9, 2022); *see also Wreal, LLC v. Amazon.com, Inc*., 14-21385-CIV, 2016 WL 8793317, at *3 (S.D. Fla. Jan. 7, 2016) (rebuttal testimony cannot "advance new arguments or new evidence" or "offer[ ] separate and distinct analysis"); *see Diaz v. Carnival Cor*p., 20-22755-CIV, 2021 WL 1264012, at *2 (S.D. Fla. Apr. 5, 2021) (granting in part motion to strike rebuttal report because it included opinions "that are nowhere to be found in Plaintiff's expert reports"). A party also cannot raise new opinions and facts on reply "if no good reason exists for why the party could not have introduced the facts in its original motion." *Giglio Sub s.n.c. v. Carnival Corp*., 12-21680-CIV, 2012 WL 4477504, at *2 (S.D. Fla. Sept. 26, 2012), aff'd, 523 Fed. App'x 651 (11th Cir. 2013); *Fox v. Ritz-Carlton Hotel Co., LLC*, No. 17-CV-24284, 2022 WL 2717986 at *4 (S.D. Fla. July 12, 2022) (reply may not raise new arguments or evidence where they were available when the motion was filed and the movant was aware or should have been aware of the evidence) (*citing Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1181 (S.D. Fla. 2015)). In sum, rebuttal testimony cannot be used to rehabilitate an expert's prior opinion—exactly what Plaintiff seeks to do.

In support of Plaintiff's new class definitions Martin (1) presents a modified theory of analysis of Costco's transactional information (Sur. Rpt. ¶¶18, 19, 21); (2) changes the manner in which he identifies putative class members (Sur. Rpt. ¶ 21); and (3) changes his calculation of Plaintiff's alleged damages (Sur. Rpt. ¶ 21). Plaintiff argues that these opinions are not new because Martin included an escape hatch in his Expert Report, noting that he could amend his program to "align with the modified theory" of the case. (Resp. at 5; Martin Rpt. ¶27.) As such, Plaintiff argues that Martin's opinions rebut Costco's argument that he cannot use his computer program to identify putative class members or calculate their damages. (Resp. at 5.) But Martin does not merely show he can amend his program. His testimony presents new opinions and a modified theory of analysis of Costco's data. (Sur. Rpt. ¶¶18, 19, 21.) For example, rather than

7

rebutting Lee's criticism that he failed to consider factors such as battery group number and compatibility when analyzing Costco's data, Martin concedes his error and opines on entirely new inputs and methods. (Sur. Rpt. ¶¶18, 19, 21.) Martin's new opinions are attempts to rehabilitate the flaws in his first report based on facts available to him all along, e.g., that a battery cannot serve as a "replacement" unless it is compatible with the original battery. The Court should strike the Surrebuttal Report because it presents new opinions and testimony.

### D. Martin's Surrebuttal Report Prejudiced Costco

Plaintiff argues that regardless of whether Martin's Surrebuttal Report was unauthorized, untimely, or confined to proper rebuttal, it should not be stricken because Costco experienced no prejudice. Plaintiff is wrong.

*First*, Plaintiff asserts that there is no prejudice because "the arguments made in the Martin Surrebuttal were addressed in Plaintiff's opening brief." (Resp. at 11.) As discussed above, the Martin Surrebuttal Report expresses *new* opinions. This is fundamentally distinct from the cases cited by Plaintiff. In *Miele v. Certain Underwriters at Lloyd's of London*, 559 Fed. App'x 858, 862 (11th Cir. 2014) the Eleventh Circuit affirmed the trial court's denial of motion to strike an expert's untimely declaration where it was undisputed that all the information and opinions in the expert's declaration had been previously disclosed through discovery and the expert's timely report. In *Colman v. Home Depot USA, Inc*., 705 Fed. App'x 949, 951 (11th Cir. 2017), the Eleventh Circuit affirmed an order denying a motion for new trial based on failure to exclude defendant's expert witness testimony. Although the district court permitted the expert to testify regarding medical information not discussed in his initial report, the court excluded two supplemental reports in which the expert opined that his "conclusions remained unchanged" based on the new materials. *Id*. at 952. The court distinguished the untimely supplemental reports from the expert's testimony and explained that the expert's testimony as to the diagnostic films and reports was not prejudicial

8

because the defendant had disclosed that the expert would rely on "all . . . tests and scans," and the plaintiff had the new tests and scans in his possession. *Id*. Finally, in *Rubinstein v. Keshet Inter Vivos Tr.*, 17-61019-Civ, 2018 WL 6446575, at *3 (S.D. Fla. Dec. 10, 2018), the court declined to strike an untimely rebuttal expert report and found no prejudice because the plaintiffs prevailed on their motion *despite* the untimely submission of the rebuttal expert report.

