UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80826-CIV-CANNON/Reinhart

**JOHN SKRANDEL**,

      Plaintiff,
v.

**COSTCO WHOLESALE CORPORATION**,

      Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S UNOPPOSED MOTION TO FILE UNDER SEAL

**THIS CAUSE** comes before the Court upon Plaintiff's Unopposed Motion to File Motion for Class Certification Under Seal (the "Motion") [ECF No. 115], filed on February 9, 2023. Following review, the Motion is **GRANTED IN PART AND DENIED IN PART**.

\*\*\*

On February 9, 2023, Plaintiff filed his Motion for Class Certification [ECF No. 114] with an accompanying unopposed Motion to Seal portions of the Motion for Class Certification [ECF No. 115]. In the Motion to Seal, Plaintiff seeks to shield from public view the following information: (1) portions of Plaintiff's motion for class certification identifying the name of Costco's data system; (2) portions of Peter Hesketh's deposition testimony that "details and references the capabilities and functionality of Costco's data systems"; (3) portions of Costco's Refund Manual; (4) portions of the Expert Report of Bo Martin containing "references to the name of Costco's data systems, or the particular field names in that data system"; and (5) the entirety of the Microsoft Excel spreadsheets that contain Costco's transactional data related to "its members' purchases and returns of the Interstate Batteries, as well as their subsequent battery purchases"

[ECF No. 115 p. 3].

The Court "[has] discretion to determine which portions of the record should be placed under seal, but [that] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "The common law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); S.D. Fla. L.R. 5.4(a) ("Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record."). The presumption of public access may be overcome only "by a showing of good cause," which requires balancing "the public interest in accessing court documents against a party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246. In balancing those interests, courts "consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

Upon careful review of Plaintiff's Motion [ECF No. 115], the Court reaches the following conclusion as to each of the subject materials requested to be sealed. For the reasons stated in the Court's prior Order [ECF No. 66], Plaintiff has met its burden with respect to sealing: (1) the portion of Plaintiff's motion for class certification that includes the name of Costco's data system [ECF No. 115 p. 3]; (2) the limited portions of Peter Hesketh's deposition testimony requested to be redacted [ECF No. 115 p. 3]; (3) the portions of Costco's refund manual, disclosure of which

"would give Costco's competitors an unfair advantage" [ECF No. 115 p. 3]; and (4) portions of Bo Martin's Expert Report containing "references to the name of Costco's data systems, or to the particular field names in that data system" [ECF No. 115 p. 3].

Plaintiff has not borne his burden, however, to shield from public view the entirety of the Microsoft Excel spreadsheets produced by Defendant, which are described as containing "Costco's transactional data related to its member; purchases and returns of the Interstate Batteries, as well as their subsequent battery purchases" [ECF No. 115 p. 3].  Plaintiff may redact any member personal information contained within the spreadsheets, including names, dates of birth, addresses, and similar personal identifying information.  Plaintiff's request is denied, however, to the extent that it seeks to seal unspecified "transactional data" or other "confidential information" that does not specifically contain members' personal identifying information.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Unopposed Motion to File Motion for Class Certification Under Seal [ECF No. 115] is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's Motion for Class Certification [ECF No. 114] is **DENIED WITHOUT PREJUDICE** to be refiled in a more narrowly redacted form as set forth in this Order.

3. Plaintiff's renewed motion for class certification and exhibits shall be **REFILED** on or before **February 20, 2023**, in the following manner:

   a. Plaintiff's motion for class certification shall be filed in **REDACTED** form, redacting only the name of Costco's data system [ECF No. 115 p. 3] and using **12-point Times New Roman typeface that is double-spaced and fully justified**.

   b. Any Motion for leave to file an overlength motion should explain the need for

       additional pages and be filed at least three days' in advance in advance of the filing deadline.

    c. Excerpts from the Deposition of Peter Hesketh shall be filed in **REDACTED** form, redacting only the references to capabilities and functionality of Costco's data system [ECF No. 115 p. 3].

    d. The Costco Refund Manual shall be filed in **REDACTED** form, redacting only the portions of the manual that would given Costco's competitors an unfair advantage [ECF No. 115 p. 3].

    e. The Expert Report of Bo Martin shall be filed in **REDACTED** form, redacting only those portions that specifically identify the name of Costco's data systems and particular field names with that system [ECF No. 115 p. 3].

    f. The Microsoft Excel spreadsheets produced by Defendant in this matter (Bates Costco 181–283; Costco 1358–1392; Costco 1438–1443; and Costco 1444–1455) shall be provided to the Clerk of Court in accordance with Local Rule 5.3(b)(3) [ECF No. 115 p. 3]. Plaintiff may redact only the portions of the Excel spreadsheets that contain members' personal identifying information, such as names, dates of birth, and addresses. The remainder of the spreadsheets must be filed in **UNREDACTED** form.

    g. All other exhibits to Plaintiff's motion for class certification shall be filed in **UNREDACTED** form.

4. Additionally, on or before **February 20, 2023**, Plaintiff shall **FILE UNDER SEAL** unredacted versions of only the following exhibits, and those exhibits shall remain under seal until further Order of the Court:

CASE NO. 21-80826-CIV-CANNON/Reinhart

      a. Plaintiff's Motion for Class Certification [ECF No. 114];

      b. The Costco Refund Manual

      c. Excerpts from the Deposition of Peter Hesketh;

      d. The Expert Report of Bo Martin; and

      e. The Microsoft Excel spreadsheets produced by Defendant in this matter (matter (Bates Costco 181–283; Costco 1358–1392; Costco 1438–1443; and Costco 1444–1455).

5. Defendant's deadline to file a response to the forthcoming Motion for Class Certification remains **March 23, 2023** [ECF No. 110].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of February 2023.

                                              **AILEEN M. CANNON**
                                              **UNITED STATES DISTRICT JUDGE**

cc: counsel of record