**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 9:21-CV-80826-AMC Cannon/Reinhart

| | | |
|---|---|---|
| JOHN SKRANDEL, individually and on behalf of all others similarly situated, | ) ) ) ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| COSTCO WHOLESALE CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT COSTCO WHOLESALE CORPORATION'S OPPOSITION**
**TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................ 1

II.   SUMMARY OF THE ARGUMENT ............................................................... 1

III.  RELEVANT FACTUAL BACKGROUND .................................................... 3

    A.    The Interstate-Branded Batteries At Issue ............................................ 3

    B.    The Limited Warranty and "Free Replacement" Policy ........................ 3

    C.    The Transactional Data and Member "Return" Behavior ...................... 4

    D.    The Errors in Plaintiff's Transactions, Including One in His Favor ..................... 4

IV.  LEGAL STANDARD ...................................................................................... 5

V.   ARGUMENT .................................................................................................... 5

    A.    Plaintiff's Proposed Classes are Not Ascertainable ............................... 6

        1.    Plaintiff's proposed classes are over-inclusive and include members who were not injured ............................................... 6

              a.    Martin again selects either the wrong "original" or "replacement" purchase ................................... 7

              b.    Martin again fails to assess timing of return and "replacement" transactions ................................. 7

              c.    Martin mishandles duplicate transactions ...................................... 8

              d.    Martin's analysis does not, and cannot, determine whether Costco made members whole through other means ..................... 9

              e.    Martin once again fails to factor in the limitations period ............ 9

              f.    Martin does not account for warranty requirements ..................... 9

        2.    Plaintiff's proposed classes are fatally under-inclusive ........................... 10

    B.    Plaintiff Cannot Satisfy Requirements of Rule 23(a) .......................... 10

        1.    Plaintiff's proposed classes lack commonality ........................................ 10

        2.    Plaintiff is neither typical nor adequate .................................................... 11

    C.    Individual Issues Predominate on All of Plaintiff's Claims ................. 12

        1.    Whether the household made a warranty-related return ........................... 13

        2.    Whether the household made a true "replacement" purchase ................. 14

        3.    Whether Costco made members whole through other means ................. 14

        4.    Whether the warranty requirements were satisfied .................................. 14

        5.    Plaintiff's FDUTPA claim requires individualized proof ........................ 15

        6.    Plaintiff's breach of warranty claims require individualized proof ......... 16

# TABLE OF CONTENTS
(continued)

                                                                              **Page**

      7.    Plaintiff's unjust enrichment claim requires individualized proof .......... 17

      8.    Plaintiff cannot certify a nationwide "unjust enrichment" class.............. 18

    D.    Class Treatment Is Not Superior ......................................................................... 19

VI.    CONCLUSION............................................................................................................. 20

sf-5477787

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co*.,
    938 F.3d 1170 (11th Cir. 2019) .......................................................................10

*Alaska Sales & Serv., Inc. v. Millet*,
    735 P.2d 743 (Alaska 1987)..............................................................................19

*Alhassid v. Bank of Am., N.A.*,
    307 F.R.D. 684 (S.D. Fla. 2015) .......................................................................20

*Babineau v. Fed. Exp. Corp.*,
    576 F.3d 1183 (11th Cir. 2009) .......................................................................13

*Brown v. Electrolux Home Prods., Inc.*,
    817 F.3d 1225 (11th Cir. 2016) .........................................................................5

*Bussey v. Macon Cnty. Greyhound Park, Inc.*,
    562 F. App'x 782 (11th Cir. 2014) ...................................................................6

*Carriuolo v. GM Co*.,
    823 F.3d 977 (11th Cir. 2016) .........................................................................16

*Cherry v. Dometic Corp.*,
    986 F.3d 1296, 1304 (11th Cir. 2021) ...............................................................6

*Cleveland Clinic Fla. v. Children's Cancer Caring Ctr., Inc.*,
    274 So. 3d 1102 (Fla. Dist. Ct. App. 2019) ......................................................9

*Cnty. of Monroe, Fla. v. Priceline.com, Inc.*,
    265 F.R.D. 659 (S.D. Fla. 2010).......................................................................17

*Davis v. Powertel, Inc*.,
    776 So. 2d 971 (Fla. 1st DCA 2000) ................................................................16

*Deere Constr., LLC v. CEMEX Constr. Materials Fla., LLC*,
    No. 15-CV-24375-CIV, 2016 WL 8542540 (S.D. Fla. Dec. 1, 2016)....................15

*Dyer v. Publix Super Markets, Inc.*,
    No. 97-2706-CIV-T25E, 2000 WL 33339613 (M.D. Fla. 2000) ...........................12

*Fitzpatrick v. Gen. Mills, Inc.*,
    263 F.R.D. 687 (S.D. Fla. 2010),
    *vacated on other grounds*, 635 F.3d 1279 (11th Cir. 2011) ..................................16

*Golden v. Woodward*,
  15 So. 3d 664 (Fla. Ct. App. 2009) ........................................................................19

*Hummel v. Tamko Bldg. Prods., Inc.*,
  303 F. Supp. 3d 1288 (M.D. Fla. 2017) ...................................................................17

*In re Checking Account Overdraft Litig.*,
  307 F.R.D. 630 (S.D. Fla. 2015) ..............................................................................19

*In re Checking Acct. Overdraft Litig.*,
  286 F.R.D. 645 (S.D. Fla. 2012) ..............................................................................18

*James D. Hinson Elec. Contracting Co. v. BellSouth Telecomm., Inc.*,
  275 F.R.D. 638 (M.D. Fla. 2011) .............................................................................18

*JWD Auto., Inc. v. DJM Advisory Grp. LLC*,
  218 F. Supp. 3d 1335 (M.D. Fla. 2016) ...................................................................20

*Karhu v. Vital Pharmaceuticals, Inc.*,
  No. 13–60768–CIV, 2014 WL 815253 (S.D. Fla. Mar. 3, 2014) ............................18

*Klay v. Humana, Inc.*,
  382 F.3d 1241 (11th Cir. 2004) ...............................................................................18

*Kunzelmann v. Wells Fargo Bank, N.A.*,
  No. 9:11-cv-81373-DMM, 2013 WL 139913 (S.D. Fla. Jan. 10, 2013) ...................16, 18, 19

*Lech v. State Farm Life Ins. Co.*,
  No. 8:19-cv-2983-T-35TGW, 2021 WL 1307610 (M.D. Fla. Feb. 23, 2021) ..........9

*LeFeber v. Johnson*,
  351 Mont. 75 (Mont. 2009) ......................................................................................18

*Little v. T-Mobile USA, Inc.*,
  691 F.3d 1302 (11th Cir. 2012) ...............................................................................5

*Mantiply v. Mantiply*,
  951 So. 2d 638 (Ala. 2006) .......................................................................................18

*Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*,
  287 P.3d 842 (Colo. 2012) (en banc) .......................................................................19

*MSP Recovery Claims, Series LLC v. Atlantic Specialty Ins. Co.*,
  No. 6:20-cv-553-RBD-EJK, 2021 WL 6750961 (M.D. Fla. Dec. 29, 2021),
  *reconsideration denied*, 2022 WL 738832 (M.D. Fla. Feb. 15, 2022) ...................20

*Muzuco v. Re$ubmitIt, LLC*,
  297 F.R.D. 504 (S.D. Fla. 2013) ..............................................................................18

-iv-

*O'Neill v. The Home Depot U.S.A., Inc.*,
    243 F.R.D. 469 (S.D. Fla. 2006) ..........................................................................................11

*Ohio State Troopers Ass'n v. Point Blank Enters.*,
    481 F. Supp. 3d 1258 (S.D. Fla. 2020),
    *aff'd*, No. 20-13588, 2021 WL 4427772 (11th Cir. Sept. 27, 2021) ...................................6

*Orsini v. Commercial Nat'l Bank*,
    6 Ark. App. 166 (1982) .......................................................................................................18

*Padilla v. Porsche Cars N. Am., Inc.*,
    No. 18-24988-CIV-MORENO, 2020 WL 1472301 (S.D. Fla. Mar. 26, 2020) .......................9

*Perez v. Metabolife Int'l, Inc.*,
    218 F.R.D. 262 (S.D. Fla. 2003) ...............................................................................6, 12, 20

*Prado–Steiman v. Bush*,
    221 F.3d 1266 (11th Cir. 2000) .........................................................................................11

*Royal Typewriter Co. v. Xerographic Supplies Corp.*,
    719 F.2d 1092 (11th Cir. 1983) .........................................................................................16

*Rutstein v. Avis Rent–A–Car Sys., Inc.*,
    211 F.3d 1228 (11th Cir.2000) ..........................................................................................13

*Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*,
    601 F.3d 1159 (11th Cir. 2010) ..............................................................................13, 16, 19

*Simmons v. Ford Motor Co.*,
    592 F. Supp. 3d 1262 (S.D. Fla. 2022) ................................................................................6

*Singer v. AT & T Corp.*,
    185 F.R.D. 681 (S.D. Fla. 1998) .........................................................................................19

