# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement" or "Agreement") is made and entered into by and between John Skrandel ("Plaintiff" or "Class Representative"), individually and as representative of the Settlement Class as defined below, and Defendant Costco Wholesale Corporation ("Costco"). Plaintiff and Costco collectively are referred to herein as the "Parties," or, respectively, as a "Party."

## DEFINITIONS

As used herein, the following terms have the meanings set forth below:

A.      "Action" means the lawsuit captioned *Skrandel v. Costco Wholesale Corporation.*, No. 9:21-cv-80826-BER, pending in the United States District Court for the Southern District of Florida (the "Court").

B.      "Application for Approval of Attorneys' Fee and Costs Payment" means the application to be submitted to the Court, as part of the Motion for Final Approval, seeking approval of the Attorneys' Fees and Costs Payment.

C.      "Attorneys' Fees and Costs Payment" means the amount, up to a maximum of $750,000, of attorneys' fees and reimbursement of costs and expenses approved by the Court and payable to Class Counsel by Costco separate and apart from the Settlement Class Member Payments.

D.      "Claim" means the submission of a Claim Form by a Claimant.

E.      "Claim Form" means the form for a Settlement Class Member to apply for an Unmatched Replacement Transaction Cash Payment, substantially in the form attached hereto as ***Exhibit 4***, which may be modified by the Settlement Administrator, subject to the approval of the Parties.

F.      "Claim Form Deadline" shall be 60 days after the Notice Date. The Claim Form Deadline shall be the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class Member to be eligible for an Unmatched Replacement Transaction Cash Payment.

G.      "Claimant" means a Settlement Class member who submits a Claim Form seeking an Unmatched Replacement Transaction Cash Payment.

H.      "Class Counsel" means Jeff Ostrow and Jonathan Streisfeld from Kopelowitz Ostrow P.A. and Geoffrey Stahl and Steven Calamusa from Gordon & Partners, P.A.

I.      "Class Period" means May 7, 2016, through June 30, 2023.

J.      "Complaint" means the complaint filed in this Action on May 7, 2021.

K.      "Costco's Counsel" means the law firm Morrison & Foerster LLP.

L.      "Final Approval Hearing" means the hearing at or after which the Court will determine whether to finally approve the Settlement.

M.  "Final Approval Order" means the order granting final approval of the Settlement at or after the Final Approval Hearing.

N.  "Interstate Battery" or "Interstate Batteries" means automotive and recreational Interstate-branded batteries sold by Costco in the United States with the words "free replacement" on the battery's label.

O.  "Matched Replacement Transaction Cash Payment" means a Settlement Class Member Payment payable from the Matched Replacement Transaction Settlement Fund.

P.  "Matched Replacement Criteria" means a Settlement Class Member who meets the following criteria with respect to their Interstate Battery transactions: (a) the return transaction occurred at least 30 or more days after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there are two or fewer Interstate Battery return transactions.

Q.  "Matched Replacement Transaction Settlement Class" means all current and former Costco members who returned and replaced an Interstate Battery under warranty during the Class Period at a Costco warehouse located in the United States, and who meet the Matched Replacement Criteria.

R.  "Matched Replacement Transaction Settlement Fund" means the $1,143,728.15 that Costco agrees to pay Settlement Class Members in the Matched Replacement Transaction Settlement Class pursuant to the terms of this Agreement.

S.  "Motion for Final Approval" means the motion that Plaintiff and Class Counsel will file with the Court seeking Final Approval of the Settlement. The Motion for Final Approval will include: (i) the Application for Approval of Attorneys' Fees and Costs Payment; and (ii) the proposed Final Approval Order and Final Judgment as an attachment. The Motion for Final Approval shall be filed with the Court by no later than 45 days before the Final Approval Hearing.

T.  "Motion for Preliminary Approval" means the motion that Plaintiff and Class Counsel will file with the court seeking Preliminary Approval of the Settlement, the substance of which shall be approved by the Parties before submission to the Court.

U.  "Notice" means the method of communication of this Settlement to the Settlement Class, as contemplated in Section 7 of this Agreement, and approved by the Court. The Notice shall be substantially in the forms attached to the Settlement as ***Exhibits 1*** ("Email Notice"), ***Exhibit 2*** ("Postcard Notice"), and ***Exhibit 3*** ("Long Form Notice").

V.  "Notice Program" means the plan for disseminating notice of the Settlement to the Settlement Class, described in Section 7 of this Agreement.

W.  "Notice Date" means the first date on which notice is emailed or mailed to the Settlement Class, provided, however, that any re-emailing or re-mailing of such notice (including mailing the Postcard Notice to members of the Settlement Class for whom the Email Notice is returned as undeliverable) shall not affect or extend the Notice

Date. The Notice Date shall be no later than 30 days after the Court issues the Preliminary Approval Order.

X. "Objection and Opt-Out Period" means the period from the Notice Date to 30 days before the Final Approval Hearing. The deadline to object ("Objection Deadline") and to opt out ("Opt-Out Deadline") shall be 30 days before the Final Approval Hearing.

Y. "Preliminary Approval Order" means the order preliminarily approving the Settlement and proposed Notice Program and setting the date for the Final Approval Hearing, substantially in the form attached as ***Exhibit 5***, attached hereto.

Z. "Releases" means the releases and waivers set forth in Section 10 of this Agreement.

AA. "Released Parties" means Costco, its past or present parent, sister, and subsidiary corporations, affiliated entities, predecessors, successors, assigns, and any of their present and former directors, officers, employees, shareholders, investors, agents, partners, licensors, privies, representatives, attorneys, accountants, and all persons acting by, through, under, or in concert with them.

BB. "Releasing Parties" means (i) Plaintiff and all Settlement Class Members and (ii) each of their respective future affiliates, parents, subsidiaries, representatives, officers, agents, directors, partners, principals, employees, insurers, successors, and assigns, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf.

CC. "Settlement Administrator" means an independent settlement administrator to be agreed upon by the Parties and approved by the Court.

DD. "Settlement Administration Costs" means all costs associated with the Notice Program and administration of the Settlement.

EE. "Settlement Class Members" means all members of the Settlement Class other than those persons who validly request to opt out from the Settlement Class as set forth in Section 6 of this Agreement.

FF. "Settlement Class Member Payment" means the cash payment that a Settlement Class Member will receive from either the Matched Replacement Transaction Settlement Fund or as a result of meeting the Unmatched Replacement Criteria and submitting a valid Claim Form.

GG. "Settlement Website" means the publicly-accessible website the Settlement Administrator will establish as a means for the Settlement Class to obtain notice and information about the Settlement and submit Claim Forms, including hyperlinked access to the Complaint, the Agreement, Plaintiff's Motion for Preliminary Approval, the Preliminary Approval Order, the Long Form Notice, Claim Form, Application for Approval of Attorneys' Fee and Costs Payment, Motion for Final Approval, and Final Approval Order, as well as other documents that the Parties agree to post or the Court orders posted, including information on how to object or request to opt out, as well as contact information for Class Counsel and the Settlement Administrator. The

Settlement Website, along with its URL and all contents therein, must be approved by the Parties prior to its publication.

HH.    "Unmatched Replacement Transaction Cash Payment" means a Settlement Class Member Payment payable to a Valid Claimant, which is to be paid separately from the Matched Replacement Transaction Settlement Fund.

II.    "Unmatched Replacement Criteria" means a Settlement Class Member who meets either of the following two sets of criteria with respect to their Interstate Battery transactions:

      i.    (a) the return transaction occurred at least 30 days or more after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there were three or more Interstate Battery return transactions; or

      ii.    (a) the return transaction occurred within 30 days of the original purchase transaction; or (b) the replacement transaction occurred more than 30 days after their return transactions.

JJ.    "Unmatched Replacement Transaction Settlement Class" means all current and former Costco members who returned and replaced an Interstate Battery under warranty during the Class Period at a Costco warehouse located in the United States, and who meet the Unmatched Replacement Criteria.

KK.    "Valid Claim" means a Claim Form submitted by a Settlement Class Member who meets the Unmatched Replacement Criteria that is: (a) submitted in accordance with the directions accompanying the Claim Form and the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form; (c) signed physically or by e-signature by the Settlement Class Member personally, under the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator.

LL.    "Valid Claimant" means any Settlement Class member who submits a Valid Claim.

## RECITALS

This Agreement is made for the following purposes and with reference to the following facts:

WHEREAS, on May 7, 2021, Plaintiff, John Skrandel, filed this lawsuit against Costco in the U.S. District Court for the Southern District of Florida, individually and on behalf of a proposed nationwide class and Florida subclass, alleging a violation of Florida's Deceptive and Unfair Trade Practices Act, breach of express warranty, breach of implied warranty of good faith and fair dealing, and unjust enrichment arising out of the purchase of the Interstate Batteries.

WHEREAS, the Parties attempted an early resolution of the case in a mediation before Robert A. Dulberg on December 10, 2021. Thereafter, the Parties continued to litigate,

wherein they engaged in substantial discovery, made class expert disclosures, and briefed Plaintiffs' motion for class certification;

WHEREAS, the Parties attended and argued Plaintiff's motion for class certification on December 12, 2022, that resulted in discovery being reopened due to open questions regarding the transactional data and Costco producing additional data, which the Parties' experts subsequently analyzed and incorporated into amended expert reports, and ultimately culminated with renewed briefing of Plaintiff's motion for class certification.