**Second**, Plaintiff argues that Costco was not prejudiced because it could have (1) sought leave to file a sur-reply and (2) deposed Martin a second time. (Resp. at 12-13.) Plaintiff essentially asks that this Court permit the parties to engage in a continuous stream of expert witness discovery, permitting endless "rebuttal" reports, depositions, and briefing on class certification. Such an approach is disfavored by courts in this Circuit. *See Friebel v. Paradise Shores of Bay Cnty., LLC*, 5:10-CV-120, 2011 WL 2420230, at *2 (N.D. Fla. June 13, 2011) (explaining that permitting supplementation whenever a party seeks to bolster an expert witness opinion "would reek [sic] havoc in docket control and amount to unlimited expert opinion preparation"). Plaintiff ignores that this Court has scheduled his class certification motion, and the parties' *Daubert* motions for hearing on December 12, 2022. (ECF 90.) Plaintiff's proposed course of action would jeopardize that hearing, encouraging the parties to seek leave for sur-replies, sur-sur replies, etc.

**Lastly**, Plaintiff's assertions that Costco could have taken Martin's deposition a second time to rehabilitate his own tardy disclosures is unavailing. Plaintiff's assertion that class certification expert witness discovery was open until November 10, 2022 is in conflict with a plain reading of the Scheduling Order, which parsed merits-phase discovery from class certification by: (1) requiring the parties to disclose "class certification expert(s) and report(s)" on August 29, 2022 and September 29, 2022, respectively; (2) establishing October 28, 2022 as the deadline for the

9

parties to exchange merits phase "rebuttal expert witness summaries or reports";[3] and, (3) providing that "<u>All</u> discovery, including expert discovery, shall be completed" by November 10, 2022. (ECF 57). Moreover, even if the Scheduling Order permitted Costco to re-depose Martin, Plaintiff ignores the cost, burden, and delay that this second deposition and sur-reply briefing would impose upon Costco and this litigation. *See Friebel*, 2011 WL 2420230, at *2.

**DATED** this 21st day of November 2022.   Respectfully Submitted,

<u>/s/ Johanna E. Sheehe</u>
Phillip J. Sheehe (Fla. Bar. No. 259128)
Johanna E. Sheehe (Fla. Bar. No. 0119383)
SHEEHE & ASSOCIATES, P.A.
9830 Southwest 77th Avenue, Suite 215
Miami, Florida 33156
Telephone: (305) 379-3515
Facsimile: (305) 379-5404
Email: psheehe@sheeheandassociates.com
          jsheehe@sheeheandassociates.com
          e-filing@sheeheandassociates.com

Purvi G. Patel (*pro hac vice*)
Wendy J. Ray (*pro hac vice*)
Zachary Maldonado (*pro hac vice*)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892.5383
Facsimile: (213) 892.5454
Email: ppatel@mofo.com
          wray@mofo.com
          zmaldonado@mofo.com

***Attorneys for Defendant***
***Costco Wholesale Corporation***

---

[3] Plaintiff complains about Lee's merits-phase report, but that complaint is meritless. Costco intends to rely on Lee to rebut Martin in the merits phase, if Plaintiff will offer Martin at trial, and therefore prepared a merits rebuttal report in compliance with the Scheduling Order.

10

SF-4977858

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served upon the following, either via transmission of Notices of Electronic Filing generated by CM/ECF or by E-mail and U.S. Mail for those counsel or parties who are not authorized to receive electronic notice on this 21st day of November, 2022:

| | |
|---|---|
| Jason H. Alperstein | Steven G. Calamusa |
| Jeff Ostrow | Rachel A. Bentley |
| Kristen Lake Cardoso | Geoffrey Stahl |
| KOPELOWITZ OSTROW FERGUSON | Daniel G. Williams |
| WEISELBERG GILBERT | Robert E. Gordon |
| 1 W. Las Olas Blvd., Suite 500 | GORDON & PARTNERS, P.A. |
| Fort Lauderdale, Florida 33301 | 4114 Northlake Boulevard |
| Telephone: (954) 525-4100 | Palm Beach Gardens, FL 33410 |
| Facsimile: (954) 525-4300 | Telephone: (561) 799-5070 |
| Email: alperstein@kolawyers.com | Facsimile: (561) 799-4050 |
| ostrow@kolawyers.com | E-mail: scalamusa@fortheinjured.com |
| cardoso@kolawyers.com | rbentley@fortheinjured.com |
| | gstahl@fortheinjured.com |
| | dwilliams@fortheinjured.com |
| | rgordon@fortheinjured.com |

*Counsel for Plaintiff and the Proposed Classes*

/s/ Johanna E. Sheehe
**Attorney for Defendant**
**Costco Wholesale Corporation**