*In re Terazosin Hydrochloride*,
    220 F.R.D. 672 (S.D. Fla. 2004) .........................................................................................19

*Townhouse Rest. of Oviedo, Inc. v. NuCO2, LLC*,
    No. 2:19-CV-14085-ROSENBERG/MAYNARD,
    2020 WL 5440581 (S.D. Fla. Sept. 9, 2020) .......................................................................15

*TransUnion LLC v. Ramirez*,
    141 S.Ct. 2190 (2021) ..........................................................................................................6

*Vega v. T–Mobile USA, Inc.*,
    564 F.3d 1256 (11th Cir. 2009) ................................................................................. *passim*

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ...................................................................................................5

*Walewski v. Zenimax Media, Inc.*,
    502 F. App'x 857 (11th Cir. 2012) ...........................................................................6

**Statutes**

Fla. Stat. § 627.607 ...........................................................................................................17

**Other Authorities**

Fed. R. Civ. P. 23 ...............................................................................................................5

Fed. R. Civ. P. 23(a) ..................................................................................................2, 5, 11

Fed. R. Civ. P. 23(a)(4) .....................................................................................................12

Fed. R. Civ. P. 23(b) ...........................................................................................................5

Fed. R. Civ. P. 23(b)(3) ...............................................................................................13, 19

Return of Dead Battery for Warranty Refund to Costco? How?
    https://forums.redflagdeals.com/return-dead-battery-warranty-refund-costco-
    how-2460457/ ...........................................................................................................15

sf-5477787

## I.     INTRODUCTION

At the hearing on Plaintiff's first class certification motion, Plaintiff promised the Court that his expert Bo Martin could "rectify" the significant errors Costco identified in his automated analysis by "modify[ing] his scripts."[1] Plaintiff has not delivered. Martin again fails to reliably identify an ascertainable class and calculate class damages. While Martin may have corrected his more obvious errors, he still gets just under one of every five wrong, showing that he is unable to fix his program. This confirms what Costco demonstrated last year: Plaintiff cannot rely on an automated analysis to certify his proposed classes.

More fundamentally, Plaintiff's claim that Costco had a "scheme" to offer, but not provide, a free replacement battery is baseless. Plaintiff acknowledges, but obscures, that for Interstate batteries with "free replacement" labels, Costco's policy has been (and is) to provide its members with a free replacement for a defective battery under warranty. As part of its commitment to high member satisfaction, Costco did not test the batteries for defects before providing a free replacement. Plaintiff has known Costco's policy since July 2021, and as Costco has explained, an error led to Plaintiff paying $2.00 for his replacement battery.[2] Indeed, Martin has identified more than 1.5 million households with a return that is not tied to a damage. The Court should not permit Plaintiff to convert a limited and sporadic customer service issue into a federal, nationwide class action. For the reasons set forth herein, Costco respectfully requests that the Court deny Plaintiff's motion for class certification.

## II.     SUMMARY OF THE ARGUMENT

**Plaintiff's proposed classes are not ascertainable.** Martin's analysis contains repeat errors that result in both fatally over- and underinclusive "classes." His automated analysis:

---

[1] (Declaration of Purvi G. Patel ("Patel Dec.") ¶6, Ex. E at 29:17-30:14.)
[2] (ECF 23 ("Answer") ¶¶1, 2, 6, 25, 30, 32, 33, Fifth & Sixth Affirmative Defenses.)

sf-5477787

(i) includes returns outside the class period; (ii) incorrectly categorizes "original" and "replacement" purchases; (iii) fails to consider the timing of a return or a purported "replacement" purchase; (iv) commits duplication errors resulting in inflated damages; (v) cannot account for instances when Costco made members whole through means not reflected in the transactional data; and (vi) cannot assess whether the warranty requirements were satisfied.

**Plaintiff fails to establish commonality, typicality, and adequacy, and individual issues predominate.** The idiosyncrasies in Costco member transactions raise questions to which Plaintiff cannot provide common answers, and demonstrate that Plaintiff is not typical of the members he seeks to represent and is not adequate to represent their interests. Individualized inquiries further preclude certification: (i) whether a return was for a "regular" non-warranty reason; (ii) whether the "replacement" purchase was really a purchase of a new battery (such as for a second vehicle); (iii) whether Costco made members whole if there was an error; and (iv) whether the warranty requirements were satisfied. These questions show that this case is not "simple" as Plaintiff claims, and the data alone cannot provide the answers. Plaintiff's attempts to recast these questions as merits issues ring hollow. Plaintiff has not (and cannot) show that he can answer these questions on a classwide basis. Each of the claims Plaintiff seeks to certify require individualized proof and are thus ill-suited for class treatment. Moreover, Plaintiff cannot certify a nationwide unjust enrichment class given the nuances in state law.

**Class treatment is not superior, and Plaintiff's proposed classes are fail-safe.** Plaintiff has failed to propose a required trial plan to address the myriad individualized issues that arise from using the data to identify class members. Moreover, Plaintiff seeks to certify impermissibly fail-safe classes that require finding that each member was damaged by Costco's purported failure to provide a "free replacement." Plaintiff cannot front-end such a merits determination at the class certification stage.

2

## III.   RELEVANT FACTUAL BACKGROUND

### A.   The Interstate-Branded Batteries At Issue

This case involves Interstate-branded automotive and recreational (*i.e.*, marine/RV, golf cart, and lawn and garden) batteries with "free replacement" on the label. (ECF No. 1. ¶1, n.1.) Costco sold these batteries from approximately August 2014 through December 2019. (Patel Dec. Ex. C 36:4-20, 44:5-22.) The batteries have an industry-standard Group size, which, along with the battery technology (*e.g.*, Absorbed Glass Mat versus standard flooded batteries), determine which batteries can "replace" one another. (Declaration of Robert Moyer ("Moyer Dec.") ¶¶4-5.)

### B.   The Limited Warranty and "Free Replacement" Policy

Contrary to Plaintiff's assertion, there is no "Free Replacement Warranty." There is the Costco Battery Warranty (a Limited Warranty) modified by the words "free replacement" on the Interstate battery labels. The warranty provides: "If there is a defect in material or workmanship (not merely the battery being discharged) . . . , the battery will be replaced or the purchase price refunded, excluding fees and taxes." (Mot., Ex. H, ECF 114.) Though the warranty only applies to defective batteries, Costco accepts all batteries for return during the warranty period. (Patel Dec. Ex. A 82:5-15.) This warranty is effective "for the battery's designated warranty period or for as long as it remains in the vehicle in which originally installed, whichever is shorter"—that is, the warranty is voided if the battery is used in a different vehicle than the one in which it was originally installed. (Mot., Ex. H.) The warranty period was 6, 12, 18, 30, 36, or 42 months depending on the type of battery (automotive or recreational), and, typically 36 or 42 months for automotive batteries, depending on the location of purchase. (Patel Dec. Ex. C 69:1-14; Moyer Dec. ¶8.)

If a member returns an in-warranty Interstate battery with "free replacement" on the label, pursuant to Costco's policy, "the battery will be replaced or the purchase price refunded, excluding fees and taxes." (Mot., Ex. H; Patel Dec. Ex. A 92:23-93:11; Ex. B 32:7-23; Ex. C 33:19-34:9.) If

sf-5477787

the battery has increased in price, Costco instructs its employees to refund the original price and adjust the new price down to match the refund amount. (*Id*.) Costco's member-friendly approach means that if a mistake is made, Costco empowers its employees to address the issue in a variety of ways, including by providing the member with a refund, cash back, or a Costco Shop Card to cover the price differential. (Patel Dec. Ex. A 123:8-14, 63:24-25, 64:1-7.) These methods of making a member whole are often not tracked in Costco's transaction records in a way that is linked to the member's battery transaction. (Berndt Dec. ¶¶3-4, Ex. A.) In other words, a member who appears from the data to have been charged something for a replacement battery may well have been made whole separately by receipt of a refund, cash, or Shop card.

### C.     The Transactional Data and Member "Return" Behavior

Costco processes battery return and purchase transactions as two separate transactions. (Patel Dec. Ex. A 93:16-25.) As such, Costco's data shows purchases, returns, and voids, but does not link a return or void with a "replacement" purchase. (Declaration of Eric Lee ¶3, Ex. 1 [Expert Report of Eric Lee ("Lee Rpt.")] ¶¶26-27; Patel Dec. Ex. A 93:16-25.) These transactions cannot be linked in an automated way because members do not return batteries and purchase replacements in a uniform manner. (Moyer Dec. ¶6.) Some members return first and replace second, while others replace first and return second. (*Id*.) Members may do so on the same day or different days, but generally make returns and purchase replacements within a few days of one another. (*Id*.) Members also may return a battery and not make a replacement purchase, or return a battery for reasons unrelated to the warranty, such as when members purchase the wrong battery or a battery they did not need, and decide not to make another purchase at that time.

### D.     The Errors in Plaintiff's Transactions, Including One in His Favor

On December 19, 2017, Plaintiff purchased an automotive battery bearing a "free replacement" label with a 36-month warranty for $72.99 from a Florida Costco warehouse.