WHEREAS, the Parties attended a settlement conference before the Honorable Bruce E. Reinhart on June 30, 2023, and although they were unable to reach a settlement during the settlement conference, they continued settlement negotiations and were able to reach an agreement in principle to resolve all claims of the proposed Settlement Class, subject to Court approval;

WHEREAS, Class Representative and Class Counsel believe that the claims asserted in the Action have merit and have examined and considered the benefits to be obtained under this Settlement, the risks associated with the continued prosecution of this complex and time-consuming litigation, and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class;

WHEREAS, Costco denies all of the allegations made in the Action and denies that it did anything unlawful or improper, and its agreement to this Settlement is not an admission of guilt or wrongdoing of any kind and continues to deny that Plaintiff's claims and allegations would be suitable for class action status;

WHEREAS, the Parties have each looked at the uncertainties of trial and the benefits to be obtained under the Settlement, and have considered the costs, risks, and delays associated with the continuation of this Action and the likely appeals of any rulings in favor of either Plaintiff or Costco; and

WHEREAS, the Parties desire to settle the Action in its entirety as to Plaintiff, the Settlement Class Members, and Costco with respect to all claims arising out of the facts underlying the Action, and intend this Agreement to bind Plaintiff (both as the Class Representative and individually), Costco, and Settlement Class Members;

NOW THEREFORE, in light of the foregoing, for good and valuable consideration, the Parties, and each of them, hereby warrant, represent, acknowledge, covenant, and agree, subject to approval by the Court, as follows:

## 1.      SETTLEMENT CLASS

1.1     **Certification of the Settlement Classes.**   For purposes of settlement and the proceedings contemplated by this Agreement only, the Parties stipulate and agree that a Settlement Class shall be provisionally certified pursuant to Federal Rule of Civil Procedure 23, that Plaintiff John Skrandel shall be appointed Class Representative and shall represent the Settlement Class for settlement purposes, and that Jeff Ostrow and Jonathan Streisfeld from Kopelowitz Ostrow P.A. and Geoffrey Stahl and Steven

Calamusa from Gordon & Partners, P.A. shall be appointed as Class Counsel for the Settlement Class.

1.2    **Decertification of the Settlement Class if Settlement Not Approved.**  Costco does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement.  If the Court does not enter an order granting final approval of the Settlement, or if for any other reason the Effective Date does not occur, any certification of any Settlement Class will be vacated and the Parties will be returned to their positions with respect to the Action as if the Agreement had not been entered into.  Specifically: (a) any Court orders preliminarily or finally approving the certification of any settlement class, for settlement purposes only, as contemplated by this Agreement, shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the fact of the Settlement reflected in this Agreement, that Costco did not oppose the certification of a Settlement Class under this Agreement, or that the Court preliminarily or finally approved the certification of a Settlement Class, shall not be used or cited thereafter by any person in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.  In the event the terms and conditions of this Agreement are substantially modified by the Court, the Parties reserve the right to declare this Agreement null and void, in their sole discretion, within 14 days after such modification.  Notwithstanding, in the event the Settlement is not approved, the Parties will meet and confer in good faith, to the extent possible, to address the Court's concerns.

1.3    **Definition of Settlement Classes.**  The "Settlement Class" or "Settlement Classes" shall consist of both the "Matched Replacement Transaction Settlement Class" and the "Unmatched Replacement Transaction Settlement Class."

1.3.1    The "Matched Replacement Transaction Settlement Class" consists of all current and former Costco members who returned and replaced an Interstate Battery under warranty during the Class Period at a Costco warehouse located in the United States, and who meet the Matched Replacement Criteria.

1.3.2    The "Unmatched Replacement Transaction Settlement Class" consists of all current and former Costco members who returned and replaced an Interstate Battery under warranty during the Class Period at a Costco warehouse located in the United States, and who meet the Unmatched Replacement Criteria.

1.3.3    Excluded from the Settlement Class are all persons who are employees, directors, officers, agents of Costco or its subsidiaries and affiliated companies, the Court, the Court's immediate family, and the Court's staff.

## 2.    CONFIDENTIALITY AND COMMUNICATIONS REGARDING THE SETTLEMENT

2.1    The Parties, Class Counsel, and Costco's Counsel agree that until publication of this Agreement by submission to the Court, the terms of this Agreement and all associated documents and communications, including the negotiations leading to the execution of the Agreement and all submissions and arguments related to the mediation, shall not be disclosed by the Parties, Class Counsel, and Costco's Counsel other than as

necessary to finalize the Settlement and Notice Program.  Upon publication of the Agreement by submission to the Court, the nondisclosure obligations set forth here will no longer apply to the as-filed Agreement or the terms thereof, but such obligations will continue to apply to all other materials and information covered by this Section, including but not limited to any negotiations leading to the execution of the Agreement.

**3.     SETTLEMENT RELIEF**

3.1     **Settlement Class Member Payments.**

   3.1.1   Each member of the Matched Replacement Transaction Settlement Class shall automatically receive a Matched Replacement Transaction Cash Payment based on their Interstate Battery transaction records.

   3.1.2   Each member of the Unmatched Replacement Transaction Settlement Class who timely submits a Valid Claim shall receive an Unmatched Replacement Transaction Cash Payment.  The Claim Form will be pre-populated with purchase, return, and replacement transaction records and will require Claimants to (1) match original, return, and replacement transactions resulting in an out-of-pocket payment for a replacement battery, and (2) attest that they purchased and returned the listed Interstate Batteries.  Costco agrees to pay a maximum of $1,259,276.33 for all timely and valid claims made by the Unmatched Replacement Transaction Settlement Class. If Valid Claims exceed $1,259,276.33, payments to Valid Claimants will be reduced pro rata.

3.2     **Dissemination of Settlement Class Member Payments.** The Settlement Administrator will distribute the Settlement Class Member Payments within 21 days after the Effective Date.

   3.2.1   Settlement Class Member Payments will be distributed digitally or by paper check, depending on (i) whether Costco has valid email or U.S. mail addresses; and/or (ii) elections made by members of the Matched Replacement Settlement Class or Valid Claimants. For members of the Matched Replacement Settlement Class, payment will be disseminated consistent with the manner of notice (digitally for those receiving Email Notice or via check for those receiving Postcard Notice), unless a contrary election is made. The Claim Form for the Unmatched Replacement Transaction Settlement Class shall have the option for Claimants to choose their preferred form of payment (digital or check).

   3.2.2   Following distribution of the Matched Replacement Transaction Fund, if digital payments are not completed or fail or checks remain uncashed after 120 days, the Parties agree to pay the unclaimed Matched Replacement Transaction Fund amounts to a *cy pres* recipient of the Parties' collective choosing and related to the subject matter of the litigation, subject to Court approval.

3.3 **Matched Replacement Transaction Fund and Unmatched Replacement Transaction Cash Payment.**

    3.3.1 The Settlement Administrator shall establish and maintain the Matched Replacement Transaction Fund. The Matched Replacement Transaction Fund shall be a non-reversionary common fund, no part of which shall revert to Costco. The Settlement Administrator will hold the Matched Replacement Transaction Fund in escrow until such time as the Settlement Administrator is authorized to disseminate the funds pursuant to this Agreement, the Final Approval Order, or other order of the Court.

    3.3.2 Within 14 days after the Effective Date, Costco shall pay $1,143,728.15 into the Matched Replacement Transaction Fund and deposit with the Settlement Administrator funds sufficient to cover Valid Claims for Unmatched Replacement Transaction Cash Payments.

3.4 **Claim Form.** To be entitled to receive the Unmatched Replacement Cash Payment, Settlement Class Members must accurately and timely submit the Claim Form no later than 60 days after the Notice Date.

3.5 **Determination and Processing of Claims.** The Settlement Administrator will review all Claim Forms to determine their validity. The Settlement Administrator will reject any Claim that does not materially comply with the instructions on the Claim Form, is not submitted by a member of the Unmatched Replacement Transaction Settlement Class, is duplicative, or fraudulent.

3.6 Within 15 days of the Claim Form Deadline or receiving an insufficient Claim Form, whichever is later, the Settlement Administrator will send the Claimant an email, if available, or first-class United States mail if email is not available, a written notice of deficiency identifying the reason(s) that the Claim was deemed insufficient, including steps the Claimant can take to cure the deficiency, if possible. The Claimant receiving such notice will be allowed 15 days from the date of emailing or mailing to cure the deficiency, if possible. If the Claimant does not or cannot cure the deficiency, the Settlement Administrator will, after consultation with Class Counsel and Costco's Counsel, deny the Claim.

## 4. OBTAINING COURT APPROVAL OF THE AGREEMENT

4.1 **Preliminary Approval.** Class Counsel will draft the Motion for Preliminary approval and will provide that draft to Costco's Counsel. The motion shall be written in a neutral manner that plainly states Plaintiff's allegations and claims while making clear that Costco denies every allegation of wrongdoing and admits no liability. The motion will request that the Court certify the Settlement Class. Costco will not oppose the motion. Costco may, however, provide feedback concerning the motion, and Class Counsel will meet and confer with Costco's Counsel in good faith regarding Costco's feedback.

4.2 **CAFA Notice.** Once Plaintiff files the Motion for Preliminary Approval, the Settlement Administrator will provide timely notice of the motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*

4.3 **Final Approval and Final Judgment.**  In accordance with the schedule set in the Preliminary Approval Order, Class Counsel will draft the Motion for Final Approval of the Settlement and will provide a draft to Costco's Counsel at least 2 days prior to the deadline to file the motion, unless otherwise agreed to by the Parties.  The motion shall be written in a neutral manner that plainly states Plaintiff's allegations and claims while making clear that Costco denies every allegation of wrongdoing and admits no liability. Costco may provide feedback concerning the motion, and Class Counsel will meet and confer with Costco in good faith regarding Costco's feedback.

**5. OBJECTIONS**

5.1 Settlement Class Members may file objections to the Settlement and/or Class Counsel's request for Attorneys' Fees and Costs Payment.