4

(ECF 1 ¶¶26, 27.) Just as the 36 months were coming to an end, on November 30, 2020, Plaintiff returned the battery and purchased a replacement. (*Id.*, ¶30.) He was erroneously refunded $76.99 for his original purchase—$4.00 ***more*** than his original purchase price. (*Id.* ¶33, n.2.) He then was erroneously charged $78.99 for his replacement battery. (*Id.*, ¶¶30-33.)

## IV.    LEGAL STANDARD

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348, (2011) (citations omitted). "The party seeking class certification bears the burden of proof." *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016)). Plaintiff must first satisfy threshold requirements of standing and ascertainability. *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). Then, to justify departure from the "usual rule," Plaintiff must prove by a preponderance of the evidence all four Rule 23(a) requirements (numerosity, commonality, typicality, and adequacy) are satisfied. Rule 23(b) further requires Plaintiff to establish that common questions of fact or law predominate and that the class action is superior to other methods of adjudication. "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350 (emphasis in original). "A district court must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009) (citation omitted).

## V.    ARGUMENT

To be a part of Plaintiff's proposed nationwide and Florida classes, individuals must have (1) purchased a "free replacement" battery (the "original purchase"); (2) made an in-warranty return of the "free replacement" battery; and (3) purchased a "replacement" battery and incurred

sf-5477787

an out-of-pocket cost (the "replacement purchase"). (Mot. at 2.) Plaintiff's expert, Martin, limits a "replacement purchase" to a battery with the same item number as the original purchase, or a battery with a different item number but the same group number as the original purchase. (Mot. Ex. J [Martin Report ("Martin Rpt.")] at ¶26].)   Despite a do-over, Martin fails to accurately identify class members and quantify their damage, as evidenced by the ***18.7% error rate*** in Martin's automated analysis. (Lee Rpt. ¶6.)

### A.      Plaintiff's Proposed Classes are Not Ascertainable

Before a court may certify a class, a plaintiff must establish that the proposed class is clearly ascertainable. *Little*, 691 F.3d at 1304; *Simmons v. Ford Motor Co*., 592 F. Supp. 3d 1262, 1284 (S.D. Fla. 2022). "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014) (internal citation omitted). Accordingly, "[a] court should deny class certification where the class definitions are overly broad, amorphous, and vague." *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003). As instructed by the Eleventh Circuit in *Cherry v. Dometic Corp.*, the Court must assess whether the classes are "adequately defined such that [their] membership is capable of determination." 986 F.3d 1296, 1304 (11th Cir. 2021).

### 1.      Plaintiff's proposed classes are over-inclusive and include members who were not injured

It is Plaintiff's burden to show that ***all*** class members have suffered a concrete injury to have standing for each claim and form of relief. *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2210 (2021); *see also Ohio State Troopers Ass'n v. Point Blank Enters.*, 481 F. Supp. 3d 1258, 1274 (S.D. Fla. 2020), *aff'd*, 2021 WL 4427772 (11th Cir. Sept. 27, 2021) (declining to certify class that included members who suffered no injury); *Walewski v. Zenimax Media, Inc.*, 502 F. App'x 857, 861 (11th Cir. 2012) ("The definition is not only unworkable in terms of identifying class

members, it impermissibly includes members who have no cause of action as a matter of law"). Plaintiff's proposed class has a 15% error rate as to over-inclusion. (Lee Rpt. ¶61, T. 3.) Moreover, Plaintiff cannot establish standing for each class member without addressing a variety of individualized issues and the differences in the various state laws. This would require hundreds, if not thousands, of mini-trials to assess standing.

### a.    Martin again selects either the wrong "original" or "replacement" purchase

Martin continues to select the wrong "original" or "replacement" purchase, and therefore incorrectly includes members who have not been injured. (Lee Rpt. ¶¶97-115.) For example:

- Martin's program cannot accurately select a "replacement" purchase when a household made several ***potential*** "replacement" purchases. (*Id.* ¶¶70-71, E.2, ¶99, E.7.)

- Martin's analysis, by design, does not consider that a member could purchase a "replacement" battery ***before*** returning their original battery. (Martin Rpt., n.26.) In so doing, Martin incorrectly matches transactions. (Lee Rpt. ¶¶67-69, E.1; ¶¶99, E.7.)[3]

- Martin selects the wrong "original" purchase, thus including a household that was not actually damaged (*e.g.*, where there are multiple potential "original" purchases or instances where Martin uses the same "original" purchases with multiple "replacement" purchases). (*Id.* ¶¶77-89, E.3-5.)

As these errors demonstrate, an automated analysis of the data cannot reliably match a "replacement" with an "original" purchase, and require manual review, and, in some instances, asking the member for the necessary context. (*Id.* ¶¶81-89, E.3-5.)

### b.    Martin again fails to assess timing of return and "replacement" transactions

Martin takes the unreasonable position that a household could make a "replacement" purchase any time after the return transaction, without limitation, so long as the "replacement" occurred within the warranty period tied to the original purchase. (Martin Rpt. at ¶24.) Martin

---

[3] Plaintiff is wrong to focus only on replacements after returns because it is contrary to how Costco members return and replace batteries.  (Moyer Dec, ¶6.)

includes **over 25,000 occurrences**[4] where the "replacement" purchases occurred **more than a year** after a return. (Lee Rpt. ¶112, T.5.) For those occurrences where the "replacement" purchase occurred **more than 30 days after the return**, Lee's analysis shows that Martin has a **100% error rate.** (*Id*. ¶111-13, E.10.) This error is not surprising given that it is unlikely that a household would wait a month to replace a battery (ask yourself, "What happens to the car in the meantime?"), **let alone several months or even years**. (Moyer Dec. at ¶6.) These "wrong replacement" errors potentially impact more than 41,000 occurrences. (Lee Rpt. ¶112.) Individualized inquiries of these households is necessary to determine if the later purchase was, in fact, a warranty replacement giving rise to injury. (Patel Dec. Ex. B 38:19-39:10.)

Martin also fails to consider the time between a return and a "replacement" purchase. But households who return a battery in the first six months of the warranty period may not be making a return due to a defect (as required by the warranty) and instead may be returning the battery for non-warranty reasons. (Lee Rpt. ¶¶90-96.) As on example, Martin has included as a class member someone with a purchase and return on in a day, where the "replacement" was purchased **more than three years** after the return. (*Id*., E.6.) For damages Martin ties to a return that happened within 180-days[5] of the original purchase, Lee's analysis shows that Martin had a **71.4% error rate**. (*Id*. ¶91.) This includes damages for more than 6,400 returns that occurred just **one day after** the original purchase. (*Id*. ¶90, T.4.)

### c.   Martin mishandles duplicate transactions

Where households made multiple returns or multiple potential "replacement" purchases,

---

[4] The term "occurrence" refers to a "damage" as identified by Martin. (Lee Rpt. ¶33.)

[5] Lee selected the 180-day mark based on the error rates he observed in Martin's analysis to demonstrate the need for individualized inquiry, especially for households with quick returns. (*Id.* at ¶91.) The errors may also extend to households with returns after the 180-day mark as individualized inquiries are needed to assess the reason for return.

Martin's program selects the "replacement" purchase that results in a damage, even though there is another potential "replacement" purchase that, if selected, would not result in a damage.[6] (Lee Rpt. ¶¶86-89, E.5.) This error is demonstrated in Example 5 of Lee's Report. (*Id*.) While individualized manual analysis can reveal these errors, it is still necessary to speak with the member to fully determine whether the member was or was not injured. (*Id*.)

### d.   Martin's analysis does not, and cannot, determine whether Costco made members whole through other means

If a mistake is made, Costco empowers its employees to make members whole by providing a refund, cash back, or a Costco Shop Card to cover the price differential. (Moyer Dec. ¶10; Patel Dec. Ex. A 63:24-64:7; Berndt Dec. ¶¶3-4, Ex. A.) These accommodations are often not tracked in Costco's transaction records, and, to the extent they are, a review of individual member records would not always provide confirmation. (*See* Berndt Dec. ¶4, Ex. A.) Only the members would be able to confirm whether or not Costco separately accommodated them.

### e.   Martin once again fails to factor in the limitations period

The longest statute of limitations applicable for Plaintiff's claims is five years,[7] which means any class period dates back only to May 7, 2016. Martin, however, fails once again to factor in this cut-off, including **6,646 occurrences** where the return transactions occurred outside of the class period. (Lee Rpt. ¶¶116-18, T. 6.) There is no basis to include these time-barred transactions.

### f.   Martin does not account for warranty requirements

Martin's analysis does not (and cannot) account for two warranty requirements. First, "a

---

[6] Martin's automated analysis is designed to analyze the transaction data presuming there is a damage and, as a result, the analysis incorrectly inflates damages.  (Lee Rpt. ¶¶105-107, E.9.)