5.2 Any Settlement Class Member who intends to object to the Settlement must submit the written objection to the Court either by filing it in person at any location of the United States District Court for the Southern District of Florida or by mailing it to the Clerk of the Court for filing, to the Settlement Administrator, to Class Counsel, and Costco's Counsel.

To be valid, the objection must include the following: (a) the name of the Action; (b) the objector's full name, address, and telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (e) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (f) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (g) a copy of orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; (h) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (i) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (j) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (k) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (l) the objector's signature (an attorney's signature is not sufficient).

To be timely, the objection must (1) be submitted to the Court either by filing it in person at any location of the United States District Court for the Southern District of Florida or by mailing it to the Clerk of the Court for filing, and (2) be filed or postmarked by the Objection Deadline.

5.3     Any Settlement Class Member who fails to timely file with the Court a written objection in accordance with the terms of Section 5.2 of this Agreement and as detailed in the Notice shall waive and forfeit any and all rights the Settlement Class Member may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of this Agreement by appeal or other means; and shall be bound by all the terms of this Agreement and by all proceedings, orders, and judgments in the Action.

5.4     Class Counsel shall file their Application for Approval of Attorneys' Fee and Costs Payment 45 days before the Final Approval Hearing.  Once it is filed, the Application for Approval of Attorneys' Fee and Costs Payment shall be posted on the Settlement Website.

5.5     Plaintiff and Costco shall have the right, but not the obligation, to respond to any objection no later than 15 days prior to the Final Approval Hearing. The party responding shall file a copy of the response with the Court and shall serve a copy on the objector (or counsel for the objector).

## 6.     OPT-OUTS

6.1     **Requests to opt out.**  The Notice will advise all members of the Settlement Class of their right to exclude themselves from the Settlement.  The Settlement will not bind any individuals who timely exclude themselves from the Settlement.

6.2     **Requesting process.**  To request to opt out of the Settlement, members of the Settlement Class must timely submit a written request to opt out either via the Settlement Website or by U.S. mail to the Settlement Administrator, which will be responsible for receiving and processing requests to opt out.

6.3     **Opt-Out Deadline.**  To be excluded from the Settlement, the request to opt out must be submitted via the Settlement Website or postmarked no later than 30 days before the Final Approval Hearing.

6.4     **Effect of opt-out.**  Any person who is a member of the Settlement Class and who validly and timely requests to opt out of the Settlement shall not be (i) a Settlement Class Member; (ii) bound by the Settlement; (iii) eligible to apply for or receive any benefit under the terms of the Settlement; and (iv) entitled to submit an objection to the Settlement.

6.5     **Opt-Out list.**  No later than 15 days after the Opt-Out Deadline, the Settlement Administrator will provide Class Counsel and Costco's Counsel with the list of persons who have timely and validly excluded themselves from the Settlement.

6.6     **Effect of opt-outs.**  If 5% or more of the members of the Settlement Class validly and timely opt out of the Settlement, then Costco shall have the option to rescind this Agreement, in which case all of Costco's obligations under this Agreement shall cease to be of any force and effect, and this Agreement shall be rescinded, cancelled, and annulled.  If Costco exercises this option, it shall provide Plaintiff with written notice

of its election within 15 days of receiving the opt-out list from the Settlement Administrator, at which point the Parties shall return to their respective positions that existed prior to the execution of this Agreement. No term of this Agreement or any draft thereof, or the negotiation, documentation, or other part of aspect of the Parties' settlement discussions, or any filings or orders respecting the Settlement or any aspect of the Settlement, shall have any effect or be admissible as evidence for any purpose in the Action, or in any other proceeding.

**7.     NOTICE AND SETTLEMENT ADMINISTRATION**

7.1     Costco will provide to the Settlement Administrator (but not to Class Counsel) the names, addresses, and email addresses for all members of the Settlement Class for whom it has available records within 15 days of the date of entry of the Preliminary Approval Order. Class Counsel shall be permitted access to individual Settlement Class member information on an as-needed basis.

7.2     The Settlement Administrator will administer the Notice in accordance with the Preliminary Approval Order. The Settlement Administrator will keep identities and contact information of members of the Settlement Class confidential, using them only for purposes of administering this Settlement.

7.3     **Notice Program.** The Parties agree upon and will seek Court approval of the following forms and methods of notice to the members of the Settlement Class:

7.3.1     **Settlement Website.** The Settlement Administrator will establish and maintain a Settlement Website with a mutually acceptable domain name. The Settlement Website will be optimized for viewing on both mobile devices and personal computers. The Settlement Website will include a readily accessible means for members of the Settlement Class to electronically submit a Claim Form or request to opt out, as well as an address to which Claim Forms or requests to opt out may be mailed. The Settlement Website will be live on the Notice Date and shall remain online and operable for 60 days after Final Approval.

7.3.2     **Toll-Free Number.** The Settlement Administrator will establish a toll-free telephone number where members of the Settlement Class may call and listen to pre-recorded answers to frequently asked questions and can request a copy of the Long Form Notice, the Claim Form, and other case documents.

7.3.3     **Email Notice.** The Settlement Administrator will email to each member of the Settlement Class for whom Costco has an available email address a copy of the Email Notice. The Email Notice shall contain a link to the Settlement Website.

7.3.4     **Postcard Notice.** For members of the Settlement Class (a) who do not have valid and available email addresses in Costco's records, or (b) for whom the Email Notice is returned as undeliverable, the Settlement Administrator will mail to each such member of the Settlement Class for whom a mailing address can be located a Postcard Notice. All Postcard Notices returned by the U.S. Postal Service with a forwarding address will be re-mailed to that address.

7.4     The Settlement Administrator has agreed to perform all Notice and administration duties required by the Settlement ("Settlement Administration").  The Parties agree that the Settlement Administrator may make non-material modifications to the Notice and Claim Form without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement and Preliminary Approval Order.

7.5     Costco shall pay the Settlement Administrator for Settlement Administration, separate and apart from Settlement Class Member Payments and the Attorneys' Fees and Costs Payment. Within 14 days after Preliminary Approval, Costco shall deposit funds with the Settlement Administrator sufficient to cover the costs of Notice and settlement administration associated with Notice and claims processing, as estimated by the Settlement Administrator.

## 8.     CLASS COUNSEL ATTORNEYS' FEES AND COSTS

8.1     Class Counsel agrees to seek, and Costco agrees not to oppose, total attorneys' fees and costs not to exceed $750,000. In no event shall Costco be liable for any attorneys' fees and costs in excess of this amount.  The amount of attorneys' fees and costs, which is subject to Court approval, was negotiated at arm's length, and only after agreement was reached on all substantive terms of the settlement.

8.2     Costco shall pay the Court-approved Attorneys' Fees and Costs separate and apart from the Settlement Class Member Payments and payments to the Settlement Administrator for Settlement Administration.

8.3     The Court's award of any Attorneys' Fees and Costs Payment shall be separate from the determination of whether to approve the Settlement. In the event the Court approves the Settlement but declines to award Class Counsel attorneys' fees or costs in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties to the extent consistent with the Court's instructions.

## 9.     DENIAL OF LIABILITY; PROHIBITION OF USE

9.1     Costco vigorously denies all of the allegations in the Action.  Costco enters into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind.  Costco further denies the truth of any of the claims asserted in the Action, including any allegations that Plaintiff or any member of the Settlement Class has been harmed by any conduct by Costco, whether as alleged in the Action or otherwise. Costco nonetheless has concluded that it is in its best interests that the Action be settled on the terms and conditions set forth herein in light of the expense that would be necessary to defend this litigation and the benefits of disposing of protracted and complex litigation.

9.2     To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Costco, or to establish the truth of any of the claims or allegations alleged in the Action.

9.3     Neither the Agreement nor anything that the Parties said or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of any Party's fault, liability, or wrongdoing of any kind; nor as an admission of any lack of merit of the causes of action asserted in the Action.

9.4     To the extent permitted by law, the Agreement may be pleaded or invoked as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for the Released Claims.

**10.     RELEASES AND WARRANTIES**

10.1    As of the Effective Date, Releasing Parties hereby fully and irrevocably release and forever discharge Released Parties from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether state or federal, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, that have been or could have been asserted in the Action related to the purchase, sale, and warranty of Interstate Batteries during the Class Period (the "Released Claims").  The Released Claims exclude claims for personal injury.

10.2    In consideration for this Agreement and the consideration set forth herein, Plaintiff and the Settlement Class Members acknowledge that the release herein includes potential claims and costs that may not be known or suspected to exist, and that Plaintiff and the Settlement Class Members hereby agree that all rights under California Civil Code § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived.  California Civil Code § 1542 states as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

10.3    Each Party to this Agreement represents and warrants that they have not heretofore assigned or transferred, or purported to assign or transfer, any of the Released Claims to any other person and that they are fully entitled to compromise and settle the same.

10.4    No person will have any claim of any kind against the Parties or their counsel or the Settlement Administrator with respect to the Settlement and the matters set forth herein or based on determinations or distributions made substantially in accordance with this Agreement, the Final Approval Order, or other order(s) of the Court.

## 11.    EFFECTIVE DATE OF THE AGREEMENT; TERMINATION

11.1    The "Effective Date" of this Agreement shall be the first day after which all of the following events and conditions of this Agreement have been met or have occurred:

11.1.1  All of the Parties and their counsel have executed this Agreement;

11.1.2  The Court has entered the Final Approval Order finally approving the Settlement and has entered Judgment; and

11.1.3  The Judgment has become final in that the time for appeal of, or writ as to, the Judgment has expired or, if any such appeal and/or petition for review is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become final as contemplated by this Section.

11.1.4  Notwithstanding the foregoing, in the event there are no objections to the Settlement, Costco shall pay the Attorneys' Fees and Costs Payment within 14 days of Final Approval.