[7] *See Lech v. State Farm Life Ins. Co*., 2021 WL 1307610, at *2 (M.D. Fla. Feb. 23, 2021) (five-year statute of limitations for breach of warranty); *Padilla v. Porsche Cars N. Am., Inc.*, 2020 WL 1472301, at *2 (S.D. Fla. Mar. 26, 2020) (four-year statute of limitations for FDUTPA); *Cleveland Clinic Fla. v. Children's Cancer Caring Ctr., Inc.*, 274 So. 3d 1102, 1104 (Fla. Dist. Ct. App. 2019) (same for unjust enrichment).

9

defect in material or workmanship (not merely the battery being discharged)" is required. (Mot., Ex. H.) A member is not entitled to a free replacement for a battery that is not defective. (*Id*.) The warranty is also limited to the "designated warranty period or for as long as it remains in the vehicle in which originally installed, whichever is shorter." (*Id*.) If a member did not keep the battery in the same vehicle, their warranty would be voided, and they would not be entitled a free replacement. Absent individualized inquiry, Plaintiff has no way to account for whether the battery was defective or the warranty was possibly void. Costco's willingness to accommodate members does not relieve each class member from having to satisfy these basic elements of their warranty.

### 2.    Plaintiff's proposed classes are fatally under-inclusive

Courts also deny class certification when the class is under-inclusive. *See AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co*., 938 F.3d 1170, 1178 (11th Cir. 2019) (denying certification where proposed class omitted members with potentially valid claims.) Martin assumes that a member would first return their original battery and then purchase the replacement. (Martin Rpt. at ¶23.) But this approach excludes members who ***first*** purchased the replacement battery and ***then*** returned their original purchase on a later date. (Section II.C; Lee Rpt. ¶¶67-69.) This error excludes potentially more than 5,000 occurrences. (Lee Rpt. ¶68.) Individual inquiry, including through manual analysis is the only way these potential members can be identified. Plaintiff cannot solve this problem by limiting his class definition to only subsequent "replacement" purchases, which is contrary to how Costco members return and replace their batteries. (*Id*.; Moyer Dec. ¶6.)

### B.    Plaintiff Cannot Satisfy Requirements of Rule 23(a)

### 1.    Plaintiff's proposed classes lack commonality

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury," and Plaintiff's common contention "must be of such a nature that it is capable of

class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *See Dukes*, 564 U.S. at 350. "What matters to class certification is not the raising of common questions—even in droves—but, rather the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id*. (emphasis in original, internal quotations and citation omitted).

Plaintiff claims commonality is satisfied because harm to members by an out-of-pocket payment hinges on interpreting the "free replacement" label. (Mot. at 7.) But Plaintiff's focus is misplaced. As shown above, while the "free replacement" label may have been uniform, member behavior was not, and the differences in member behavior raise questions for which neither Plaintiff nor the data can provide "common answers." For example, Plaintiff cannot answer:

- whether a member's return was a warranty-related return;

- whether the warranty requirements were satisfied for the member's return (*i.e.*, a defective battery that had remained installed in the original vehicle);

- whether the member made a true "replacement" purchase; and

- whether a member whose data shows an out-of-pocket payment for a "replacement" purchase was later made whole by Costco through other means (Moyer Dec. ¶10; Patel Dec. Ex. A 63:24-64:7; Berndt Dec. ¶¶3-4, Ex. A).

There are no "common answers" to these questions, as each requires individualized inquiry specific to each member. (*See* Section V.C.) In addition, Plaintiff's proposed nationwide unjust enrichment class fails commonality given variances in state law. (*See* Section V.C.8.)

## 2.     Plaintiff is neither typical nor adequate

Typicality focuses on "whether a sufficient nexus exists between the legal claims of the named class representative and those of individual class members to warrant class certification." *O'Neill v. The Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 478 (S.D. Fla. 2006); *Prado–Steiman v. Bush*, 221 F.3d 1266, 1278–79 (11th Cir. 2000). Typicality concerns the individual characteristics

of the class members in relation to the class representative. *See Perez*, 218 F.R.D. at 270. Adequacy considers whether the named plaintiff will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

Plaintiff is not typical "of all the myriad class members who may be encountered." *O'Neill*, 243 F.R.D. at 479. Plaintiff returned his original purchase and purchased a replacement battery on the same date. (ECF No. 1 ¶30.) For members with this same transaction pattern, questions remain whether they were making a warranty-related return like Plaintiff or whether their warranty was still valid. Plaintiff is also not typical of members with transaction patterns different than his own, such as those who made their return and replacement purchase on different days, or even months and years apart. (Lee Rpt. ¶112, T. 5.) This difference in timing necessarily implicates whether these purported class members truly sought to make a "replacement" purchase, or, in the more likely scenario, made a separate and unrelated purchase. (Moyer Dec. at ¶ 6.)

These differences demonstrate that Plaintiff's experience is not typical of the entire class and that he is not an adequate representative because these differences implicate other potential defenses and evidence not at issue with Plaintiff, such as whether the member returned the battery for a warranty-related or other reason or whether they actually sought to purchase a "replacement" battery. *See Dyer v. Publix Super Markets, Inc.*, 2000 WL 33339613, *4, 9-11 (M.D. Fla. 2000) (denying class certification on typicality grounds because the circumstances surrounding many of the proposed class representatives' experiences were materially different and would require individualized evidence and defenses); *O'Neill*, 243 F.R.D. at 479 (no adequacy because plaintiff was not "typical of all the myriad class members).

## C.     Individual Issues Predominate on All of Plaintiff's Claims

"Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and

sf-5477787

monetary relief." *Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1191 (11th Cir. 2009) (internal quotations omitted). "If after adjudication of the class wide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, [their] claims are not suitable for class certification." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010); *Rutstein v. Avis Rent–A–Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir.2000) ("Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's . . . cause of action.")

Each of Plaintiff's claims require proof that members were injured, *i.e.*, that they incurred an out-of-pocket charge to purchase a "replacement" battery. Plaintiff cannot do so absent individualized inquiries. Nor can Plaintiff kick the can down the road to trial, claiming these are merits issues. For each class member, Plaintiff must demonstrate that: (i) they made a warranty (as opposed to regular) return; (ii) the purchase Martin identifies resulting in a damage was a true "replacement" purchase; (iii) in the event a member paid out-of-pocket for that "replacement," they were not made whole by Costco through other means; and (iv) the member's warranty was not otherwise voided. Each of these questions necessitate individualized inquiry, and both now and at trial, the transaction data alone is insufficient to address those inquiries.

### 1.    Whether the household made a warranty-related return

While Costco's transaction data identifies battery returns and voids, the data sheds no light on whether a return or void was for a warranty-related reason (*i.e.*, a defective battery) or for an unrelated reason (*e.g.*, purchase of the wrong battery or a change of preference for a particular battery technology). As discussed in Section V.A.1.b., Martin identifies over 49,000 occurrences where the return was within 180-days of the original purchase. (Lee Rpt. ¶90, T.4.) Lee's analysis reveals a ***71.4% error rate*** for these transactions, demonstrating the need to manually review them

on a member-by-member basis, including by speaking to the members to understand the reason for their return. (*Id*. ¶91.) Members who did not make a warranty-related return would not be entitled to a "free replacement" and would thus lack standing for any claim. Example 6 in Lee's Report demonstrates this issue. (*Id*. ¶¶93-96, E.6.)

### 2.     Whether the household made a true "replacement" purchase

Martin identifies more than 41,000 purported "replacement" purchases occurring more than 30 days after the return, and for some, ***years*** after the return. (Lee Rpt. ¶112, T.4.) Lee's sampling analysis shows a ***100% error rate*** with respect to these instances. (*Id*. ¶113.) This error rate shows that there are nuances with each transaction that require member-by-member inquiries.

### 3.     Whether Costco made members whole through other means

Costco, through its member-friendly approach, empowers its employees to make members whole by providing a refund, cash back, or a Costco Shop Card to cover an inadvertent charge for a "free replacement" battery. (Moyer Dec. ¶10; Patel Dec. Ex. A 63:24-64:7; Ex. C: 39:17-41:6; Berndt Dec. ¶¶3-4, Ex. A.) These accommodations, however, are often not tracked in Costco's battery transaction records. For example, Costco has provided cash refunds that are not tied to the battery transaction. (Berndt Dec. ¶¶3-4, Ex. A.) Thus, only the class members can answer whether they were subsequently made whole by Costco through these other means.

### 4.     Whether the warranty requirements were satisfied

Costco provided a copy of the Limited Warranty in the Fitment Guide, posted a copy on its tire shop racks, and starting around March 2019, printed a copy on the back of every battery invoice. (Moyer Dec. ¶9.) There are two necessary preconditions for a member to be entitled to a "free replacement" under the warranty: (1) the battery is defective, and not just discharged, and (2) the member kept the battery in the same vehicle. (*Id*.) The transactional data sheds no light on whether these warranty conditions were satisfied; only the members can answer whether the

sf-5477787

battery was actually defective[8] or whether the battery was kept in the same vehicle during its use.