11.2    If the Judgment does not become final and/or this Agreement is terminated pursuant to the express provisions of this Agreement or for cause or fails to become effective for any reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement.  In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the status quo ante with respect to the Action as if this Agreement had never been entered into.  In the event of a termination, the Settlement Administrator shall return any remaining monies funded by Costco for Settlement Administration within 14 days of receiving notice of the termination.

## 12.    MISCELLANEOUS

12.1    **Extensions of time.**  All time periods and dates described in this Agreement are subject to the Court's approval.  Unless otherwise ordered by the Court, the Parties through their counsel may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.  The time periods and dates provided for herein or in the Preliminary Approval Order may be altered by the Court or through written consent of the Parties' counsel, without notice to the Settlement Class; provided, however, that any such changes will be posted on the Settlement Website.

12.2    **Integration.**  This Agreement, including all exhibits, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

12.3    **Governing law.** This Agreement shall be construed in accordance with, and be governed by, the laws of Florida, without regard to the principles thereof regarding choice of law.

12.4    **Gender and plurals.** As used in this Agreement, the masculine, feminine, or neutral gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

12.5    **Representative capacity.** Each person executing this Agreement in a representative capacity represents and warrants that they are empowered to do so.

12.6    **Headings and counterparts.** The headings or captions in this Agreement will not be deemed to have any effect and are provided for convenience only. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

12.7    **Cooperation of Parties.** The Parties and their counsel agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement.

12.8    **Voluntary execution.** This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them. The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing. Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement. Accordingly, in any construction or interpretation to be made of this Agreement, the Agreement shall not be construed as having been drafted solely by any one or more of the Parties or their counsel. The Agreement has been, and must be construed to have been, drafted by all Parties and their counsel, so that any rule that construes ambiguities against the drafter will have no force or effect.

12.9    **Notices.** Any notice provided in connection with the Agreement or other document to be given by any Party to any other Party shall be in writing and (1) delivered personally or by registered or certified mail, postage prepaid, to the appropriate address(es) set forth immediately below, or to other contact points as the Parties may identify by notice given in accordance with this Section; and also (2) transmitted by email to the appropriate email address(es) set forth immediately below.

**INTENTIONALLY BLANK**

| Notice to Plaintiff and Class Counsel: | Notice to Costco: |
|---|---|
| Jeff Ostrow<br>KOPELOWITZ OSTROW P.A.<br>One West Las Olas Blvd., Suite 500<br>Fort Lauderdale, Florida 33301<br>ostrow@kolawyers.com<br><br>Geoffrey Stahl<br>GORDON & PARTNERS P.A.<br>4114 Northlake Boulevard<br>Palm Beach Gardens, Florida 33410<br>GStahl@fortheinjured.com | Purvi G. Patel<br>MORRISON & FOERSTER, LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017-3543<br>PPatel@mofo.com |

The notice recipients and addresses designated above may be changed by written notice pursuant to this Section.

12.10   **Modification or amendment.**  Except as otherwise provided herein, this Agreement may be amended or modified only by a written instrument signed by the Parties' counsel.

12.11   **Continuing jurisdiction.**  Any and all disputes arising from or related to the Settlement or this Agreement must be brought by the Parties, Class Counsel, Costco's Counsel and/or each Settlement Class Member, exclusively in the Court.  The Parties, Class Counsel, Costco's Counsel, and each Settlement Class Member hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement or this Agreement.

Date:  September  7 , 2023          **JOHN SKRANDEL**

By: *John J.R. Skrandel*
John J.R. Skrandel (Sep 7, 2023 13:23 EDT)
John Skrandel


Date:  September __, 2023          **COSTCO WHOLESALE CORPORATION**

By:_____
By:
Its:

| Notice to Plaintiff and Class Counsel: | Notice to Costco: |
|---|---|
| Jeff Ostrow<br>KOPELOWITZ OSTROW P.A.<br>One West Las Olas Blvd., Suite 500<br>Fort Lauderdale, Florida 33301<br>ostrow@kolawyers.com<br><br>Geoffrey Stahl<br>GORDON & PARTNERS P.A.<br>4114 Northlake Boulevard<br>Palm Beach Gardens, Florida 33410<br>GStahl@fortheinjured.com | Purvi G. Patel<br>MORRISON & FOERSTER, LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017-3543<br>PPatel@mofo.com |

The notice recipients and addresses designated above may be changed by written notice pursuant to this Section.

12.10 **Modification or amendment.** Except as otherwise provided herein, this Agreement may be amended or modified only by a written instrument signed by the Parties' counsel.

12.11 **Continuing jurisdiction.** Any and all disputes arising from or related to the Settlement or this Agreement must be brought by the Parties, Class Counsel, Costco's Counsel and/or each Settlement Class Member, exclusively in the Court. The Parties, Class Counsel, Costco's Counsel, and each Settlement Class Member hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement or this Agreement.

Date: September __, 2023        **JOHN SKRANDEL**


By:_____
        John Skrandel


Date: September 6, 2023        **COSTCO WHOLESALE CORPORATION**


By:_____
        By: _____
        Its: Cost. Counsel

APPROVED AS TO FORM:

Date: September 6, 2023        By: *Jeffrey Ostrow*
                                   Jeffrey Ostrow (Sep 6, 2023 17:40 EDT)
                                   Jeff Ostrow
                                   Kopelowitz Ostrow P.A.
                                   **Attorneys for Plaintiff and the Settlement Class**


Date: September 6, 2023        By: *Geoffrey Stahl*
                                   Geoffrey Stahl (Sep 6, 2023 17:47 EDT)
                                   Geoffrey Stahl
                                   Gordon & Partners, P.A.
                                   **Attorneys for Plaintiff and the Settlement Class**


Date: September 6, 2023        By: *Purvi G. Patel*
                                   Purvi G. Patel (Sep 6, 2023 14:52 PDT)
                                   Purvi G. Patel
                                   Morrison & Foerster LLP
                                   **Attorneys for Costco Wholesale Corporation**

# EXHIBIT 1

To:      [Class Member Email Address]
From:    Battery Warranty Class Action - Settlement Administrator
Subject: Notice of Proposed Class Action Settlement – Skrandel v. Costco Wholesale Corporation

---

**Claim ID: <<Claim ID>>**
**Confirmation Code: <<Confirmation Code>>**

*Skrandel v. Costco Wholesale Corporation,* Case No. 9:21-cv-80826-BER

**IF YOU PURCHASED A "FREE REPLACEMENT" INTERSTATE BATTERY
FROM COSTCO AND WERE CHARGED OUT-OF-POCKET WHEN YOU
REPLACED THAT BATTERY UNDER WARRANTY
BETWEEN MAY 7, 2016, AND JUNE 30, 2023,
A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

*A Federal Court in the Southern District of Florida authorized this Email Notice.
This is **not** a solicitation from a lawyer.*

A proposed Settlement has been reached in a class action proceeding.  There are two Settlement Classes: (1) Matched Replacement Transaction Settlement Class; and (2) Unmatched Replacement Settlement Class.

If you are a member of the **Matched Replacement Transaction Settlement Class**, you do not need to do anything to receive a cash payment.

If you are a member of the **Unmatched Replacement Transaction Settlement Class**, you must timely submit a Valid Claim to receive a cash payment.

**Read this Email Notice and visit www.BatteryWarrantyClassAction.com or call [number] for more information and to review the Settlement Agreement.**

**What is this lawsuit about?**  Plaintiff alleges that when a Costco member purchased a recreational or automotive Interstate Battery with "free replacement" on the label ("Interstate Battery") and then later sought to replace the battery under warranty at a Costco warehouse, Costco charged the member out-of-pocket when the replacement battery's price had increased.  Costco denies all the allegations made in the lawsuit and does not make any admission of guilt or wrongdoing by entering into the Settlement.

**Who is included?**  Visit www.BatteryWarrantyClassAction.com to and input your **Claim Number [insert]** and **Confirmation Code [insert]** to confirm if you are a member of the Matched Replacement Transaction Settlement Class, the Unmatched Replacement Transaction Settlement Class, or both. You may also call [number] or contact the Settlement Administrator by email at info@BatteryWarrantyClassAction.com if you need additional help.

The **Matched Replacement Transaction Settlement Class** consists of: All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7,

2016, and June 30, 2023, at a Costco warehouse located in the United States, and who meet the following criteria: (a) the return transaction occurred at least 30 or more days after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there are two or fewer Interstate Battery return transactions.

The **Unmatched Replacement Transaction Settlement Class** consists of: All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and who meet **either** of the following sets of criteria: (a) the return transaction occurred at least 30 days or more after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there were three or more Interstate Battery return transactions; **or** (a) the return transaction occurred within 30 days of the original purchase transaction; or (b) the replacement transaction occurred more than 30 days after their return transactions.

**What benefits does the Settlement provide?** Under the Settlement, Costco has agreed to pay $1,143,728.15 into a cash settlement fund for the benefit of the **Matched Replacement Transaction Settlement Class**. Matched Replacement Transaction Settlement Class members will automatically receive a cash payment in the full amount that they paid out-of-pocket for their replacement Interstate Battery, based on Costco's records.

**Unmatched Replacement Transaction Settlement Class members** who submit a timely and valid Claim will receive a cash payment in the full amount they paid out-of-pocket for their replacement Interstate Battery, based on Costco's records. The Claim Form will be pre-populated with purchase, return, and replacement transaction records and will require Claimants to match original, return, and replacement transactions resulting in an out-of-pocket payment for a replacement battery.  Costco agrees to pay a maximum of $1,259,276.33 for all timely and valid claims made by the Unmatched Replacement Transaction Settlement Class, and the amount of the cash payment may be reduced pro rata based upon the number of timely and valid claims.

Costco has also agreed, subject to Court approval, to separately pay Class Counsel's attorneys' fees and costs in the amount of $750,000.00, and all settlement administration costs.