### 5.    Plaintiff's FDUTPA claim requires individualized proof

The FDUTPA claim is inappropriate for class treatment because it requires individualized examinations of the circumstances of each member's transactions. Plaintiff can only show that an act was deceptive or unfair by "evaluating a reasonable consumer in the same circumstances as the plaintiff." *Townhouse Rest. of Oviedo, Inc. v. NuCO2, LLC*, 2020 WL 5440581, at *9 (S.D. Fla. Sept. 9, 2020). This standard injects a subjective element and requires an examination of the context surrounding the alleged deceptive act. *Id.*; *see Deere Constr., LLC v. CEMEX Constr. Materials Fla., LLC*, 2016 WL 8542540, at *3 (S.D. Fla. Dec. 1, 2016) (no class certification where plaintiff could not prove all class members experienced the "same circumstances" because of differences in interactions between the defendant's representatives and the class members).

Because member return behavior is not uniform, putative class members were not confronted with the "same circumstances" as Plaintiff. These unique experiences are critical because data alone cannot reveal whether an individual member was making a warranty return, qualified for a warranty replacement, or in fact intended to purchase a "replacement." For example, if a member was not making a warranty-related return, they would not be entitled a free replacement of their original battery (or have been deceived by the "free replacement" label). Additionally, whether the "replacement" purchase Martin identifies was, in fact, a replacement also requires individual examination of each member's transaction. Members making separate, unrelated purchases, could not be harmed by having to pay for those purchases.

Plaintiff attempts to rely on the "free replacement" label to show that class-wide resolution is appropriate. (Mot. at 14-15.) But that uniformity is insufficient, given the material factual

---

[8]    *See* Return of Dead Battery for Warranty Refund to Costco? How? https://forums.redflagdeals.com/return-dead-battery-warranty-refund-costco-how-2460457/.

sf-5477787

differences as to each member. Additionally, Plaintiff's reliance on *Carriuolo v. GM Co.*, 823 F.3d 977, 987-88 (11th Cir. 2016) is unavailing. There, the alleged deceptive act—posting a false five-star safety rating—did not require individual inquiries because the rating undisputedly was inaccurate. 823 F.3d at 985-86. Similarly, in *Davis v. Powertel, Inc.*, 776 So. 2d 971, 973 (Fla. 1st DCA 2000), the defendant failed to disclose to its customers that its phones were programmed to only work on its own wireless service. 776 So. 2d at 972. Here, Costco's policy aligned with the "free replacement" label. In fact, Martin excluded more than 1.5 million households from his population of class members. (Lee Rpt. ¶¶28, 32, T.2.)

**6.     Plaintiff's breach of warranty claims require individualized proof**

Plaintiff's breach of express and implied warranty claims require individualized evaluations of each member's expectations and state of mind. *Kunzelmann v. Wells Fargo Bank, N.A.*, 2013 WL 139913, at *10 (S.D. Fla. Jan. 10, 2013) (denying class certification because implied warranty claim required examination of "the state of mind of each [class member], including awareness, expectations, and conduct"); *Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1101 (11th Cir. 1983) (a claim for breach of express warranty inherently requires reliance). This information cannot be gleaned from transaction data alone.

Plaintiff is incorrect that a member's subjective expectations regarding the "free replacement" label are irrelevant. Florida courts have recognized that express warranty claims are not susceptible to classwide proof; the label's and Limited Warranty's uniform language does not alter this conclusion. *Sacred Heart Health Sys.*, 601 F.3d at 1176–77 (decertifying class because alleged breach of a form contract did not guarantee predominance "if individualized extrinsic evidence bears heavily on the interpretation of the class members' agreements"); *Fitzpatrick v. Gen. Mills, Inc.*, 263 F.R.D. 687, 701 (S.D. Fla. 2010), *vacated on other grounds*, 635 F.3d 1279 (11th Cir. 2011) (denying class certification because "'a great deal of individualized proof' and

'individualized legal points'" would be required to determine what representations prompted individual members to purchase the product). Critical inquiries will include whether each class member read, understood, and ***relied on*** the "free replacement" label and Limited Warranty, whether the member was denied a free replacement, and whether that mistake was corrected. None of these questions can be answered through automated data analysis. Nor can the data inform whether Florida's notice requirement in a breach of warranty claim was satisfied on a classwide basis. Fla. Stat. § 627.607; *Hummel v. Tamko Bldg. Prods., Inc.*, 303 F. Supp. 3d 1288, 1298 (M.D. Fla. 2017) (denying certification where no showing of proof of notice on a classwide basis).

### 7.      Plaintiff's unjust enrichment claim requires individualized proof

"[C]ommon questions will rarely, if ever, predominate in an unjust enrichment claim, the resolution of which turns on individualized facts." *Vega*, 564 F.3d at 1274. The Court must assess the particular circumstances of each transaction to ensure that equity requires its intervention. *Id.* Class certification is inappropriate here, where "individualized inquiries into the equities of each class member's interaction with [Costco]" are required. *Cnty. of Monroe, Fla. v. Priceline.com, Inc.*, 265 F.R.D. 659, 671 (S.D. Fla. 2010). The equities varied member to member, particularly given that the data does not show whether the returned battery was defective or simply needing a recharge. Indeed, some members have taken advantage of Costco's "free replacement" policy by returning batteries near the end of the warranty period to receive a new battery with a new warranty. (Patel Dec. Ex. A 143:5-16.) In such instances, a member could use a single battery purchase to obtain practically limitless "replacements." (*Id*. at 144:10-24.) Costco was not unjustly enriched as to these members, as well as any others who returned non-defective batteries.[9]

---

[9] Plaintiff misleadingly claims Costco has admitted it generally misapplied its "free replacement" policy. Costco's Answer stated only that an error led to Plaintiff, and Plaintiff alone, paying $2.00 out-of-pocket for a replacement battery. (ECF No. 23 at ¶6.)

Plaintiff's cases are inapposite because the defendants' conduct was uniform or there were no significant equitable differences among class members.[10] While Costco's policy on free replacements was uniform, each household's experience was unique, including with respect to whether (i) they were making a warranty and purchasing a replacement, (ii) the batteries were defective at the time of return, (iii) the battery was used in the original car, and (iv) any mistakes were remedied. (Moyer Dec. ¶10; Patel Dec. Ex. A 82:5-15.) Individualized inquiries are needed to assess whether "without a remedy, inequity would result or persist." *Vega*, 564 F.3d at 1274.

### 8.    Plaintiff cannot certify a nationwide "unjust enrichment" class

Plaintiff must prove uniformity among all state laws through "extensive analysis" for a nationwide class. *Klay v. Humana, Inc*., 382 F.3d 1241, 1262 (11th Cir. 2004). *Kunzelmann*, 2013 WL 139913, at *10 (certification denied when plaintiff did not carry this burden); *Karhu v. Vital Pharmaceuticals, Inc.*, 2014 WL 815253, at *9 (S.D. Fla. Mar. 3, 2014) (plaintiff did not establish that differences in state unjust enrichment laws should be "overlook[ed]").

Plaintiff's Appendix 1 is overly simplistic and glosses over important distinctions that preclude nationwide class certification. Yet it still concedes differences in state laws, including variability in a defendant's level of culpability,[11] whether plaintiff has an adequate remedy of law,

---

[10] *James D. Hinson Elec. Contracting Co. v. BellSouth Telecomm., Inc*., 275 F.R.D. 638, 647 (M.D. Fla. 2011) was "not an ordinary case" where individualized inquiries prevented certification because the defendant's conduct was "the same. . . to each class member in all relevant respects" and the defendant did not explain why it would be inequitable to retain amounts collected from some, but not all, of the putative class members. *Id.* Similarly, in *Muzuco v. Re$ubmitIt, LLC*, 297 F.R.D. 504, 521 (S.D. Fla. 2013) and *In re Checking Acct. Overdraft Litig*., 286 F.R.D. 645, 658 (S.D. Fla. 2012), defendants' conduct in maximizing overdraft penalties was executed in the same manner for all, and "highly individualized issues [were] absent." *Muzco*, 297 F.R.D. 504 at 521.

[11] *E.g.*, Montana requires proof that the defendant engaged in wrongful conduct; Arkansas does not. *LeFeber v. Johnson*, 351 Mont. 75, 81 (Mont. 2009); *Orsini v. Commercial Nat'l Bank*, 6 Ark. App. 166, 170 (1982). Plaintiff incorrectly asserts that Alabama does not require wrongful conduct. *Mantiply v. Mantiply*, 951 So. 2d 638, 654-55 (Ala. 2006) ("The retention of a benefit is unjust if . . . the recipient of the benefit . . . engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship") (quotation marks and citations omitted).

and what is "unjust."[12] (*See* App. A.) The laws vary "substantial[ly]." *Kunzelmann*, 2013 WL 139913, at *6. In rare cases of nationwide unjust enrichment class certification, the conduct at issue is uniform nationwide.[13] No such uniformity exists here. (*See* Section V.C.1-4.)

### D.      Class Treatment Is Not Superior

To evaluate superiority, courts consider the "class members' interests in individually controlling the prosecution or defense of separate actions" and "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3). The superiority analysis focuses on "the relative advantages of a class action suit over whatever other forms of litigation that might be realistically available." *See Sacred Heart Health Sys.*, 601 F.3d at 1183-84. Class treatment is not appropriate where the plaintiff does not propose a trial plan that can feasibly address individualized issues. *See Vega*, 564 F.3d at 1278-79 (finding abuse of discretion in certifying class where plaintiff proposed no trial plan to address "central individualized issues" which "ran an unnecessarily high risk of introducing needless and avoidable complexity into an already complex case").