**What are the options?**  If you are **Matched Replacement Transaction Settlement Class member**, you do not need to do anything to receive a cash payment.  You will automatically receive the cash payment, provided you do not opt out of the Settlement.  You will receive the cash payment in the same manner you received notice (i.e., those who received Email Notice will receive a digital payment; those who received Postcard Notice will receive a paper check), unless you make a contrary election on the Settlement Website.  If you do nothing, and if the Settlement is approved and becomes final, you will receive a cash payment and you will give up your right to bring your own lawsuit against Costco about the issues in the Action.

If you are an **Unmatched Replacement Transaction Settlement Class member**, you must submit a timely and valid Claim Form to receive a cash payment.  You will have the option to select your preferred form of payment (digital or paper check) when submitting your Claim Form. If you do not select a preferred method of payment and your claim is valid, you will receive the cash payment in the same manner you received notice (i.e., those who received Email Notice will receive a digital payment; those who received Postcard Notice will receive a paper check).  Claim Forms may be submitted online at www.BatteryWarrantyClassAction.com or by mailing the Claim

Form to Battery Warranty Class Action, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. **Claim Forms must be submitted or postmarked no later than the Claim Form Deadline of [date].** If you do nothing, you will not receive a cash payment and will give up your right to bring your own lawsuit against Costco about the issues in the Action.

If you opt out of the Settlement (meaning you are excluding yourself), you will give up your right to receive a cash payment; however, you will retain any right you may have to sue Costco about the issues in this Action. **To opt out, you must timely submit a signed, written request to opt out by [date]**, either via www.BatteryWarrantyClassAction.com or by U.S. mail to Battery Warranty Class Action, Attn: Exclusions, P.O. Box 58220, Philadelphia, PA 19102, **postmarked no later than [date].** If you do not opt out, you may object to the Settlement and/or to Class Counsel's Application for Approval of Attorneys' Fees and Costs in the amount of $750,000.00. **Your objection must be postmarked no later than [date].** For more information on the opt-out and objection requirements, visit www.BatteryWarrantyClassAction.com.

**What happens next?** The Court will hold a Final Approval Hearing on [date] at [time], at the U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida, Courtroom __ to decide whether to approve the Settlement and how much in attorneys' fees and costs to award to Class Counsel for representing the Settlement Class. If you are a Settlement Class Member, you or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change without further notice. Any changes will be posted at www.BatteryWarrantyClassAction.com.

**Who represents the Settlement Class?** The Court has appointed the following attorneys to represent the Settlement Class: Jeff Ostrow and Jonathan Streisfeld of Kopelowitz Ostrow P.A. and Geoffrey Stahl and Steven Calamusa of Gordon & Partners, P.A. Settlement Class Members do not need to pay these attorneys out of their own pockets. These attorneys who worked on behalf of the Plaintiff and Settlement Classes will apply for compensation under the terms of the Settlement. If you are a Settlement Class Member and want to be represented by your own lawyer, you may hire one at your own expense.

**How do I get more information?** For more information, including to file a Claim or to view copies of case documents including a Long Form Notice about your rights under the proposed Settlement, the full Settlement Agreement, and other important documents related to the Settlement (once they are filed), visit www.BatteryWarrantyClassAction.com or call [number].

PLEASE DO NOT CALL THE COURT, THE COURT CLERK'S OFFICE, OR COSTCO TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

To unsubscribe from this list, please click on the following link: [hyperlink]

# EXHIBIT 2

Battery Warranty Class Action
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

## «ScanString»

Postal Service: Please do not mark barcode

Claim ID: «Claim ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

---

**Important Notice About
a Class Action Lawsuit**

A federal Court in the
Southern District of
Florida issued this Notice.
It is not a solicitation from
a lawyer.

**IF YOU PURCHASED A
"FREE REPLACEMENT"
INTERSTATE BATTERY
FROM COSTCO AND WERE
CHARGED OUT-OF-POCKET
WHEN YOU REPLACED
THAT BATTERY UNDER
WARRANTY BETWEEN MAY
7, 2016, AND JUNE 30, 2023,
A PROPOSED CLASS
ACTION SETTLEMENT MAY
AFFECT YOUR RIGHTS.**

A proposed Settlement has been reached in a class action entitled *Skrandel v. Costco Wholesale Corporation*, Case No. 9:21-cv-80826-BER. The Plaintiff alleges that when a Costco member purchased a recreational or automotive Interstate Battery with "free replacement" on the label ("Interstate Battery") and then later sought to replace the battery under warranty at a Costco warehouse, Costco charged the member out-of-pocket when the replacement battery's price had increased. Costco denies all the allegations made in the lawsuit and does not make any admission of guilt or wrongdoing by entering into the Settlement.

**Who's included?** There are two Settlement Classes: (1) Matched Replacement Transaction Settlement Class; and (2) Unmatched Replacement Settlement Class. Visit **www.BatteryWarrantyClassAction.com** ("Settlement Website") and input your **Claim Number** and **Confirmation Code** (located on the front of this postcard) to see if you are a member of either class or both. You may also call the number below if you need help.

**What does the Settlement provide?** Costco has agreed to pay $1,143,728.15 into a cash settlement fund for the benefit of the **Matched Replacement Transaction Settlement Class ("Matched Class").** Matched Class members will automatically receive a cash payment in the full amount that they paid out-of-pocket for their replacement Interstate Battery, based on Costco's records. **Unmatched Replacement Transaction Settlement Class members ("Unmatched Class")** who submit a timely and valid Claim will receive a cash payment in the full amount they paid out-of-pocket for their replacement Interstate Battery, based on Costco's records. Costco agrees to pay a maximum of $1,259,27633 for all timely and valid claims made by the Unmatched Replacement Transaction Settlement Class, and the amount of the cash payment may be reduced pro rata based on the number of timely and valid claims. Costco has also agreed, subject to Court approval, to separately pay Class Counsel's attorneys' fees and costs in the amount of $750,000.00, and all settlement administration costs.

**How do you get a payment? If you are a member of the Matched Class** you will automatically receive a cash payment, provided you do not opt out of the Settlement. Payment will be made via check, unless you elect a digital payment on the Settlement Website. If you are a member of the **Unmatched Class** you must file a timely and valid Claim to receive a cash payment. Claim Forms may be submitted online at the Settlement Website or by mail. **Claim Forms must be submitted no later than [date].**

**What are your other options?** You can do nothing, opt out of the Settlement, or object to the Settlement. If you do nothing, you will be legally bound by the Settlement. Matched Class Members will automatically receive a payment while Unmatched Class Members must file a Claim. If you do not opt out by [date]. If you do not opt out, you may object to the Settlement by [date].

**For more information about the Settlement, how to make a claim, elect digital form of payment, exclude yourself, object, or attend the Final Approval Hearing, please visit the website or call the toll-free number below.**

**www.BatteryWarrantyClassAction.com    •    [telephone number]**

# EXHIBIT 3

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

United States District Court for the Southern District of Florida
*Skrandel v. Costco Wholesale Corporation;*
Case No. 9:21-cv-80826-BER

> **IF YOU PURCHASED A "FREE REPLACEMENT" INTERSTATE BATTERY FROM COSTCO AND WERE CHARGED OUT-OF-POCKET WHEN YOU REPLACED THAT BATTERY UNDER WARRANTY FROM MAY 7, 2016 TO JUNE 30, 2023, A PROPOSED CLASS ACTION SETTLMENT MAY AFFECT YOUR RIGHTS.**

*A Federal Court authorized this Notice. You are not being sued.*

*This is **not** a solicitation from a lawyer.*

- A proposed Settlement has been reached with Costco Wholesale Corporation in a class action lawsuit called *Skrandel v. Costco Wholesale Corporation*, No., 9:21-cv-808263-BER, pending in the United States District Court for the Southern District of Florida.  The Settlement Agreement can be found at www.BatteryWarrantyClassAction.com.  The capitalized terms used herein are defined in the Settlement Agreement.

  The Plaintiff alleges that when a Costco member purchased a recreational or automotive Interstate Battery with "free replacement" on the label ("Interstate Battery") and then later sought to replace the battery under warranty at a Costco warehouse, Costco charged the member out-of-pocket when the replacement battery's price had increased.  Costco denies all the allegations made in the lawsuit and does not make any admission of guilt or wrongdoing by entering into the Settlement.

- There are two Settlement Classes: (1) Matched Replacement Transaction Settlement Class; and (2) Unmatched Replacement Settlement Class.

  - The **Matched Replacement Transaction Settlement Class** consists of: All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and meet the following criteria: (a) the return transaction occurred at least 30 or more days after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there are two or fewer Interstate Battery return transactions.

o The **Unmatched Replacement Transaction Settlement Class** consists of: All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and who meet **either** of the following sets of criteria: (a) the return transaction occurred at least 30 days or more after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there were three or more Interstate Battery return transactions, **or** (a) the return transaction occurred within 30 days of the original purchase transaction; or (b) the replacement transaction occurred more than 30 days after their return transactions.

- Each Settlement Class member will receive a unique Claim number that they can enter on the Settlement Website at www.BatteryWarrantyClassAction.com to see if they are a member of the Matched Replacement Transaction Settlement Class, the Unmatched Replacement Transaction Settlement Class, or both.