Plaintiff fails to provide the required trial plan that addresses the individual issues. Individual issues such as whether (i) the member was making a warranty or "regular" return, (ii) the battery was defective, (iii) the purchase was a true replacement, (iv) the member was made whole, and (v) the battery was being used in the original vehicle are not susceptible to classwide proof. They require presentation of evidence from each individual at trial, and there is no trial plan

---

[12] States define "unjust" differently. In Alaska, the "defendant must receive a true windfall." *Alaska Sales & Serv., Inc. v. Millet*, 735 P.2d 743, 746 (Alaska 1987) (citation omitted). Florida courts examine whether a "violation of good conscience and fundamental principles of justice or equity" led to a benefit. *Golden v. Woodward*, 15 So. 3d 664, 670 (Fla. Ct. App. 2009) (quotation marks and citation omitted). Colorado courts intensively examine facts such as "the intentions, expectations, and behavior of the parties." *Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 287 P.3d 842, 847 (Colo. 2012) (en banc).

[13] The defendants' uniform conduct was critical to certification in *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 697 (S.D. Fla. 2004) and *In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 647 (S.D. Fla. 2015). In *Singer v. AT & T Corp.*, 185 F.R.D. 681, 692 (S.D. Fla. 1998), contrary to Eleventh Circuit authority, the court deferred the analysis. *Cf. Vega*, 564 F.3d at 1274 (finding unjust enrichment claim inappropriate for class action treatment).

19

that can account for this. Thus, use of the class action vehicle will not achieve any economies of time or effort and is not superior. *See Perez*, 218 F.R.D. at 273 (denying class certification and explaining that superiority is not present when numerous individual inquiries with respect to each class member are required.); *Vega*, 564 F.3d at 1279.

Plaintiff also seeks to certify fail-safe classes. A failsafe class "is one whose definition incorporates the elements of a successful legal claim, such that determining whether an individual or entity is a member of the class 'front-ends a merits determination on [the defendant's] liability.'" *JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 218 F. Supp. 3d 1335, 1342 (M.D. Fla. 2016) (alterations in original) (citation omitted). Plaintiff seeks to certify two classes that, in part, require that each member made an in-warranty return of a "free replacement" battery and paid out-of-pocket for their "free replacement." This requirement for class membership "front-ends a merits determination" as to Costco's liability before the Court can determine class membership because it requires a finding that each member was injured in making their purported "replacement" purchase. *See Alhassid v. Bank of Am., N.A.*, 307 F.R.D. 684, 694 (S.D. Fla. 2015).

Plaintiff argues his classes are not fail-safe because his proposed class definitions do not turn on a finding of breach of warranty. Not so. By including an out-of-pocket payment in his class definitions, Plaintiff requires establishing the breaching act and a valid claim (the out-of-pocket payment) to determine class membership. Plaintiff's argument is belied by his expert who counted each such payment as a damage. Certification should be denied on this ground alone. *See MSP Recovery Claims, Series LLC v. Atlantic Specialty Ins. Co.*, 2021 WL 6750961, at *2 (M.D. Fla. Dec. 29, 2021) (denying certification of failsafe class), *reconsideration denied* by 2022 WL 738832 (M.D. Fla. Feb. 15, 2022).

## VI.    CONCLUSION

For all these reasons, the Court should deny Plaintiff's motion for class certification.

sf-5477787

**DATED** this 23rd day of March, 2023.          Respectfully Submitted,

/s/ Johanna E. Sheehe
Phillip J. Sheehe (Fla. Bar. No. 259128)
Johanna E. Sheehe (Fla. Bar. No. 0119383)
SHEEHE & ASSOCIATES, P.A.
9830 Southwest 77th Avenue, Suite 215
Miami, Florida 33156
Telephone: (305) 379-3515
Email: psheehe@sheeheandassociates.com
           jsheehe@sheeheandassociates.com

Purvi G. Patel (*pro hac vice*)
Zachary Maldonado (*pro hac vice*)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892.5383
Email: ppatel@mofo.com
           zmaldonado@mofo.com

Wendy J. Ray (*pro hac vice*)
THE NORTON LAW FIRM
299 Third Street Suite 200
Oakland, CA 94607
Telephone: (510) 906-1990
Email: wray@nortonlaw.com

***Attorneys for Defendant Costco Wholesale***
***Corporation***

21

## Appendix A

**Defendant Costco Wholesale Corporation's Annotations to
Plaintiff's Appendix 1 – State Law of Unjust Enrichment\***

Defendant Costco Wholesale Corporation has annotated Plaintiff's "Appendix 1 – State Law of Unjust Enrichment" using color-coded over-sized bullet points to highlight four material distinctions in state laws that preclude nationwide class certification. Supporting case law is provided in the footnote associated with each state.

● First, Plaintiff fails to account for a sixth element courts consider in over twenty states: whether the defendant appreciated the benefit conferred upon it. *Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 n.14 (E.D. Pa. 2007) (identifying the states, including Florida, that consider the sixth element), *vacated and remanded on other grounds*, 328 F. App'x 121 (3d Cir. 2009). States that consider this element are designated by "●."

● Second, Plaintiff fails to note that unjust enrichment is not a cause of action in states designated by "●."

● Third, Plaintiff fails to acknowledge that states do not uniformly define "unjust." Costco has set forth the varying definitions of "unjust" for states designated by "●" ranging from "windfall" to "against good conscience."

● Finally, Plaintiff fails to acknowledge varying culpability requirements. Costco has set forth these varying culpability standards designated by "●"ranging from unconscionable conduct to fraud.

| State | Defendant Received Benefit | Benefit Provided by Plaintiff | Absence of Alternative Remedy | Inequitable for Defendant to Retain Benefit | Wrongful Conduct by Defendant |
|---|---|---|---|---|---|
| Alabama[1] ● | Yes | Yes | No | Yes | No ● |
| Alaska[2] ● | Yes | Yes | No | Yes ● | No |
| Arizona[3] | Yes | Yes | Yes | Yes | No |
| Arkansas[4] | Yes | Yes | Yes | Yes● | No |
| California[5] ● | Yes | Yes | No | Yes | No● |

\* Costco does not operate warehouse in the states of Maine, Rhode Island, West Virginia, or Wyoming, and, therefore, those states are not included in this Appendix.

| State | Defendant Received Benefit | Benefit Provided by Plaintiff | Absence of Alternative Remedy | Inequitable for Defendant to Retain Benefit | Wrongful Conduct by Defendant |
|---|---|---|---|---|---|
| Colorado[6] | Yes | Yes | Yes | Yes ● | No |
| Connecticut[7] | Yes | Yes | No | Yes ● | No |
| Delaware[8] | Yes | Yes | Yes | Yes | No |
| District of Columbia[9] | Yes | Yes | No | Yes | No |
| Florida[10] ● | Yes | Yes | No | Yes | No |
| Georgia[11] | Yes | Yes | No | Yes | No |
| Hawaii[12] | Yes | Yes | Yes | Yes | No |
| Idaho[13] ● | Yes | Yes | No | Yes | No |
| Illinois[14] | Yes | Yes | No | Yes | Yes |
| Indiana[15] | Yes | Yes | No | Yes ● | Yes |
| Iowa[16] | Yes | Yes | No | Yes | No |
| Kansas[17] ● | Yes | Yes | No | Yes | No |
| Kentucky[18] | Yes | Yes | No | Yes | No |
| Louisiana[19] | Yes | Yes | Yes | Yes | No |
| Maryland[20] ● | Yes | Yes | No | Yes | No |
| Massachusetts[21] | Yes | Yes | No | Yes | No |
| Michigan[22] | Yes | Yes | No | Yes | No |
| Minnesota[23] | Yes | Yes | No | Yes | No● |
| Mississippi[24] ● | Yes | Yes | No | Yes | No |
| Missouri[25] ● | Yes | Yes | No | Yes ● | No |
| Montana[26] | Yes | Yes | No | Yes | Yes● |
| Nebraska[27] | Yes | Yes | No | Yes | No |
| Nevada[28] | Yes | Yes | No | Yes | No |
| New Hampshire[29] ● | Yes | Yes | No | Yes | No● |
| New Jersey[30] | Yes | Yes | No | Yes | No |
| New Mexico[31] ● | Yes | Yes | No | Yes | No |
| New York[32] | Yes | Yes | No | Yes ● | No |
| North Carolina[33] ● | Yes | Yes | No | Yes | No |

| State | Defendant Received Benefit | Benefit Provided by Plaintiff | Absence of Alternative Remedy | Inequitable for Defendant to Retain Benefit | Wrongful Conduct by Defendant |
|---|---|---|---|---|---|
| North Dakota[34] | Yes | Yes | Yes | Yes | No |
| Ohio[35] ● | Yes | Yes | No | Yes | No |
| Oklahoma[36] | Yes | Yes | No | Yes ● | No |
| Oregon[37] ● | Yes | Yes | No | Yes | No |
| Pennsylvania[38] ● | Yes | Yes | No | Yes | No |
| South Carolina[39] ● | Yes | Yes | No | Yes | No |
| South Dakota[40] ● | Yes | Yes | No | Yes | No |
| Tennessee[41] ● | Yes | Yes | No | Yes | No |
| Texas[42] ● ● | Yes | Yes | No | Yes | No |
| Utah[43] ● | Yes | Yes | No | Yes | No |
| Vermont[44] | Yes | Yes | No | Yes | No |
| Virginia[45] ● | Yes | Yes | No | Yes | No |
| Washington[46] ● | Yes | Yes | No | Yes | No |
| Wisconsin[47] ● | Yes | Yes | No | Yes | No |

---

[1] *American Family Care, Inc. v. Fox*, 642 So.2d 486, 488 (Ala. 1994) (To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation.).