- Your rights are affected whether you act or don't act. Please read this Long Form Notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **AUTOMATIC CASH PAYMENT FOR MATCHED REPLACEMENT TRANSACTION SETTLEMENT CLASS MEMBERS** | If you are a **Matched Replacement Settlement Class member**, you do not need to do anything to receive a cash payment from this Settlement. Matched Replacement Settlement Class members will receive the cash payment in the same manner they received notice (i.e., those who received Email Notice will receive a digital Cash Payment; those who received Postcard Notice will receive a paper check), unless you make a contrary election for a digital payment on the Settlement Website. | **NO DEADLINE** |
| **SUBMIT A CLAIM FOR A CASH PAYMENT FOR UNMATCHED REPLACEMENT TRANSACTION SETTLEMENT CLASS MEMBERS** | If you are an **Unmatched Replacement Settlement Class member**, the only way to receive a cash payment is by submitting a valid and timely Claim Form. You can submit your completed Claim Form online at www.BatteryWarrantyClassAction.com or download the Claim Form from the Settlement Website and mail it to the Settlement Administrator at the address in Section 9 below. You may also call the Settlement Administrator to receive a paper copy of the Claim Form. You will have the option to select your preferred form of payment (digital or paper check) when submitting your Claim Form. If you do not select a preferred method of payment and your Claim is valid, you will receive the cash payment in the same manner you received notice (i.e., those who received Email Notice will receive a digital payment; those who received Postcard Notice will receive a paper check). | **[date]** |

2

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no cash payment.  This is the only option that allows you to keep your right to bring a claim against Costco for the claims in the Settlement. | **[date]** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also receive an automatic cash payment as a Matched Replacement Transaction Settlement Class member or submit a Claim for a cash payment as an Unmatched Replacement Transaction Settlement Class member. | **[date]** |
| **DO NOTHING** | Unless you opt out of the settlement, you are automatically part of the Settlement. If you are a **Matched Replacement Transaction Settlement Class member** and do nothing, you will receive a cash payment and you will give up the right to sue, continue to sue, or be part of another lawsuit against Costco and others related to the legal claims resolved by this Settlement. If you are an **Unmatched Replacement Transaction Settlement Class member** and do nothing, you will not receive a cash payment and you will give up the right to sue, continue to sue, or be part of another lawsuit against Costco and others related to the legal claims resolved by this Settlement. | N/A |

- These rights and options—**and the deadlines to exercise them**—are explained in this Long Form Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be provided only after any issues with the Settlement are resolved. If approval is denied, is reversed on appeal, or does not become final, the case will continue, and no payments will be made. Please be patient.

## WHAT THIS LONG FORM NOTICE CONTAINS

BASIC INFORMATION......................................................................................................4

WHO IS IN THE SETTLEMENT?.....................................................................................5

THE SETTLEMENT BENEFITS.........................................................................................6

HOW TO GET A CASH PAYMENT OR SUBSCRIPTION BENEFIT MAKING A CLAIM .............................7

THE LAWYERS REPRESENTING YOU ...........................................................................8

OPTING OUT OF THE SETTLEMENT ............................................................................9

COMMENTING ON OR OBJECTING TO THE SETTLEMENT.........................................10

THE COURT'S FINAL APPROVAL HEARING...............................................................11

IF I DO NOTHING ..........................................................................................................12

GETTING MORE INFORMATION ..................................................................................12

# BASIC INFORMATION

## 1. Why was this Long Form Notice issued?

A Federal Court in Florida authorized this Long Form Notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to grant Final Approval of the Settlement. This Long Form Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

United States Magistrate Judge Bruce Reinhart of the District Court for the Southern District of Florida is overseeing this class action. The Action is captioned *Skrandel v. Costco Wholesale Corporation;* Case No. 9:21-cv-80826-BER. The person that filed this lawsuit is called the "Plaintiff" and the company they sued is called the "Defendant."

## 2. What is this Action about?

Plaintiff alleges that when a Costco member purchased a recreational or automotive Interstate Battery with "free replacement" on the label ("Interstate Battery") and then later sought to replace the battery under warranty at a Costco warehouse, Costco charged the member out-of-pocket when the replacement battery's price had increased. Costco denies all the allegations made in the lawsuit and does not make any admission of guilt or wrongdoing by entering into the Settlement.

A copy of the Complaint in the lawsuit can be found at the Settlement website, www.BatteryWarrantyClassAction.com. The Settlement, if approved, resolves the lawsuit and provides benefits to Settlement Class Members who do not opt out from the Settlement Class.

4

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "Class Representatives" or "Plaintiffs." Together, the people included in the class action are called a "class" or "class members." One court resolves the lawsuit for all class members, except for those who opt out from a settlement. In this Settlement, the Class Representative is John Skrandel.

## 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiff or Costco. Costco denies all claims and contends that it has not violated any laws. Plaintiff and Costco agreed to a Settlement to avoid the costs and distractions associated with continuing to litigate. The Plaintiff and his attorneys think the Settlement is best for all Settlement Class members.

## WHO IS IN THE SETTLEMENT?

## 5. Who is included in the Settlement?

There are two Settlement Classes: (1) **the Matched Replacement Transaction Settlement Class** and (2) the **Unmatched Replacement Transaction Settlement Class**. Each Settlement Class member will receive a unique Claim number that they can enter on the Settlement Website at www.BatteryWarrantyClassAction.com to see if they are a member of the Matched Replacement Transaction Settlement Class, the Unmatched Replacement Transaction Settlement Class, or both. They can also call [number] for help.

1.    The **Matched Replacement Transaction Settlement Class** consists of: All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and meet the following criteria: (a) the return transaction occurred at least 30 or more days after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there are two or fewer Interstate Battery return transactions.

2.    The **Unmatched Replacement Transaction Settlement Class** consists of: All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and who meet **either** of the following sets of criteria: (a) the return transaction occurred at least 30 days or more after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there were three or more Interstate Battery return transactions; **or** (a) the return transaction occurred within 30 days of the original purchase transaction; or (b) the replacement transaction occurred more than 30 days after their return transactions.

## 6. Are there exceptions to being included?

Yes.  Excluded from the Settlement Classes are all persons who are employees, directors, officers, and agents of Costco or its subsidiaries and affiliated companies, the Court, the Court's immediate family, and Court staff.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by writing to Settlement Administrator at info@BatteryWarrantyClassAction.com or :

Battery Warranty Class Action
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

You may also view the Settlement Agreement at www.BatteryWarrantyClassAction.com.

## THE SETTLEMENT BENEFITS

## 7. What does the Settlement provide?

Under the Settlement, Costco has agreed to pay $1,143,728.15 into a settlement fund for the benefit of the **Matched Replacement Transaction Settlement Class**. Matched Replacement Transaction Settlement Class members will automatically receive a cash payment in the full amount that they paid out-of-pocket for their replacement Interstate Battery, based on Costco's records.  Matched Replacement Settlement Class members will receive the cash payment in the same manner they received notice (i.e., those who received Email Notice will receive a digital cash payment; those who received Postcard Notice will receive a paper check), unless they make a contrary election on the Settlement Website.

**Unmatched Replacement Transaction Settlement Class members** who submit a timely and valid Claim will receive a cash payment in the full amount they paid out-of-pocket for their replacement Interstate Battery, based on Costco's records. The Claim Form will be pre-populated with purchase, return, and replacement transaction records and will require Claimants to (1) match original, return, and replacement transactions resulting in an out-of-pocket payment for a replacement battery, and (2) attest that they purchased and returned the listed Interstate Batteries. Costco agrees to pay a maximum of $1,259,276.33 for all timely and valid Claims made by the Unmatched Replacement Transaction Settlement Class, and the amount of the cash payment may be reduced pro rata based on the number of timely and valid claims.

Costco has also agreed, subject to Court approval, to separately pay Class Counsel's attorneys' fees and costs in the amount of $750,000.00, and all Settlement Administration costs.

## 8. How much will my cash payment be?

If the Settlement is approved and becomes final, **Matched Replacement Transaction Settlement Class** members will automatically receive a cash payment in the full amount that they paid out-of-pocket for their replacement Interstate Battery, based on Costco's records.  The average Matched Replacement Transaction cash payment is estimated to be $6.28. The amount may be more or less depending upon what was actually spent out-of-pocket.

If the Settlement is approved and becomes final, **Unmatched Replacement Transaction Settlement Class** members who submit timely and Valid Claims, will be paid the value of the money they paid out-of-pocket for their replacement Interstate Battery, based on Costco's records. The average Unmatched Replacement Transaction cash payment is estimated to be $8.55.  The amount of the Unmatched Replacement Transaction Settlement Class member cash payment may be more or less depending upon the amount actually spent out-of-pocket, and further reduced pro rata based on the number of timely and Valid Claims.

## 9. What claims am I releasing if I stay in the Settlement Class?

Unless you opt-out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against Costco about any of the legal claims this Settlement resolves.  The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class.  The Settlement Agreement can be found at www.BatteryWarrantyClassAction.com.

### HOW TO GET AN AUTOMATIC CASH PAYMENT OR
### HOW TO SUBMIT A CLAIM FOR A CASH PAYMENT

If you are a **Matched Replacement Transaction Settlement Class** member, you do not have to do anything to receive a cash payment. You will automatically receive a cash payment for the full amount you paid out-of-pocket for your replacement battery, provided you do not opt out of the Settlement.  **Matched Replacement Settlement Class** members will receive the cash payment in the same manner they received notice (i.e., those who received Email Notice will receive a digital payment; those who received Postcard Notice will receive a paper check), unless they make a contrary election for a digital payment on the Settlement Website.

If you are an **Unmatched Replacement Transaction Settlement Class** member, you must submit a timely and valid Claim Form to get a cash payment.  To submit a Claim, go to www.BatteryWarrantyClassAction.com or call [number] to ask for a Claim Form.  Claim Forms will be pre-populated with purchase, return, and replacement transaction records and will require Claimants to match original, return, and replacement transactions resulting in an out-of-pocket payment for a replacement battery.  You can submit your Claim Form through the Settlement Website, print and submit it via mail, or request that a paper copy be sent to you for submission by mail.  Claim Forms can be submitted by mail to Battery Warranty Class Action, c/o Settlement

Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  You may also select your preferred method of payment (digital or paper check) on the Claim Form.