● Plaintiff incorrectly asserts that Alabama does not require wrongful conduct *Mantiply v. Mantiply*, 951 So. 2d 638, 654-55 (Ala. 2006)

[2] *Sparks v. Gustafson*, 750 P.2d 338, 342 (Alaska 1988) ("Unjust enrichment exists where the defendant received a benefit from the plaintiff and it would be in inequitable for defendant to retain the benefit without compensating plaintiff for its value").

● In unjust enrichment claim, "defendant must receive a true windfall or 'something for nothing.'" *Alaska Sales & Serv., Inc. v. Millet*, 735 P.2d 743, 746 (Alaska 1987) (citation omitted)

[3] *Community Guardian Bank v. Hamlin*, 182 Ariz. 627, 630 (Ariz. 1995) ("In Arizona, five elements must be proved to make a case of unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment and (5) an absence of a remedy provided by law.").

[4] *Hatchell v. Wren*, 363 Ark. 107, 117 (Ark. 2005) (To find unjust enrichment, a party must have received something of value, to which he or she is not entitled and which he or she must restore.).

● Unjust means that "a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain," *El Paso Prod. Co. v. Blanchard*, 371 Ark. 634, 269 S.W.3d 362, 372 (2007).

[5] *Federal Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 3546-47 (Cal. App. 2008) ("[A]n individual may be required to make restitution if he is unjustly enriched at the expense of another. A person is enriched if he receives a benefit at another's expense . . . Even when a person has received a benefit from another, he is required to make restitution 'only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it.").

> ● *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("[T]here is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution," but "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" (citations omitted)).
> ● *Prakashpalan v. Engstrom, Lipscomb & Lack,* 223 Cal. App. 4th 1105, 1132 (2014)("[R]estitution is required only if 'the benefits were conferred by mistake, fraud, coercion or request.'" (citation omitted)), *as modified on denial of reh'g* (Feb. 27, 2014).

[6] *Martinez v. Colorado Dep't of Human Services*, 97 P.3d 152, 159 (Colo. App. 2003) (Unjust enrichment is a judicially created remedy designed to avoid benefit to one to the unfair detriment of another. Unjust enrichment occurs when (1) at the plaintiff's expense, (2) the defendant received a benefit (3) under circumstances that would make it unjust for the defendant to retain the benefit without paying.); *Backus v. Apishapa Land and Cattle Co.*, 44 Colo. App. 59, 61-62, 615 P.2d 42, 44 (Colo. App., 1980) ("A plaintiff is entitled to recover based on the unjust enrichment of a defendant when the plaintiff has no alternative right under an enforceable contract").

> ● "Whether retention of the benefit is unjust is a fact-intensive inquiry in which courts look to, among other things, the intentions, expectations, and behavior of the parties," *Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 287 P.3d 842, 847 (Colo. 2012).

[7] *James P. Purcell Associates, Inc. v. Hennessey*, 105 Conn. App. 1 (Conn. App. 2007) (Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs detriment.).

> ● Unjust enrichment is defined as "a very broad and flexible equitable doctrine that has as its basis the principle that it is contrary to equity and good conscience for a defendant to retain a benefit that has come to him at the expense of the plaintiff," *Gagne v. Vaccaro*, 255 Conn. 390, 766 A.2d 416, 427-28 (2001), and plaintiffs must prove that "the failure of payment was to the plaintiffs' detriment," *Town of New Hartford v. Connecticut Res. Recovery Auth.*, 291 Conn. 433, 970 A.2d 592, 609 (2009).

[8] *Total Care Physicians, P.A. v. O'Hara*, 798 A.2d 1043, 1056 (Del. Super 2001) Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." "The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law.").

[9] *Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1076 (D.C. 2008) (Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust.).

[10] *Timberland Consolidated Partnership v. Andrews Land &and Timber, Inc.*, 818 So.2d 609, 611 (Fla. 5th DCA 2002) ("To prevail on a claim of unjust enrichment under Florida law a plaintiff must show that: 1) the plaintiff conferred a benefit on the defendant, who has knowledge of the benefit; 2) the defendant accepts and retains the conferred benefit; and 3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it.")

[11] *Harris Ins. Agency, Inc. v. Tarene Farms, LLC*, 293 Ga. App. 430, 431 (Ga. App., 2008) ("Unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for.")

[12] *Porter v. Hu*, 169 P.3d 994, 1007 (Haw. App. 2007) ("A person who has been unjustly enriched at the expense of another is required to make restitution to the other. . . . Equity has always acted only when legal remedies were inadequate.")

4

[13] *Teton Peaks Inv. Co., LLC v. Ohme*, No. 34642, 2008 WL 4595245 at * 3 (Idaho 2008) (Elements of unjust enrichment are that (1) a benefit is conferred on the defendant by the plaintiff, (2) the defendant appreciates the benefit, and (3) it would be inequitable for the defendant to accept the benefit without payment of the value of the benefit.).

[14] *Fortech L.L.C. v. R.W. Dunteman Co., Inc.*, 366 Ill. App. 3d 804, 818 (Ill. App. 2006)("A plaintiff may recover under the theory of unjust enrichment if the defendant unjustly retained a benefit to plaintiff's detriment, and defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience."); *Mulligan v. QVC, Inc.*, 382 Ill. App.3d 620, 631 (Ill. App. 2008) ("unlawful or improper conduct" required).

● Plaintiffs must prove that "defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience," *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 137 Ill.Dec. 19, 545 N.E.2d 672, 679 (1989).

[15] *Wenning v. Calhoun*, 827 N.E.2d 627, 630 (Ind. App. 2005) (To recover under a quasi-contract theory, the plaintiff must show, (1) a benefit was rendered to the party sought to be charged, (2) at that party s implied request, and (3) under circumstances in which equity should demand that the person receiving the benefit should compensate the other in order to prevent unjust enrichment.).

[16] *State, Dept. of Human Services ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154 (Iowa 2001) (The elements of recovery based on unjust enrichment are as follows: (1) defendant was enriched by the receipt of a benefit; (2) the enrichment was at the expense of the plaintiff; and (3) it is unjust to allow the defendant to retain the benefit under the circumstances.).

[17] *In re Estate of Sauder*, 156 P.3d 1204, 1221 (Kan. 2007) (The theory of unjust enrichment rests upon three elements: (1) a benefit conferred; (2) an appreciation or knowledge of the benefit by the one receiving the benefit; and (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable to retain the benefit without payment of its value.).

[18] *Bogan v. Finn*, 298 S.W.2d 311, 313-14 (Ky. 1957) (On a claim of unjust enrichment, claimant must not only show that the other party has received benefit but that it has been at claimant's expense).

[19] *Estate of Walker v. Peters*, 989 So.2d 241, 246 (La. App. 2008) (There are five prerequisites for an action for unjust enrichment: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a causal relationship between the enrichment and the impoverishment, (4) there must be an absence of justification or cause for the enrichment or impoverishment, and (5) there must be no other remedy at law.).

[20] *Jackson v. 2109 Brandywine, LLC*, 952 A.2d 304, 327 (Md. Spec. App. 2008) ("A claim of unjust enrichment is established when: (1) the plaintiff confers a benefit upon the defendant; (2) the defendant knows or appreciates the benefit; and (3) the defendant's acceptance or retention of the benefit under the circumstances is such that it would be inequitable to allow the defendant to retain the benefit without the paying of value in return.").

[21] *Sutton v. Valois*, 846 N.E.2d 1171, 1177 (Mass. App. 2006) ("A determination that a party would be unjustly enriched requires, generally, that the party would hold property under such circumstances that in equity and good conscience he ought not retain it." A cause of action established when defendant received a property interest that in equity and good conscience belongs to plaintiff.).

[22] *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (Mich. App., 006) (In order to sustain a claim of quantum meruit or unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant.).

[23] *ServiceMaster of St. Cloud v. GAB Business Services, Inc.*, 544 N.W.2d 302, 306 (Minn.1996) (To establish a claim for unjust enrichment under Minnesota law, the plaintiff must "show that the defendant has knowingly received or obtained something of value for which the defendant 'in equity and good conscience' should pay.")