To be valid, your Claim Form must be complete, accurate, and submitted or postmarked no later than [date].  Your Claim Form must also include a completed penalty of perjury attestation regarding the accuracy of the information submitted.

You may also contact the Settlement Administrator to request a Claim Form by telephone (_____) or by U.S. mail at:

Battery Warranty Class Action<br>
c/o Settlement Administrator<br>
1650 Arch Street, Suite 2210<br>
Philadelphia, PA 19103

## 11. What is the deadline for submitting a Claim?

If you submit a claim by U.S. mail, the completed and signed Claim Form must be postmarked by [date].  If submitting a Claim Form online, you must do so by midnight Eastern time on [date].

## 12. When will I get my cash payment?

The Court will hold a Final Approval Hearing on [month day], 2024, at [time] to decide whether to approve the Settlement and Class Counsel's Application for Attorneys' Fees and Costs for representing the Settlement Class.

If the Court approves the Settlement, there may be appeals.  It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Cash payments will be distributed as soon as possible, but not until the Court grants Final Approval to the Settlement and after any appeals are resolved.

## THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in the case?

Yes.  The Court has appointed the following attorneys to represent the Settlement Class: Jeff Ostrow and Jonathan Streisfeld of Kopelowitz Ostrow P.A. and Geoffrey Stahl and Steven Calamusa of Gordon & Partners, P.A. Together, these attorneys are called "Class Counsel."

## 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf at no additional cost to you.  If you want to be represented by your own lawyer, you may hire one at

your own expense.  For example, you can ask your lawyer to appear in Court for you at your own expense if you want someone other than Class Counsel to represent you.

## 15. How will the lawyers be paid?

Class Counsel will be requesting that the Court approve an Application for Attorneys' Fees and Costs in the amount of $750,000.00.  If approved by the Court, this amount will be paid by Costco separate and apart from the money that will be paid to the Settlement Classes.

## OPTING OUT OF THE SETTLEMENT

## 16. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue Costco about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class.  This is called "opting out" of the Settlement Class.  The last day to opt out of the Settlement is [date].

To opt out of the Settlement, you must submit a written opt-out request that includes the following information: (i) the case name: *Skrandel v. Costco Wholesale Corporation,* Case No. 9:21-cv-80826-BER; (ii) your name, address, telephone number, and email address (if any); (iii)  your personal signature; and (iv) a statement clearly indicating your intent to opt out of the Settlement.

Your opt-out request may be mailed to the Settlement Administrator at the address below or submitted online at www.BatteryWarrantyClassAction.com.  If your opt-out request is mailed, it must be postmarked no later than **[date]**.

Battery Warranty Class Action
Attn: Exclusions
P.O. Box 58220
Philadelphia, PA 19102

If you opt out, you are stating to the Court that you do not want to be part of the Settlement.  You will not be eligible to receive a cash payment if you opt out.  You may only opt out yourself – not any other person.

You can't opt out via phone, fax, or email.

## COMMENTING ON OR OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court if I like or do not like the Settlement?

If you are a Settlement Class Member, you can choose (but are not required) to object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. You can also object to Class Counsel's request for attorneys' fees and costs. The Court will consider your views.

For an objection to be considered by the Court, the objection must also set forth: (a) the objector's full name, mailing address, telephone number, and email address (if any); (b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (c) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each such case; (d) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Approval of Attorneys' Fees and Costs; (e) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each such case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; (f) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (g) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (h) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (i) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (j) the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant may conduct discovery on any objector or objector's counsel.

Objections must be mailed to the Clerk of the Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator. The last day of the Objection Deadline to submit an objection is _____,2023.

If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date on the shipping label.

| Class Counsel | Defendant's Counsel | Settlement Administrator |
|---|---|---|
| Jeff Ostrow<br>Kopelowitz Ostrow P.A.<br>1 W. Las Olas Blvd., Ste. 500<br>Fort Lauderdale, FL 33301<br><br>Geoffrey Stahl<br>Gordon & Partners, P.A.<br>4114 Northlake Blvd.<br>Palm Beach Gardens, FL 33410 | Purvi G. Patel<br>Morrison Foerster LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017 | Angeion<br>Settlement Administration<br>Settlement<br>ATTN: Objections<br>——————<br>—————— |

## 18. What is the difference between objecting and opting out?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not opt out of the Settlement. Opting out from the Settlement is stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

### THE FINAL APPROVAL HEARING

## 19. When is the Final Approval Hearing?

The Court will hold a final approval hearing on **[month day], 2024, at [time] Eastern Time**, at the U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida, Courtroom __, to decide whether to approve the Settlement and Class Counsel's Application for Approval of Attorneys' Fees and Costs for representing the Settlement Classes. If you are a Settlement Class Member, you or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change without further notice. Any changes will be posted at www.BatteryWarrantyClassAction.com. If there is a change of the hearing date, the Opt-out and Objection Deadline will not also change.

## 20. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you file a written objection on time and it meets the other criteria described above, the Court will consider it, and you do not have to come to the Final Approval Hearing. You may also pay your own lawyer to attend, but such attendance is not necessary for the Court to consider an objection that was filed on time.

## IF I DO NOTHING

## 21. What happens if I do nothing at all?

Unless you opt out of the settlement, you are automatically part of the Settlement. If you are a **Matched Replacement Transaction Settlement Class member** and do nothing, you will receive a cash payment and you will give up the right to sue, continue to sue, or be part of another lawsuit against Costco and others related to the legal claims resolved by this Settlement. If you are an **Unmatched Replacement Transaction Settlement Class member** and do nothing, you will not receive a cash payment and you will give up the right to sue, continue to sue, or be part of another lawsuit against Costco and others related to the legal claims resolved by this Settlement.

## GETTING MORE INFORMATION

## 22. How do I get more information?

This Long Form Notice summarizes the proposed Settlement. For the precise terms of the Settlement, please see the Settlement Agreement available at www.BatteryWarrantyClassAction.com or contact Class Counsel (see response to Question No. __ above).

If you have additional questions, you may also contact the Settlement Administrator by phone, or mail:

Toll-Free: (_____) _____

Battery Warranty Class Action, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

**PLEASE DO NOT CONTACT THE COURT OR THE DEFENDANT**

# EXHIBIT 4

<table>
<tr><td>Your Claim Form must be submitted online or postmarked by [date]</td><td>**United States District Court for the Southern District of Florida**<br><br>*Skrandel v. Costco Wholesale Corporation*<br>Case No. 9:21-cv-80826-BER<br><br>**Unmatched Replacement Transaction Settlement Class Claim Form**</td><td>BAT</td></tr>
</table>

**Name:** [insert]

**Address:** [insert]

**Email:** [insert]

**Claim Number:** [insert]

## <u>CLAIM FORM INSTRUCTIONS</u>

1. This Claim Form is for use in submitting Claims in connection with a Settlement concerning the purchase and in-warranty replacement of recreational or automotive Interstate Batteries with "free replacement" on the label ("Interstate Battery") sold by Costco in the United States.

2. If you are a member of the Unmatched Replacement Transaction Settlement Class (defined below), you may submit your Claim Form online via the Settlement Website at www.BatteryWarrantyClassAction.com or by U.S. Mail to the following address:

Battery Warranty Class Action
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

You may input your Claim Number above on the Settlement Website to complete and submit your Claim Form online. **Please make sure to sign the Claim Form before submitting.**

3. Costco's records indicate that you may be a member of the Unmatched Replacement Transaction Settlement Class. The Unmatched Replacement Transaction Settlement Class consists of: All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and who meet **either** of the following sets of criteria: (a) the return transaction occurred at least 30 days or more after their original purchase transaction; (b) the

replacement transaction occurred within 30 days of their return transaction; and (c) there were three or more Interstate Battery return transactions; **or** (a) the return transaction occurred within 30 days of the original purchase transaction; or (b) the replacement transaction occurred more than 30 days after their return transactions.

4. Your Interstate Battery transactions, based on Costco's records, are pre-populated on this Claim Form, and you must match, using a numbering system, an Interstate Battery purchase, return, and replacement purchase that resulted in you making an out-of-pocket payment to Costco.

5. The only thing you must do after matching the purchase, return, and replacement purchase transactions in Section I below, is sign the Claim Form in Section III and timely submit it online at the Settlement Website or in the mail.

   **CLAIM FORM DEADLINE — Your Claim must be submitted online at the Settlement Website by [date]. Claim Forms submitted by mail must be mailed to the Settlement Administrator postmarked no later than [date].**

6. While you may elect your preferred method of payment in Section II (digitally or via paper check), you are not required to do so.  If you do not select a payment method and your Claim is valid, you will receive the cash payment in the same manner you received notice (*i.e.*, those who received Email Notice will receive a digital payment; those who received Postcard Notice will receive a paper check).

7. Please keep a copy of your Claim Form.

8. If you have any questions, please contact the Settlement Administrator by phone at [number], or by mail at the address listed above, and you may also contact Class Counsel at: [insert].

9. **CLAIM FORM DEADLINE — Your Claim must be submitted online at the Settlement Website by [date]. Claim Forms submitted by mail must be mailed to the Settlement Administrator postmarked no later than [date].**

10. All capitalized terms have the same meanings as those defined in the Settlement Agreement.

11. The Settlement Administrator may reject unsigned, duplicative, or fraudulent Claim Forms.

## I. INTERSTATE BATTERY TRANSACTION INFORMATION

**Directions:**  You must match the Interstate Battery transactions below to identify which purchase and return transactions resulted in you making an out-of-pocket payment to Costco for a replacement battery.

To do so, please assign the same number to each matching transaction to indicate they correspond, assigning the same number to the purchase, return, and replacement purchase that resulted in you making an out-of-pocket payment to Costco.