● *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996) ("[I]t must be shown that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully." (citation omitted)).

[24] *Franklin v. Franklin ex rel. Phillips*, 858 So.2d 110, 120 (Miss. 2003) (To collect under an unjust enrichment or quasi-contract theory, a claimant must show there is no legal contract but the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain, but should deliver to another.)

● *Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655, 671 (S.D. Miss. 2007) ("Under Mississippi law, unjust enrichment is not an independent theory of recovery.").

[25] *Miller v. Horn*, 254 S.W.3d 920, 924 (Mo. App. 2008) (The elements of unjust enrichment are: (1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; and (3) that it would be unjust to allow the defendant to retain the benefit.)

● *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010) (quoting *Am. Standard Ins. Co. v. Bracht*, 103 S.W.3d 281, 293 (Mo. Ct. App. 2003) "[t]here can be no unjust enrichment if the parties receive what they intended to obtain.")

[26] *Albinger v. Harris*, 48 P.3d 711, 716 (Mont. 2002) (The doctrine of "unjust enrichment" is an equitable means of preventing one party from benefitting by his wrongful acts, and, as such requires a showing of misconduct or fault to recover.)

● *Randolph V. Peterson, Inc. v. J.R. Simplot Co.*, 239 Mont. 1, 8 (1989) ("[P]laintiff must show some element of misconduct or fault on the part of defendant, or that the defendant somehow took advantage of the plaintiff.").

[27] *Hoffman v. Reinke Mfg. Co., Inc.*, 416 N.W.2d 216, 219 (Neb. 1987) (Where benefits have been received and retained under such circumstances that it would be inequitable and unconscionable to permit party receiving them to avoid payment therefore, law requires party receiving and retaining benefits to pay their reasonable value.")

[28] *Mainor v. Nault*, 101 P.3d 308, 317 (Nev. 2004) ("We have said many times that equity does not favor a person being unjustly enriched. [U]njust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another.")

[29] *Kowalski v. Cedars of Portsmouth Condominium Ass'n*, 769 A.2d 344, 347 (N.H. 2001) ("Trial court may require an individual to make restitution for unjust enrichment if he has received a benefit which would be unconscionable for him to retain.")

● *Gen. Insulation Co. v. Eckman Constr.*, 159 N.H. 601, 611 (2010) ("[U]njust enrichment generally does not form an independent basis for a cause of action." (citation omitted)).
● *Gen. Insulation Co. v. Eckman Constr.*, 159 N.H. 601, 611 (2010) ("The party seeking restitution must establish not only unjust enrichment, but that the person sought to be charged had wrongfully secured a benefit or passively received one which it would be unconscionable to retain.").

[30] *Castro v. NYT Television*, 851 A.2d 88, 95 (N.J. App. Div. 2004) (To establish unjust enrichment as a basis for quasi- contractual liability, a plaintiff must show both that defendant received a benefit and that retention of the benefit would be unjust.)

[31] *Heimann v. Kinder-Morgan CO2 Co., L.P.*, 144 P.3d 111, 118 (N.M. App. 2006) (In order to state a claim for unjust enrichment, the aggrieved party must allege that: (1) another has been knowingly benefited at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust.)

[32] *Smith v. Chase Manhattan Bank, USA*, 293 A.D.2d 598, 600 (N.Y. App. Div. 2002) (To prevail on a claim of unjust enrichment, a plaintiff must establish that it conferred a benefit upon the defendant, and that the defendant will obtain that benefit without adequately compensating the plaintiff therefore.).

●New York requires that it be "against equity and good conscience to permit the defendant to retain what is sought to be recovered," *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 919 N.Y.S.2d 465, 944 N.E.2d 1104, 1110 (2011) (*quoting Paramount Film Distrib. Corp. v. New York*, 30 N.Y.2d 415, 334 N.Y.S.2d 388, 285 N.E.2d 695, 698 (1972)).

[33] *Progressive American Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 647 S.E.2d 111, 116, (N.C. App. 2007) (Claim for unjust enrichment requires showing that: (1) party conferred a benefit on the other party; (2) the benefit was not conferred officiously, that is, it was not conferred by an interference in the affairs of the other party in a manner that was not justified in the circumstances; (3) the benefit was not gratuitous; (4) the benefit is measurable; and (5) the defendant consciously accepted the benefit.).

[34] *McGhee v. Mergenthal*, 735 N.W.2d 867, 872 (N.D. 2007) (Five elements must be established to prove unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of a justification for the enrichment and impoverishment; and (5) an absence of a remedy provided by law.).

[35] *Chef Italiano v. Crucible Development Corp.*, No. 22415, 2005 WL 1963027, at *26, (Ohio App. 2005) (A successful claim of unjust enrichment requires that: (1) a benefit has been conferred by a plaintiff upon a defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment.).

[36] *Harvell v. Goodyear Tire and Rubber* Co., 164 P.3d 1028, 1035 (Okla. 2006) ("Unjust enrichment" is a condition which results from the failure of a party to make restitution in circumstances where it is inequitable; that is, the party has money in its hands that, in equity and good conscience, it should not be allowed to retain.).

- Oklahoma courts hold that "[u]njust enrichment which results from the failure of a party to make restitution in circumstances where it is inequitable; i.e. the party has money in its hands that, in equity and good conscience, it should not be allowed to retain," *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2006).

[37] *Winters v. County of Clatsop*, 150 P.3d 1104, 1106 (Or. App. 2007) (To establish unjust enrichment, a plaintiff must establish that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it.).

[38] *Stoeckinger v. Presidential Financial Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa. Super. 2008) (The elements of unjust enrichment are (1) benefits conferred on defendant by plaintiff, (2) appreciation of such benefits by defendant, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.).

[39] *Ellis v. Smith Grading and Paving, Inc.*, 366 S.E.2d 12, 15 (S.C. App. 1988) (Elements of "unjust enrichment": (1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by defendant of the benefit under conditions that make it inequitable for him to retain it without paying its value.).

[40] *Hofeldt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003) (To prevail on a claim of "unjust enrichment," it must be shown that: (1) enriched party received a benefit, (2) enriched party was aware of receiving benefit, and (3) it is inequitable to allow enriched party to retain this benefit without paying for it.).

[41] *Freeman Industries, LLC v. Eastman Chemical Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (The elements of an unjust enrichment claim are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.).

[42] *Mowbray v. Avery*, 76 S.W.3d 663, 678 (Tex. App. 2002) (Doctrine of unjust enrichment can be applied where there is a failure to make restitution of benefits received under circumstances which give rise to an implied or quasi-contractual obligation to repay, that is, where a benefit was wrongfully secured or passively received which would be unconscionable for the receiving party to retain.).

- *Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 561 (N.D. Tex. 2009) (Texas "does not afford an independent cause of action for unjust enrichment.")

[43] *Hess v. Johnston*, 163 P.3d 747, 754 (Utah. App. 2007) ("To state a claim for unjust enrichment, a plaintiff must allege facts supporting three elements: (1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.").

[44] *Gallipo v. City of Rutland*, 882 A.2d 1177, 1191 (Vt. 2005) ("Unjust enrichment applies if in light of the totality of the circumstances, equity and good conscience demand that the benefitted party return that which was given.").

[45] *T&M Elec., Inc. v. ProLogis Trust*, Nos. 22011, 22108, 22024, 22104, 2006 WL 1101740 at *2 (Va. Cir. Ct. 2006) ("The elements of quantum meruit are as follows: (1) A benefit conferred on the defendant by the plaintiff, (2) Knowledge on the part of the defendant of the conferring of the benefit, (3) Acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value").

[46] *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008) ("Three elements must be established in order to sustain a claim based on unjust enrichment: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value").

[47] *Staver v. Milwaukee County*, 712 N.W.2d 387, 393 (Wis. App. 2006) ("Unjust enrichment claim requires proof of three elements: (1) a benefit that has been conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of the benefit, and (3) acceptance and retention by the defendant of the benefit, under circumstances such that it would be inequitable to retain the benefit without payment.").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served upon the following, either via transmission of Notices of Electronic Filing generated by CM/ECF or by E-mail and U.S. Mail for those counsel or parties who are not authorized to receive electronic notice on this 23rd day of March, 2023:

Jason H. Alperstein
Jeff Ostrow
Kristen Lake Cardoso
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
1 W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
Email:  alperstein@kolawyers.com
        ostrow@kolawyers.com
        cardoso@kolawyers.com

Steven G. Calamusa
Rachel A. Bentley
Geoffrey Stahl
Daniel G. Williams
Robert E. Gordon
GORDON & PARTNERS, P.A.
4114 Northlake Boulevard
Palm Beach Gardens, Florida 33410
Telephone: (561) 799-5070
Facsimile: (561) 799-4050
E-mail:  scalamusa@fortheinjured.com
         rbentley@fortheinjured.com
         gstahl@fortheinjured.com
         dwilliams@fortheinjured.com
         rgordon@fortheinjured.com

*Counsel for Plaintiffs and the Proposed Classes*

/s/ Johanna E. Sheehe
**Attorney for Defendant**
**Costco Wholesale Corporation**