Costco's records reflect that you purchased the following Interstate Batteries:

[Insert Interstate Battery purchase transactions.]

Costco's records reflect you returned the following Interstate Batteries:

[Insert Interstate Battery return transactions.]

Total out-of-pocket damages (the value of your Claim):  _____

## II. PAYMENT METHOD ELECTION AND ADDRESS INFORMATION

Please elect below which method you would like to receive the cash payment.  If you do not select a payment method below, you will receive the cash payment in the same manner you received notice (*i.e.*, if you received Email Notice will receive a digital payment; if you received Postcard Notice will receive a paper check).

☐        Digital payment

☐        Paper check

If you selected digital payment above and did not receive Email Notice, please provide your email address below.

Email Address          _____

If you selected paper check above, please provide the following contact information.

Full Name              _____

Home Street Address    _____

City, State, ZIP Code  _____

Telephone Number       _____

3

## III.  VERIFICATION AND ATTESTATION UNDER PENALTY OF PERJURY

By signing below and submitting this Claim Form, I hereby swear under penalty of perjury that all the information I have provided in this Claim Form is true and correct and that I purchased and returned the Interstate Batteries listed in Section I.

_____      Date: _____
Your signature                                   MM        DD        YYYY


_____
Your name

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JOHN SKRANDEL, individually, and on behalf of all others similarly situated,

        Plaintiff,

  v.

COSTCO WHOLESALE CORPORATION,

        Defendant.

CASE NO. 9:21-cv-80826-BER

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION**
**SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASSES**

Plaintiff, John Skrandel, and Defendant, Costco Wholesale Corporation, have agreed to settle this Action[1] pursuant to the terms and conditions set forth in their executed Settlement Agreement and Release. The Parties reached the Settlement after arm's-length negotiations following a settlement conference with the Court. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Classes will fully, finally, and forever resolve, discharge, and release their claims.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement ("Motion"). Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, and the representations and recommendations of counsel:

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.    The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332.

---

[1] All capitalized defined terms used herein have the same meanings as those defined in the Settlement Agreement.

1

<u>Provisional Class Certification and Appointment of Class Representative and Class Counsel</u>

2.    It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Applying the December 2018 amendments to Rule 23(e)(1), the Court concludes that it is likely to certify the Settlement Classes and approve the Settlement as fair, adequate, and reasonable.

3.    The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present, and that certification of the proposed Settlement Classes is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Classes:

**The Matched Replacement Transaction Settlement Class:** All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and who meet the following criteria: (a) the return transaction occurred at least 30 or more days after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there are two or fewer Interstate Battery transactions.

**The Unmatched Replacement Transaction Settlement Class:** All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and who meet either of the following sets of criteria: (a) the return transaction occurred at least 30 or more days after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there are three or more Interstate Battery transactions or (a) the return transaction occurred within 30 days of the original purchase transaction or (b) the replacement transaction occurred more than 30 days after their return transactions.

2

Excluded from the Settlement Classes are all persons who are employees, directors, officers, agents of Costco or its subsidiaries and affiliated companies, the Court, the Court's immediate family, and the Court's staff.

4.       Specifically, the Court finds, for settlement purposes only and conditioned on final certification of the proposed Settlement Classes and on the entry of the Final Approval Order, that the Settlement Classes satisfy the following factors of Federal Rule of Civil Procedure 23:

(a)       Numerosity: In the Action, there are thousands of members in each of the Settlement Classes. The proposed Settlement Classes are so numerous that joinder of all members is impracticable.

(b)       Commonality: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Costco's class-wide practices are common to the Plaintiff and the Settlement Classes, are alleged to have injured all members of the Settlement Classes in the same way and would generate common answers central to the viability of the claims were this case to proceed to trial.

(c)       Typicality: The Plaintiff's claims are typical of the Settlement Classes because they concern the same alleged Costco practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal

3

theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)    Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). Here, Rule 23(a)(4) is satisfied because there are no conflicts of interest between Plaintiff and the Settlement Classes, and Plaintiff has retained competent counsel to represent him and the Settlement Classes. Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, Plaintiff and Class Counsel have vigorously and competently represented the Settlement Classes in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Rel. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e)    Predominance and Superiority: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Classes in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Here, common

4

questions present a significant aspect of the case and can be resolved for all members of the Settlement Classes in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Classes. Moreover, each member of the Settlement Classes has claims that arise from the same event as well as the same legal theories.

5.      The Court appoints Plaintiff, John Skrandel, as Class Representative.

6.      The Court appoints the following attorneys as Class Counsel: Jeff Ostrow and Jonathan M. Streisfeld of Kopelowitz Ostrow P.A. and Geoffrey Stahl and Steven Calamusa of Gordon & Partners, P.A.

Preliminary Approval of the Settlement

7.      At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the range of reasonableness. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

8.      The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion and is the product of informed, good-faith, arm's-length negotiations

5

between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Classes, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval of the Settlement and enter a Final Approval Order.

<u>Approval of Notice Program, Claim Form and Claim Process, and Settlement Administrator</u>

9.      In accordance with Federal Rule of Civil Procedure 23(e)(1)(B), the Court approves the Notice Program and the form and content of the Notices, substantially in the forms attached to the Settlement. The Parties may make non-substantive revisions to the forms of Notice without further order by the Court. The Court further finds that the Notice Program described in the Settlement is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to inform the members of the Settlement Classes of: (a) the pendency of the Action; (b) certification of a Settlement Classes; (c) the terms of the Settlement; (d) the Claims Process; (e)  Class Counsel's to-be-filed Application for Attorneys' Fees and Costs; and (f) the right and process to opt out of the Settlement Classes or object to the Settlement. The Notice Program constitutes sufficient Notice to all persons entitled to notice. The Notice Program satisfies all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

10.      The Court hereby approves of the Claim Form and the proposed Claims Process. The Parties may make non-substantive revisions to the Claim Form without further order by the

Court.

11.     Angeion Group is hereby appointed and shall serve as Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. Angeion Group shall implement Notice, as set forth below and in the Settlement, using the Notices substantially in the forms attached to the Settlement as Exhibits A-C and approved by this Preliminary Approval Order. Angeion Group shall also implement and oversee the Claims Process and further fulfill all other administrative responsibilities as set forth in the Settlement or as instructed by the Parties.

12.     All fees and costs associated with Notice and the Settlement Administrator shall be paid separately by Costco.

Final Approval Hearing, Opt-Outs, and Objections

13.     A Final Approval Hearing shall be held before this Court on _____ __, 2024, at ____ ___.m. to determine whether to grant Final Approval to the Settlement and Class Counsel's Application for Attorneys' Fees and Costs and to rule on objections, if any.

14.     Any Settlement Class member who wishes to be excluded from their Settlement Class may exercise their right to opt out of their Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time on or before the Exclusion Deadline. Settlement Class members who wish to opt out of the Settlement must submit a timely written request for exclusion either via the Settlement Website, or by U.S. mail to the Settlement Administrator, and the written request must include: (a) their name, address, telephone number, and email address; (b) the case name: *Skrandel v. Costco Wholesale Corporation*, Case No. 9:21-cv-80826-BEH; (c) a statement clearly indicating that the Settlement Class member desires to opt-out of the Settlement; and (d) their signature. To be valid and timely, opt-out requests must be postmarked no later than the last day of the Exclusion Deadline.

15.     Any Settlement Class Member may object to the Settlement or Class Counsel's Application for Attorneys' Fees and Costs. Any such objections must be submitted to the Court either by filing it in person at any location of the United States District Court for the Southern District of Florida or by mailing it to the Clerk of the Court for filing, to the Settlement Administrator, to Class Counsel, and to Costco's Counsel. To be valid, an objection must include the following information:

a.      the name of the Action;

b.      the objector's full name, address, and telephone number;

c.      an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

e.      the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

f.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g.      a copy of orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

h.      any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity;

i.      the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

k.      a statement confirming whether the objector intends to personally appear and/or

8

testify at the Final Approval Hearing; and

l.        the objector's signature (an attorney's signature is not sufficient).

<u>Further Papers in Support of Final Approval of the Settlement</u>

16.     Plaintiff and Class Counsel shall file the Motion for Final Approval of the Settlement, along with Class Counsel's Application for Attorneys' fees and Costs, no later than 45 days before the Final Approval Hearing.

17.     The Parties shall file responses to Objections, if any, 15 days before the Final Approval Hearing.

<u>Effect of Failure to Approve Settlement</u>

18.     If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)       All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding; and

(b)       Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Plaintiff or Costco on any point of fact or law.

<u>Stay/Bar of Other Proceedings</u>

19.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all members of the Settlement Classes, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims.

20.    Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| | |
|---|---|
| Notice Program Begins (Email and Postcard Notices go out) | 30 days after Preliminary Approval Order |
| Notice Program Ends (remailing of bounced Emails or undeliverable Postcard Notices) | 60 days after Notice Program begins |
| Deadline for Class Counsel to file their Motion for Final Approval of the Settlement, including Class Counsel's Application for Attorneys' Fees and Costs | 45 days prior to the Final Approval Hearing |
| Deadline for Settlement Class members to Opt-Out of the Settlement | 30 days prior to the Final Approval Hearing |
| Deadline for Settlement Class Members to Object to the Settlement | 30 days prior to the Final Approval Hearing |
| Deadline to Submit Claim Forms | 60 days following Initial Email Notice |
| Final Approval Hearing | _____ __, 2024, at ____ ___.m. (Week of 2/19/24 or after) |

**DONE and ORDERED** in Chambers in West Palm Beach, Florida, this _____ day of _____, 2023.

_____
JUDGE BRUCE REINHART
UNITED STATES MAGISTRATE JDUGE

Copies furnished to: Counsel of Record

10