# EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JOHN SKRANDEL, individually, and on
behalf of all others similarly situated,

        Plaintiff,

   v.

COSTCO WHOLESALE CORPORATION,

        Defendant.

CASE NO. 9:21-cv-80826-BER

## JOINT DECLARATION IN SUPPORT OF UNOPPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

We, Jeff Ostrow and Geoffrey Stahl, declare:

1.    We are counsel of record for Plaintiff, John Skrandel, and the proposed Settlement Class[1] in the above-captioned matter. We submit this Joint Declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. Unless otherwise noted, we have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

2.    Attached as ***Exhibit 1*** is the firm resume of Kopelowitz Ostrow P.A.

3.    Attached as ***Exhibit 2*** is the firm resume of Gordon & Partners, P.A.

4.    This Action is predicated on Plaintiff's claims, which allege that when Costco members purchased a recreational or automotive Interstate Battery with "free replacement" on the label and then later sought to replace the battery under warranty at a Costco warehouse, Costco charged the members out-of-pocket when the replacement battery's price had increased.

5.    Plaintiff filed the Complaint on May 7, 2021.

6.    In July 2021, the Parties agreed to mediate before Robert A. Dulberg, Esq., and mediated on December 10, 2021.

7.    Before the mediation, the Parties engaged in informal discovery, which Costco

---

[1]The capitalized terms used herein shall have the same meanings as those defined in the Parties' Settlement Agreement.

provided pursuant to Fed. R. Evid. 408 ("Rule 408 discovery") and included Costco's confidential production of transactional data that Plaintiff's expert analyzed in an initial report supporting opinions on damages as well as an electronic methodology to isolate damages to class members using Defendant's own transactional data.

8.      Costco's expert performed a sample size analysis that offered damage estimates. Costco's expert was deposed regarding his report, though Costco insisted this deposition was also Rule 408 discovery.

9.      Unfortunately, the mediation was unsuccessful.

10.     Thereafter, formal discovery ensued, including expert discovery, to assist in the preparation for class certification.

11.     Plaintiff served his First Request for Production of Documents and First Set of Interrogatories, to which Costco responded on September 22, 2021. On March 15, 2022, Costco served its First Set of Interrogatories and First Set of Requests for Production, and Plaintiff responded on April 22, 2022.

12.     On March 25, 2022, Costco reproduced its transactional data. Plaintiff's expert reanalyzed that data for a second report. Likewise, Costco's expert created a second report and sat for a second deposition. Overall, Costco produced, and Class Counsel and their expert reviewed numerous documents that included Excel spreadsheets with hundreds of thousands of data points.

13.     The Parties then began taking depositions. In total, the Parties took 11 depositions, including five where Plaintiff deposed Costco's corporate representatives.

14.     The Parties attended a hearing before District Court Judge Aileen M. Cannon on December 12, 2022, to address Plaintiff's Motion for Class Certification and the pending *Daubert* motions. However, prior to the hearing, on November 9, 2022, Costco supplemented its production of transactional data and produced an additional 1,199,981 line-items of data including transactions from January 1, 2020, to March 31, 2022. Due to Costco's extensive supplemental data production, the pending motions were taken under advisement pending the supplementation of expert discovery and possible re-briefing.

15.     The significant amount of new data, in part, filled in holes from Costco's initial data production, which Plaintiff sought in discovery. Thus, additional expert analysis required a third report by Plaintiff's expert. Similarly, Costco's expert created a third report. To that end, the

Parties agreed on December 13, 2022, to withdraw the motions and to re-brief Plaintiff's Motion for Class Certification, including finalizing data production and supplemental expert discovery.

16.    During briefing on the second Motion for Class Certification, the Parties engaged in discussions regarding a potential settlement. After weeks of negotiations, the Parties reached agreement on most of the material Settlement terms.

17.    Thus, on May 12, 2023, the Parties filed a Notice of Settlement with the Court, which advised they reached an agreement, in principle, on most of the material class-wide settlement terms, and would continue to negotiate the remaining terms.

18.    During the next two weeks, the Parties continued to attempt to negotiate the remaining terms.

19.    Realizing that they were at an impasse on the remaining terms, on May 30, 2023, the Parties asked the Court for assistance, and the Court scheduled a settlement conference with the Honorable Bruce E. Reinhart.

20.    On June 30, 2023, the Parties appeared before Judge Reinhart and made significant progress towards resolving the remaining issues. Although a final agreement was not reached that day, the Parties continued their discussions over the next few weeks.

21.    As a result of these continued discussions, the Parties ultimately agreed on all material terms, which were memorialized in a term sheet on August 3, 2023.

22.    Thereafter, the Parties worked diligently to prepare a comprehensive Settlement Agreement, which was signed on September 7, 2023.

23.    Pursuant to the Settlement, Costco has agreed to create a non-reversionary cash settlement fund in the amount of $1,143,728.15 for the benefit of the Matched Replacement Transaction Settlement Class, and to make $1,259,276.33 available for the benefit of the Unmatched Replacement Transaction Settlement Class. Plaintiff's expert is verifying these amounts and accounting for likely increases due to Costco's recent production of additional data, which consists of all remaining transactions related to Interstate Batteries sold with a "Free Replacement" label as all associated warranties have now expired. The dollar amounts in the Notices will be updated to be consistent with the results of that additional analysis.

24.    Costco has also agreed to separately pay up to $750,000.00 for attorneys' fees and

costs (subject to Court approval), and all Settlement Administration Costs, estimated to be $260,000.00, all of which will be made separate and apart from the Settlement Class Member Payments. These amounts, in addition to the cash benefits to the Settlement Class members, shall be the maximum Costco shall be required to pay under this Settlement. This is unique compared to most settlements where attorneys' fees and costs and settlement administration costs are regularly deducted out of the class funds prior to distribution.

25.     The discussion of attorneys' fees and costs did not take place until after all material terms of the Settlement had been agreed to by the Parties.

26.     The Settlement was reached in the absence of collusion, and is the product of good-faith, informed, extensive, and arm's-length negotiations over many weeks by and between experienced attorneys who are familiar with class action litigation and with the legal and factual issues at the center of this Action, with the assistance and oversight of Judge Reinhart, after previously (albeit unsuccessfully) negotiating with the assistance of an experienced mediator and ongoing dialogue.

27.     Any settlement requires the parties to balance the merits of the claims and defenses asserted against the attendant risks of continued litigation and delay. Class Counsel believe that the claims asserted are meritorious and that Plaintiff would prevail if this matter proceeded to trial. Costco denies liability, believes it acted in good faith and in compliance with the law, and that it would prevail in opposing class certification, and has shown a willingness to continue vigorous litigation by opposing Plaintiff's class certification motions.

28.     With continued litigation, the putative class will undoubtedly have a long wait for their recovery, if they have one at all. Thus, in Class Counsel's experience and informed judgment, the Settlement represents an excellent recovery and the benefits of the Settlement outweigh the risks and uncertainties of continued litigation, including, the risks, time, and expenses associated with completing a trial and any appellate review.

29.     Class Counsel are particularly experienced in the litigation, certification, trial, and settlement of class action cases. This experience proved beneficial to Plaintiff and the Settlement Classes during negotiations of the Settlement. Class Counsel conducted significant informal discovery prior to the first mediation and formal discovery before the settlement conference, which enabled them to gain a complete understanding of the evidence related to central issues in the

4

Action, including damages and liability, and prepare for well-informed settlement negotiations. Full class certification briefing further aided the negotiations.

30.     Class Counsel are confident in the strength of Plaintiff's case. However, Class Counsel are also pragmatic of the risks and challenges. Class Counsel are aware that there are uncertainties in a trial, particularly given the case theory and expert issues. Class Counsel are also aware of the risks inherent from any appeal and subsequent proceedings of a successful trial verdict. Further, it is unclear whether Plaintiff would be able to certify a class for purposes of trial. Under the circumstances, and considering the Settlement offers Settlement Class Members potential payment of approximately 100% of the value of the claims, Class Counsel determined the Settlement outweighs the risks of continued litigation.

31.     Plaintiff being able to, through the Settlement, have Costco agree to potentially pay approximately 100% of the likely damages that the Settlement Class would recover at trial makes the cash benefits beyond reasonable when considering the complexity and uncertainty of certain issues in the litigation.

32.     This is an excellent result for the Settlement Class and far more than a mere fraction that has been approved in other cases in this district and in the Eleventh Circuit. There can be no doubt this Settlement is a fair and reasonable recovery because it is the best possible recovery that could reasonably expected at trial, without the risk of Costco's vigorous defense, the uncertainty of class certification, and the challenging and unpredictable path the Settlement Class would face absent a settlement.

33.     The traditional means for handling claims like those at issue here would tax the court system; require a massive expenditure of public and private resources; and, given the relatively small value of the claims compared to the cost of individual lawsuits by class members, would be impracticable. Thus, the Settlement is the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

34.     As fully discussed above, the Settlement here was reached after extensive, contested litigation and after discovery was completed. After twice fully briefing their motion for class certification, and attending a class certification hearing, Class Counsel went into the settlement conference with Judge Reinhart armed with full knowledge of the damages at issue after consulting with a data expert and knowing the arguments for and against class certification. As a

result, Class Counsel was well-positioned to evaluate the strengths of Plaintiff's claims, Costco's defenses, and prospects for success.

35. The numerosity requirement is satisfied because the Settlement Class has thousands of members, and joinder of all is impracticable.

36. Commonality is readily satisfied. Plaintiff has asserted multiple questions of law and fact – centering on whether Costco members are owed money for having to pay out-of-pocket for "free replacement" batteries that were replaced under warranty – that are common to the Settlement Class, that are alleged to have injured all Settlement Class members in the same or similar way, and that would generate common answers. Additionally, Plaintiff alleges all Settlement Class members purchased and replaced Interstate Batteries, were subject to the same warranty and were all charged money for replacing the battery under warranty. There will be no issue proving Settlement Class members have suffered the same injury.

37. Plaintiff is typical of the entire Settlement Class. Plaintiff purchased an Interstate Battery with the same warranty as the rest of the Settlement Class members and paid out-of-pocket to replace the battery under warranty.

38. Plaintiff and Class Counsel also satisfy the adequacy of representation requirement. Plaintiff's interests are coextensive with, not antagonistic to, the interests of the Settlement Class because Plaintiff and the absent Settlement Class members have the same interest in the relief afforded by the Settlement, and the absent Settlement Class members have no diverging interests. Plaintiff is pursuing the same legal theories as the rest of the Settlement Class members relating to the same course of Costco's conduct. Plaintiff seeks remedies equally applicable and beneficial to himself and all other members of the Settlement Class. He has actively participated in the litigation.

39. Further, Plaintiff and the Settlement Class are represented by qualified and competent Class Counsel. *See* Firm Resumes, attached hereto as Exhibits 1-2. Each firm is a leader in the class action field, and each attorney has extensive experience prosecuting complex class actions which has helped them to vigorously litigate on behalf of the Settlement Class thus far. *Id*.

40. Class Counsel collectively have decades of experience in class action litigation and have successfully handled national, regional, and statewide class actions in both state and federal courts. They have collectively been appointed as class counsel in dozens of cases, which have recovered hundreds of millions for consumers. The experience, resources, and knowledge Class

Counsel brought to this Action is extensive and formidable, allowing them to be intimately familiar with the strengths and weaknesses of the claims and defenses.

41.    Using that litigation experience and their intimate knowledge of the facts of the case and the legal issues facing the Settlement Class members, Class Counsel were capable of making, and did make, well-informed judgments about the value of the claims; the time, costs and expense of protracted litigation, discovery, motion practice, and appeals; and the value of the Settlement reached. The Settlement is fair and reasonable.

42.    Class Counsel negotiated while fully informed of the merits of Settlement Class members' claims and negotiated the proposed Settlement while zealously advancing the position of Plaintiff and Settlement Class members and being fully prepared to continue to litigate rather than accept a settlement that was not in the best interest of Plaintiff and the Settlement Class.

43.    Class Counsel have devoted substantial time and resources to vigorous litigation of the Action from inception through today, and they will continue to do so through the conclusion of Settlement administration.

44.    Predominance is readily satisfied because liability questions common to all Settlement Class members substantially outweigh any possible issues that are individual to some Settlement Class members.

45.    A class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum consistently, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would create, and there are no other actions of which Plaintiff is aware regarding this matter. Also, it is undisputed that each class member's claim is small, making it economically infeasible to pursue the claims individually.

46.    Finally, the Notice Program detailed in the Settlement Agreement will inform Settlement Class members of the Settlement's substantive terms. It will advise them of their options for remaining part of the Settlement Class or for opting-out of the Settlement; for submitting Claim Forms; for objecting to the Settlement and/or Class Counsel's Application for Attorneys' Fees and Costs; and how to obtain additional information about the Settlement. The Notice Program is designed to directly reach a very high percentage of Settlement Class members

with Email Notice or Postcard Notice, with consideration that Settlement Class members' contact information is readily available to Costco. The Notice program will satisfy Rule 23 and constitutional due process requirements.

I declare under penalty of perjury that the foregoing is true of my own personal knowledge. Executed in Fort Lauderdale, Florida, this 8th day of September, 2023.

*/s/ Jeff Ostrow*
JEFF OSTROW

I declare under penalty of perjury that the foregoing is true of my own personal knowledge. Executed in Palm Beach Gardens, Florida, this 8th day of September, 2023.

*/s/ Geoffrey Stahl*
GEOFFREY STAHL

# EXHIBIT 1



# FIRM **RESUME**

One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301

**Telephone:** 954.525.4100
**Facsimile:** 954.525.4300
**Website:** www.kolawyers.com

**Miami  –  Fort Lauderdale  –  Boca Raton**

## OUR
## FIRM

For over two decades, Kopelowitz Ostrow Ferguson Weiselberg Gilbert (KO) has provided comprehensive, results-oriented legal representation to individual, business, and government clients throughout Florida and the rest of the country. KO has the experience and capacity to represent its clients effectively and has the legal resources to address almost any legal need. The firm's 25 attorneys have practiced at several of the nation's largest and most prestigious firms and are skilled in almost all phases of law, including consumer class actions, multidistrict litigation involving mass tort actions, complex commercial litigation, and corporate transactions. In the class action arena, the firm has experience not only representing individual aggrieved consumers, but also defending large institutional clients, including multiple Fortune 100 companies.

## WHO
## WE ARE

The firm has a roster of accomplished attorneys. Clients have an opportunity to work with some of the finest lawyers in Florida and the United States, each one committed to upholding KO's principles of professionalism, integrity, and personal service. Among our roster, you'll find attorneys whose accomplishments include Board Certified in their specialty; serving as in-house counsel for major corporations, as city and county attorneys handling government affairs, and as public defenders and prosecutors; achieving multi-millions of dollars through verdicts and settlements in trials, arbitrations, and alternative dispute resolution procedures; successfully winning appeals at every level in Florida state and federal courts; and serving government in various elected and appointed positions.

KO has the experience and resources necessary to represent large putative classes. The firm's attorneys are not simply litigators, but rather, experienced trial attorneys with the support staff and resources needed to coordinate complex cases.

**CLASS
ACTION
PLAINTIFF**

Since its founding, KO has initiated and served as lead class counsel in dozens of high-profile class actions. Although the actions are diverse by subject area, KO has established itself as one of the leading firms that sue national and regional banks and credit unions related to the unlawful assessment of fees. Their efforts spanning a decade plus have resulted in recoveries in excess of $500 million and monumental practices changes that have changed the industry and saving clients billions of dollars.

Additionally, other past and current cases have been prosecuted for breaches of insurance policies; data breaches; data privacy; wiretapping; biometric privacy; gambling; false advertising; defective consumer products and vehicles; antitrust violations; and suits on behalf of students against colleges and universities arising out of the COVID-19 pandemic.

The firm has in the past litigated certified and proposed class actions against Blue Cross Blue Shield and United Healthcare related to their improper reimbursements of health insurance benefits.  Other insurance cases include auto insurers failing to pay benefits owed to insureds with total loss vehicle claims. Other class action cases include cases against Microsoft Corporation related to its Xbox 360 gaming platform, ten of the largest oil companies in the world in connection with the destructive propensities of ethanol and its impact on boats, Nationwide Insurance for improper mortgage fee assessments, and several of the nation's largest retailers for deceptive advertising and marketing at their retail outlets and factory stores.

## CLASS ACTION **DEFENSE**

The firm also brings experience in successfully defended many class actions on behalf of banking institutions, mortgage providers and servicers, advertising conglomerates, aircraft manufacturer and U.S. Dept. of Defense contractor, a manufacturer of breast implants, and a national fitness chain.

## MASS TORT **LITIGATION**

The firm also has extensive experience in mass tort litigation, including serving as Lead Counsel in the Zantac Litigation, one of the largest mass torts in history. The firm also has handled cases against 3M related to defective earplugs, several vaginal mash manufacturers, Bayer in connection with its pesticide Roundup, Bausch & Lomb for its Renu with MoistureLoc product, Wyeth Pharmaceuticals related to Prempro, Bayer Corporation related to its birth control pill YAZ, and Howmedica Osteonics Corporation related to the Stryker Rejuvenate and AGB II hip implants. In connection with the foregoing, some of which has been litigated within the multidistrict arena, the firm has obtained tens of millions in recoveries for its clients.

## OTHER AREAS **OF PRACTICE**

In addition to class action and mass tort litigation, the firm has extensive experience in the following practice areas: commercial and general civil litigation, corporate transactions, health law, insurance law, labor and employment law, marital and family law, real estate litigation and transaction, government affairs, receivership, construction law, appellate practice, estate planning, wealth preservation, healthcare provider reimbursement and contractual disputes, white collar and criminal defense, employment contracts, environmental, and alternative dispute resolution.

## FIND US **ONLINE**

To learn more about KO, or any of the firm's other attorneys, please visit www.kolawyers.com.

# CLASS ACTION AND MASS TORT SETTLEMENTS

## FINANCIAL INSTITUTIONS

*Abercrombie v. TD Bank, N.A.,* 0:21-cv-61376 (S.D. Fla. 2022) - $4.35 million

*Perks, et al. v. TD Bank, N.A.,* 1:18-cv-11176 (E.D.N.Y. 2022) - $41.5 million

*Fallis v. Gate City Bank,* 09-2019-CV-04007 (Dist. Ct., Cty. of Cass, N.D. 2022) - $1.8 million

*Mayo v. Affinity Plus Fed. Credit Union,* 27-CV-20-11786 (4th Judicial District Minn. 2022) - $1 million

*Glass, et al. v. Delta Comm. Cred. Union,* 2019CV317322 (Sup. Ct. Fulton Cty., Ga. 2022) - $2.8 million

*Roy v. ESL Fed. Credit Union,* 19-cv-06122 (W.D.N.Y. 2022) - $1.9 million

*Clark v. Hills Bank and Trust Co.,* LACV080753 (Iowa Dist. Johnson Co. 2022) - $740,000

*Wallace v. Wells Fargo,* 17CV317775 (Sup. Ct. Santa Clara 2021) - $10 million

*Doxey v. Community Bank, N.A.,* 8:19-CV-919 (N.D.N.Y. 2021) - $3 million

*Coleman v. Alaska USA Federal Credit Union,* 3:19-cv-0229-HRH (Dist. of Alaska 2021) - $1 million

*Perri v. Notre Dame Federal Credit Union,* 71C01-1909-PL-000332 (Cir. Ct. St. Joseph 2021) - $800,000

*Smith v. Fifth Third Bank,* 1:18-cv-00464-DRC-SKB (W.D. Ohio 2021) - $5.2 million

*Lambert v. Navy Federal Credit Union,* 1:19-cv-00103-LO-MSN (S.D. Va. 2021) - $16 million

*Roberts v. Capital One, N.A.,* 16 Civ. 4841 (LGS) (S.D.N.Y 2021) - $17 million

*Baptiste v. GTE Financial,* 20-CA-002728 (Cir. Ct. Hillsborough 2021) - $975,000

*Morris v. Provident Credit Union,* CGC-19-581616 (Sup. Ct. San Francisco 2020) - $1.1 million

*Lloyd v. Navy Federal Credit Union,* 17-cv-01280-BAS-RBB (S.D. Ca. 2019) - $24.5 million

*Lashambae v. Capital One Bank, N.A.,* No. 17-cv-06406 (E.D.N.Y. 2020) - $320,000

*Farrell v. Bank of America, N.A.,* 3:16-cv-00492-L-WVG (S.D. Ca. 2018) - $66.6 million

*Bodnar v. Bank of America, N.A.,* 5:14-cv-03224-EGS (E.D. Pa. 2015) - $27.5 million

*Morton v. Green Bank,* 11-135-IV (20th Judicial District Tenn. 2018) - $1.5 million

*Hawkins v. First Tenn. Bank,* CT-004085-11 (13th Jud. Dist. Tenn. 2017) - $16.75 million

*Payne v. Old National Bank,* 82C01-1012 (Cir. Ct. Vanderburgh 2016) - $4.75 million

*Swift. v. Bancorpsouth,* 1:10-CV-00090 (N.D. Fla. 2016) - $24.0 million

*Mello v. Susquehanna Bank,* 1:09-MD-02046 (S.D. Fla. 2014) – $3.68 million

*Johnson v. Community Bank,* 3:11-CV-01405 (M.D. Pa. 2013) - $1.5 million

*McKinley v. Great Western Bank,* 1:09-MD-02036 (S.D. Fla. 2013) - $2.2 million

*Blahut v. Harris Bank,* 1:09-MD-02036 (S.D. Fla. 2013) - $9.4 million

*Wolfgeher v. Commerce Bank,* 1:09-MD-02036 (S.D. Fla. 2013) - $18.3 million

*Case v. Bank of Oklahoma,* 09-MD-02036 (S.D. Fla. 2012) - $19.0 million Settlement

*Hawthorne v. Umpqua Bank,* 3:11-CV-06700 (N.D. Cal. 2012) - $2.9 million Settlement

*Simpson v. Citizens Bank,* 2:12-CV-10267 (E.D. Mich. 2012) - $2.0 million

*Harris v. Associated Bank,* 1:09-MD-02036 (S.D. Fla. 2012) - $13.0 million

*LaCour v. Whitney Bank,* 8:11-CV-1896 (M.D. Fla. 2012) - $6.8 million

*Orallo v. Bank of the West,* 1:09-MD-202036 (S.D. Fla. 2012) - $18.0 million

*Taulava v. Bank of Hawaii,* 11-1-0337-02 (1st Cir. Hawaii 2011) - $9.0 million

**FALSE**
PRICING

*Gattinella v. Michael Kors* (USA), 14-Civ-5731 (WHP) (S.D. NY 2015) - $4.875 million

*Stathakos v. Columbia Sportswear*, 4:15-cv-04543-YGR (N.D. Ca. 2018) - Injunctive relief prohibiting deceptive pricing practices

---

**CONSUMER**
PROTECTION

*Lopez, et al. v. Volusion, LLC,* 1:20-cv-00761 (W.D. Tex. 2022) - $4.3 million

*Gupta v. Aeries Software, Inc.,* 8:20-cv-00995 (C.D. Ca. 2022) - $1.75 million

*In Re: CaptureRx Data Breach,* 5:21-cv-00523 (W.D. Tex. 2022) - $4.75 million

*Ostendorf v. Grange Indemnity Ins. Co.,* 2:19-cv-01147-ALM-KAJ (E.D. Ohio 2020) – $12.6 million

*Walters v. Target Corp.,* 3:16-cv-1678-L-MDD (S.D. Cal. 2020) – $8.2 million

*Papa v. Grieco Ford Fort Lauderdale, LLC,* 18-cv-21897-JEM (S.D. Fla. 2019) - $4.9 million

*Bloom v. Jenny Craig, Inc.,* 18-cv-21820-KMM  (S.D. Fla. 2019) - $3 million

*Masson v. Tallahassee Dodge Chrysler Jeep, LLC,* 1:17-cv-22967-FAM (S.D. Fla. 2018) - $850,000

*DiPuglia v. US Coachways, Inc.,* 1:17-cv-23006-MGC (S.D. Fla. 2018) - $2.6 million

*In re Disposable Contact Lens Antitrust Litig.,* MDL 2626 (M.D. Fla.) - Liaison Counsel

---

**MASS**
TORT

*In re Zantac (Ranitidine) Prods. Liab. Litig.,* 9:20-md-02924-RLR (S.D. Fla.) - MDL No. 2924 – Co-Lead Counsel

*In re: Stryker Rejuvenate and ABG II PRODUCTS LIABILITY LITIGATION,* 13-MD-2411 (17th Jud. Cir. Fla. Complex Litigation Division)

*In re: National Prescription Opiate Litigation,* 1:17-md-02804-DAP (N.D. Ohio) - MDL 2804

*In re: Smith and Nephew BHR Hip Implant Products Liability Litigation,* MDL-17-md-2775

*Yasmin and YAZ Marketing, Sales Practices and Products Liability Litigation,* 3:09-md-02100-DRH-PMF (S.D. Ill.) – MDL 2100

*In re: Prempro Products Liab. Litigation,* MDL Docket No. 1507, No. 03-cv-1507 (E.D. Ark.)



# JEFF OSTROW
Managing Partner

**Bar Admissions**
The Florida Bar
District of Columbia Bar

**Court Admissions**
Supreme Court of the United States
U.S. Court of Appeals for the Eleventh Circuit
U.S. Court of Appeals for the Ninth Circuit
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Northern District of Florida
U.S. District Court, Northern District of Illinois
U.S. District Court, Eastern District of Michigan
U.S. District Court, Western District of Tennessee
U.S. District Court, Western District of Wisconsin
U.S. District Court, Western District of Kentucky
U.S. District Court, Northern District of New York
U.S. District Court, District of Colorado

**Education**
Nova Southeastern University, J.D. - 1997
University of Florida, B.S. – 1994

**Email:** Ostrow@kolawyers.com

Jeff Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. He established his own law practice in 1997 immediately upon graduation from law school and has since grown the firm to 25 attorneys in 3 offices throughout south Florida. In addition to overseeing the firm's day-to-day operations and strategic direction, Mr. Ostrow practices full time in the areas of consumer class actions, sports and business law. He is a Martindale-Hubbell AV® Preeminent™ rated attorney in both legal ability and ethics, which is the highest possible rating by the most widely recognized attorney rating organization in the world.

Mr. Ostrow often serves as outside General Counsel to companies, advising them in connection with their legal and regulatory needs. He has represented many Fortune 500® Companies in connection with their Florida litigation. He has handled cases covered by media outlets throughout the country and has been quoted many times on various legal topics in almost every major news publication, including the Wall Street Journal, New York Times, Washington Post, Miami Herald, and Sun-Sentinel. He has also appeared on CNN, ABC, NBC, CBS, Fox, ESPN, and almost every other major national and international television network in connection with his cases, which often involve industry changing litigation or athletes in Olympic swimming, professional boxing, the NFL, NBA and MLB.

Mr. Ostrow is an accomplished trial attorney who represents both Plaintiffs and Defendants, successfully trying many cases to verdict involving multi-million dollar damage claims in state and federal courts. Currently, he serves as lead counsel in nationwide and statewide class action lawsuits against many of the world's largest financial institutions in connection with the unlawful assessment of fees. To date, his efforts have successfully resulted in the recovery of over $1 billion for tens of millions of bank and credit union customers, as well as monumental changes in the way they assess fees. Those changes have forever revolutionized an industry, resulting in billions of dollars of savings . In addition, Mr. Ostrow has served as lead Class Counsel in consumer class actions against some of the

world's largest airlines, pharmaceutical companies, clothing retailers, health and auto insurance carriers, technology companies, pharmaceutical companies, and oil conglomerates, along with serving as class action defense counsel for some of the largest advertising and marketing agencies in the world, banking institutions, real estate developers, and mortgage companies.

In addition to the law practice, he is the founder and president of ProPlayer Sports LLC, a full-service sports agency and marketing firm. He represents both Olympic Gold Medalist Swimmers, World Champion Boxers, and select NFL athletes, and is licensed by both the NFL Players Association as a certified Contract Advisor. At the agency, Mr. Ostrow handles all player-team negotiations of contracts, represents his clients in legal proceedings, negotiates all marketing and NIL engagements, and oversees public relations and crisis management. He has extensive experience in negotiating, mediating, and arbitrating a wide range of issues on behalf of clients with the NFL Players Association, the International Olympic Committee, the United States Olympic Committee, USA Swimming and the World Anti-Doping Agency. He has been an invited sports law guest speaker at New York University and Nova Southeastern University and has also served as a panelist at many industry-related conferences.

Mr. Ostrow received a Bachelor of Science in Business Administration from the University of Florida in 1994 and Juris Doctorate from Nova Southeastern University in 1997. He is a licensed member of The Florida Bar and the District of Columbia Bar, is fully admitted to practice before the U.S. Supreme Court, the U.S. District Courts for the Southern, Middle, and Northern Districts of Florida, Eastern District of Michigan, Northern District of Illinois, Western District of Tennessee, Western District of Wisconsin, and the U.S. Court of Appeals for the Eleventh Circuit. Mr. Ostrow is also member of several Bar Associations.

He is a lifetime member of the Million Dollar Advocates Forum. The Million Dollar Advocates Forum is the most prestigious group of trial lawyers in the United States. Membership is limited to attorneys who have had multi-million dollar jury verdicts. Additionally, he is consistently named as one of the top lawyers in Florida by Super Lawyers®, a publication that recognizes the best lawyers in each state. Mr. Ostrow is an inaugural recipient of the University of Florida's Warrington College of Business Administration Gator 100 award for the fastest growing University of Florida alumni-owned law firm in the world.

When not practicing law, Mr. Ostrow serves on the Board of Governors of Nova Southeastern University's Wayne Huizenga School of Business and is a Member of the Broward County Courthouse Advisory Task Force. He is also the Managing Member of One West LOA LLC, a commercial real estate development company with holdings in downtown Fort Lauderdale. He has previously sat on the boards of a national banking institution and a national healthcare marketing company. Mr. Ostrow is a founding board member for the Jorge Nation Foundation, a 501(c)(3) non-profit organization that partners with the Joe DiMaggio Children's Hospital to send children diagnosed with cancer on all-inclusive Dream Trips to destinations of their choice. Mr. Ostrow resides in Fort Lauderdale, Florida, and has 3 sons, 2 of which currently attend the University of Florida.



# ROBERT C. GILBERT

Partner

**Bar Admissions**
The Florida Bar
District of Columbia Bar

*Court Admissions*
Supreme Court of the United States
U.S. Court of Appeals for the 11th Circuit
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida

*Education*
University of Miami School of Law, J.D. - 1985
Florida International University, B.S. - 1982

*Email:* Gilbert@kolawyers.com

Robert C. "Bobby" Gilbert has over three decades of experience handling class actions, multidistrict litigation and complex business litigation throughout the United States. He has been appointed lead counsel, co-lead counsel, coordinating counsel or liaison counsel in many federal and state court class actions. Bobby has served as trial counsel in class actions and complex business litigation tried before judges, juries and arbitrators. He has also briefed and argued numerous appeals, including two precedent-setting cases before the Florida Supreme Court.

Bobby was appointed as Plaintiffs' Coordinating Counsel in *In re Checking Account Overdraft Litig.*, MDL 2036, class action litigation brought against many of the nation's largest banks that challenged the banks' internal practice of reordering debit card transactions in a manner designed to maximize the frequency of customer overdrafts. In that role, Bobby managed the large team of lawyers who prosecuted the class actions and served as the plaintiffs' liaison with the Court regarding management and administration of the multidistrict litigation. He also led or participated in settlement negotiations with the banks that resulted in settlements exceeding $1.1 billion, including Bank of America ($410 million), Citizens Financial ($137.5 million), JPMorgan Chase Bank ($110 million), PNC Bank ($90 million), TD Bank ($62 million), U.S. Bank ($55 million), Union Bank ($35 million) and Capital One ($31.7 million).

Bobby has been appointed to leadership positions is numerous other class actions and multidistrict litigation proceedings. He is currently serving as co-lead counsel in *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 9:20-md-02924-RLR (S.D. Fla.), as well as liaison counsel in *In re Disposable Contact Lens Antitrust Litig.*, MDL 2626 (M.D. Fla.); liaison counsel in *In re 21st Century Oncology Customer Data Security Beach Litig.*, MDL 2737 (M.D. Fla.); and *In re Farm-Raised Salmon and Salmon Products Antitrust Litig.*, No. 19-21551 (S.D. Fla.). He previously served as liaison counsel for indirect purchasers in *In re Terazosin Hydrochloride Antitrust Litig.*, MDL 1317 (S.D. Fla.), an antitrust class action that settled for over $74 million.

For the past 18 years, Bobby has represented thousands of Florida homeowners in class actions to recover full compensation under the Florida Constitution based on the Florida Department of Agriculture's taking and destruction of the homeowners' private property. As lead counsel, Bobby argued before the Florida Supreme Court to establish the homeowners' right to pursue their claims; served as trial counsel in non-jury liability trials followed by jury trials that established the amount of full compensation owed to the homeowners for their private property; and handled all appellate proceedings. Bobby's tireless efforts on behalf of the homeowners resulted in judgments exceeding $93 million.

Bobby previously served as an Adjunct Professor at Vanderbilt University Law School, where he co-taught a course on complex litigation in federal courts that focused on multidistrict litigation and class actions. He continues to frequently lecture and make presentations on a variety of topics.

Bobby has served for many years as a trustee of the Greater Miami Jewish Federation and previously served as chairman of the board of the Alexander Muss High School in Israel, and as a trustee of The Miami Foundation.



# JONATHAN M. STREISFELD

Partner

**Bar Admissions**
The Florida Bar

**Court Admissions**
Supreme Court of the United States
U.S. Court of Appeals for the First, Second, Fourth, Fifth Ninth,
and Eleventh Circuits
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Northern District of Florida
U.S. District Court, Northern District of Illinois
U.S. District Court, Western District of Michigan
U.S. District Court, Western District of New York
U.S. District Court, Western District of Tennessee

**Education**
Nova Southeastern University, J.D. - 1997
Syracuse University, B.S. - 1994

**Email:** streisfeld@kolawers.com

Jonathan M. Streisfeld joined KO as a partner in 2008. Mr. Streisfeld concentrates his practice in the areas of consumer class actions, business litigation, and appeals nationwide. He is a Martindale Hubbell AV® Preeminent™ rated attorney in both legal ability and ethics.

Mr. Streisfeld has vast and successful experience in class action litigation, serving as class counsel in nationwide and statewide consumer class action lawsuits against the nation's largest financial institutions in connection with the unlawful assessment of fees. To date, his efforts have successfully resulted in the recovery of over $500,000,000 for tens of millions of bank and credit union customers, as well as profound changes in the way banks assess fees. Additionally, he has and continues to serve as lead and class counsel for consumers in many class actions involving false advertising and pricing, defective products, data breach and privacy, automobile defects, airlines, mortgages, and payday lending. Mr. Streisfeld has also litigated class actions against some of the largest health and automobile insurance carriers and oil conglomerates, and defended class and collective actions in other contexts.

Mr. Streisfeld has represented a variety of businesses and individuals in a broad range of business litigation matters, including contract, fraud, breach of fiduciary duty, intellectual property, real estate, shareholder disputes, wage and hour, and deceptive trade practices claims. He also assists business owners and individuals with documenting contractual relationships and resolving disputes. Mr. Streisfeld has also provided legal representation in bid protest proceedings.

Mr. Streisfeld oversees the firm's appellate and litigation support practice, representing clients in the appeal of final and non-final orders, as well as writs of certiorari, mandamus, and prohibition. His appellate practice includes civil and marital and family law matters.

Previously, Mr. Streisfeld served as outside assistant city attorney for the City of Plantation and Village of Wellington in a broad range of litigation matters. As a member of The Florida Bar, Mr. Streisfeld served for many years on the Executive Council of the Appellate Practice Section and is a past Chair of the Section's Communications Committee. Mr. Streisfeld currently serves as a member of the Board of Temple Kol Ami Emanu-El.



# DANIEL TROPIN

Partner

**Bar Admissions**
The Florida Bar

**Court Admissions**
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida

**Education**
University of Virginia, J.D. - 2012
Emory University, B.A. - 2008

**Email:** tropin@kolawyers.com

Daniel Tropin is a litigator who specializes in complex commercial cases and class action litigation. Mr. Tropin joined the law firm as a partner in 2018, and has a wealth of experience across the spectrum of litigation, including class actions, derivative actions, trade secrets, arbitrations, and product liability cases.

Mr. Tropin graduated from the University of Virginia law school in 2012, and prior to joining this firm, was an associate at a major Miami law firm and helped launch a new law firm in Wynwood. He was given the Daily Business Review's Most Effective Lawyers, Corporate Securities award in 2014.  His previous representative matters include:

- Represented a major homebuilder in an action against a former business partner, who had engaged in a fraud and defamation scheme to extort money from the client. Following a jury trial, the homebuilder was awarded $1.02 billion in damages. The award was affirmed on appeal.

- Represented the former president and CEO of a cruise line in a lawsuit against a major international venture capital conglomerate, travel and entertainment company, based on allegations of misappropriation of trade secrets, breach of a non-disclosure agreement, and breach of a partnership agreement.

- Represented the CEO of a rapid finance company in an action seeking injunctive relief to protect his interest in the company.

- Represented a medical supply distribution company an action that involved allegations of misappropriation and breach of a non-circumvention agreement.

- Represented a mobile phone manufacturer and distributor in a multi-million-dollar dispute regarding membership interests in a Limited Liability Company, with claims alleging misappropriation of trade secrets and breach of fiduciary duty.

- Represented a major liquor manufacturer in a products liability lawsuit arising out of an incident involving flaming alcohol.



# KRISTEN LAKE CARDOSO
Partner

**Bar Admissions**
The Florida Bar
The State Bar of California

**Court Admissions**
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Central District of California
U.S. District Court, Northern District of Illinois
U.S. District Court, Eastern District of Michigan

**Education**
Nova Southeastern University, J.D., 2007
University of Florida, B.A., 2004
**Email:** cardoso@kolawyers.com

Kristen Lake Cardoso is a litigation attorney focusing on consumer class actions and complex commercial litigation. She has gained valuable experience representing individuals and businesses in state and federal courts at both the trial and appellate levels in a variety of litigation matters, including contractual claims, violations of consumer protection statutes, fraud, breach of fiduciary duty, negligence, professional liability, real estate claims, enforcement of non-compete agreements, trade secret infringement, shareholder disputes, deceptive trade practices, and other business torts.

Currently, Ms. Cardoso serves as counsel in nationwide and statewide class action lawsuits concerning violations of state consumer protection statutes, false advertising, defective products, data breaches, and breaches of contract. Ms. Cardoso is actively litigating cases against major U.S. airlines for their failure to refund fares following flight cancellations and schedule changes, as well cases against manufacturers for their sale and misleading marketing of products, including defective cosmetics and nutritional supplements. Ms. Cardoso has also represented students seeking reimbursements of tuition, room and board, and other fees paid to their colleges and universities for in-person education, housing, meals, and other services not provided when campuses closed during the COVID-19 pandemic. Additionally, Ms. Cardoso has represented consumers seeking recovery of gambling losses from tech companies that profit from illegal gambling games offered, sold, and distributed on their platforms.

Ms. Cardoso is admitted to practice law throughout the states of Florida and California, as well as in the United States District Courts for the Southern District of Florida, Middle District of Florida, Central District of California, Northern District of Illinois, and Eastern District of Michigan.

Ms. Cardoso attended the University of Florida, where she received her Bachelor's degree in Political Science, cum laude, and was inducted as a member of Phi Beta Kappa honor society. She received her law degree from Nova Southeastern University, magna cum laude. While in law school, Ms. Cardoso served as an Articles Editor for the Nova Law Review, was on the Dean's List, and was the recipient of a scholarship granted by the Broward County Hispanic Bar Association for her academic achievements. When not practicing law, Ms. Cardoso serves as a volunteer at Saint David Catholic School, including as a member of the school Advisory Board and an executive member of the Faculty Student Association. She has also served on various committees with the Junior League of Greater Fort Lauderdale geared towards improving the local community through leadership and volunteering.



# STEVEN SUKERT
Partner

### Bar Admissions
The Florida Bar
The New York Bar

### Court Admissions
United States District Court, Southern District of Florida
United States District Court, Middle District of Florida
United States District Court, Southern District of New York
United States District Court, Eastern District of New York
United States District Court, Northern District of Illinois
United States District Court, Central District of Illinois

### Education
Georgetown University Law Center, J.D., 20018
Northwestern University, B.S., 2010

### Email: sukert@kolawyers.com

Steven Sukert has experience in all aspects of complex litigation in federal and state court, including drafting successful dispositive motions and appeals, handling discovery, and arguing court hearings. Steven focuses his practice at KO on complex class actions and multi-district litigations in courts around the country, including in data privacy, bank overdraft fee, and other consumer protection cases.

Before joining KO, Steven gained experience at Gunster, Yoakley & Stewart, P.A. in Miami in high-stakes commercial cases often involving trade secret and intellectual property claims, consumer contract claims, and legal malpractice claims, as well as in international arbitrations. Steven co-authored an amicus brief in the Florida Supreme Court case Airbnb, Inc. v. Doe (Case No. SC20-1167), and helped organize the American Bar Association's inaugural International Arbitration Masterclass, in 2021.

Steven was born and raised in Miami. He returned to his home city after law school to clerk for the Honorable James Lawrence King in the U.S. District Court for the Southern District of Florida.

In 2018, Steven earned his J.D. from Georgetown University Law Center. While living in the nation's capital, he worked at the U.S. Department of Labor, Office of the Solicitor, where he won the Gary S. Tell ERISA Litigation Award; the Civil Fraud Section of the U.S Department of Justice, where he worked on large Medicare fraud cases and pioneered the use of the False Claims Act in the context of pharmaceutical manufacturers who engaged in price fixing; and the Lawyers' Committee for Civil Rights Under Law, where his proposal for writing an amicus brief in the Janus v. AFSCME U.S. Supreme Court case was adopted by the organization's board of directors.

Steven has a degree in Molecular Biology from Northwestern University. Prior to his legal career, he worked as a biomedical laboratory researcher at the Diabetes Research Institute in Miami.

# EXHIBIT 2



Gordon & Partners, P.A. was founded thirty years ago, in 1993, and has five offices with over 100 employees, which includes approximately 20 lawyers and 50 paralegals. Gordon & Partners, P.A.'s attorneys are recognized as some of the most qualified and skilled professionals in their fields. Through legal skills, financial resources, investigative talent, and administrative support, Gordon & Partners, P.A. has successfully litigated against some of the world's most powerful corporations.

Gordon & Partners, P.A. takes great pride in its firm's leadership role in cases resulting in landmark decisions and precedent-setting rulings. The firm has tried numerous Tobacco cases that have resulted in excess of $400 million dollars in verdicts. The Firm's practice also includes Consumer Class Actions, Mass Torts, Multi-District Litigation (MDL), and complex litigation, including difficult insurance coverage matters, in both Federal and State Courts.

### *PRIMARY ATTORNEYS ON THIS MATTER*

### Geoff S. Stahl

Geoff Stahl became a partner at Gordon & Partner in 2021 and is part of a select group of attorneys who have been declared Board Certified Civil Trial Lawyers by the Florida Bar. Mr. Stahl has extensive litigation experience in both class actions as well as representation of individuals. Mr. Stahl's practice involves complex civil and commercial litigation, banking and finance disputes, consumer fraud and protection issues, insurance denials (including coverage disputes, auto, life, homeowners, and health) as well as statutory and contractual violations. Mr.

Stahl has publicly spoken on online, e-signature issues and violations of Consumer Collection Practices, and he works closely with appellate issues including through the conclusion of appeals.

Mr. Stahl is admitted to practice in Florida State Courts; the US Court of Appeals, Eleventh Circuit; the US District Court, Northern District of Florida; the US District Court, Middle District of Florida; the US District Court, Southern District of Florida; and, the US District Court, Eastern District of Michigan. Mr. Stahl has also been admitted Pro Hac Vice in several jurisdictions relative to Consumer Class Action matters.

Prior to practicing law, Mr. Stahl earned bachelor's degrees in both Business Administration and Psychology at Austin Peay State University, where he was also a four-year starter and letterman for the University's football team. After 5 years in non-profit management, Mr. Stahl pursued a new career, obtaining a JD/MBA in only two and half years through a joint degree program at St. Thomas University in Miami Gardens, Florida where he finished at the top of both of his business and law classes.

Mr. Stahl is currently the Board Chair of the Anti-Defamation League (or ADL's) Florida Regional Board, but previously served as its Board Vice-Chair and Chair of the Advocacy & Engagement Committee (focusing on lobbying efforts to state and federal legislatures as well as consul generals to countries around the world). Mr. Stahl is a past Executive Committee and Board Member of the Mandel Jewish Community Center of the Palm Beaches, where he also served as the past JCC Maccabi Games Delegation Chair. He also served as a past Young Lawyers Division Appointed Board Member for the Florida Justice Association.

Mr. Stahl has been awarded the following awards: 2021 – ADL's Daniel R. Ginsberg National Leadership Award; 2018 - Robert S. and Ceil N. Levy Young Leadership Award by the Jewish Federation of Palm Beach County; 2018 - Award of Appreciation by the Florida Justice

Association Research and Education Foundation; 2015 - Steven Shapiro New Leadership Award for Outstanding Contribution and Leadership to the Mandel Jewish Community Center of the Palm Beaches. Mr. Stahl has been involved in the following class action matters and complex litigation:

- *Carriuolo v. Gen. Motors Co*., 823 F.3d 977, 980 (11th Cir. 2016)
- *Heritage Operating, L.P. v. Williams*, 211 So. 3d 1038 (Fla. 2d DCA 2016)
- *Cabrera v. U.S. Bank Nat'l Ass'n*, 281 So. 3d 516, 518 (Fla. 4th DCA 2019)
- *Jervis v. Castaneda*, 243 So. 3d 996, 997 (Fla. 4th DCA 2018).
- *Batchelor v. GEICO Cas. Co*., 2016 WL 3552729 (M.D. Fla. June 30, 2016)
- *Gelsomino v. ACE Am. Ins. Co*., 207 So. 3d 288, 289 (Fla. 4th DCA 2016)
- *Lewis, et al. v. PGT Industries, Inc. and PGT, Inc.;* Case No. 13-CA-011785, 15th Judicial Circuit, Palm Beach County, Florida.
- *US Bank Trust NA as Trustee For Lsf10 Master Participation Trust v. Lewis, Joseph*; Case No. 50-2017-CA-000969-XXXX-MB 15th Judicial Circuit, Palm Beach County, Florida.
- *Green, Rena v. State Farm Mutual Automobile Insurance Company*; Case No. 50-2015-CA-002899-XXXX-MB, 15th Judicial Circuit, Palm Beach County, Florida.
- *Shannet Brown-Peterkin, et. al. v. Geico General Insurance Co., et. al*.; Case No. CACE-15-016906; 15th Judicial Circuit, Palm Beach County, Florida.
- *Hasan Tukel, et. al. v. Geico Indemnity Company*; Case No. 05-2020-CA-030230; In the 18th Judicial Circuit, Brevard County, Florida.
- *Calderon, et al v. SIXT RENT A CAR, LLC;* Case No.19-cv-62408, United States District Court, Southern District of Florida.
- *Won, et al.  v. General Motors, LLC;* Case No. 19-cv-11044, United States District Court, Eastern District of Michigan.
- *Gregorio, et al. v. Ford Motor Company;* Case No. 20-cv-11310, United States District Court, Eastern District of Michigan.
- *Skrandel v. Costco;* Case No. 9:21-CV-80826, United States District Court Southern District of Florida
- *Orozco, et al. v. FCA US LLC;* Case No. 21-cv-12823, United States District Court, Eastern District of Michigan.
- *Harrison v. General Motors, LLC*; Case No. 21-cv-12927, United States District Court, Eastern District of Michigan.

**Steven G. Calamusa**

Steven G. Calamusa became a partner at Gordon & Partners in 2004. Mr. Calamusa attended the University of Miami School of Law. While at the University of Miami, Mr. Calamusa was on the Dean's List and Business Law Review. Mr. Calamusa joined the firm approximately twenty-two (22) years ago after serving as an Assistant County Attorney for Palm Beach County. His practice involves complex litigation in both Federal and State Courts, including Consumer Class Action and Multi-District Litigation (MDL).

During his career, Mr. Calamusa has achieved several distinctions within the legal community. He has been recognized as one of the Top 100 attorneys in the State of Florida, has been awarded the honor of "Super Lawyers" for multiple years, including 2021, and maintained the highest rating possible, an AV rating, with the Martindale-Hubbell legal directory of exemplary lawyers since 2004.

Mr. Calamusa has been involved in the following class action matters and complex litigation:

- *Colon v. South Florida Blood Banks, Inc.; Robert Bosch Corporation; Cummins Engine Company, et al.;* Case No. 03-CA-001313, 15th Judicial Circuit, Palm Beach County, Florida
- *Bornander v. Sundy Inn Inc., dba Sundy House; Dey, Inc.; Dey, LP, et al.;* Case No. 08-CA-012219, 15th Judicial Circuit, Palm Beach County, Florida
- *Toral v. Outback Steakhouse of Florida, dba Outback Steakhouse, et al.;* Case No. 03-CA-951, 19th Judicial Circuit, Martin County, Florida
- *Goldman v. Babe Ruth League, Inc. and Jupiter Tequesta Association, Inc.;* Case No. 13-CA-016431, 15th Judicial Circuit, Palm Beach County, Florida
- *Lewis, et al. v. PGT INDUSTRIES, INC. and PGT, INC.;* Case No. 13-CA-011785, 15th Judicial Circuit, Palm Beach County, Florida
- *IN RE: Navistar Maxxforce Engines Marketing, Sales Practices and Products Liability Litigation*; Case No. 14-cv-10318, (N.D. Ill.).

- *Hankinson, et al. v. RTG Furniture Corp., dba Rooms To Go;* Case No. 15-cv-81139, (S.D. Fla.).

- *IN RE: Takata Airbag Products Liability Litigation;* MDL No. 2599/Master File No. 15-md-2599, (S.D. Fla.)

- *Johannessohn, et al. v. Polaris Industries Inc.;* Case No. 16-cv-03348, (D. Minn.)

- *Ariza, et al. v. Luxxotica;* Case No. 1:17-cv-05216, (E.D.N.Y)

- *IN RE: Chrysler- Dodge-Jeep Eco Diesel Marketing, Sales Practices, and Products Liability Litigation;* MDL No. 2777 / Master File No. 17-md-02777, (N.D. Cal.)

- *Ponzio, et al. v. Mercedes-Benz USA LLC, et al.;* Case No. 18-cv-12544, (D.N.J)

- *Simmons, et al. v. Ford Motor Company;* Case No. 18-cv-81558, (S.D. Fla.)

- *Duffy v. General Motors, LLC;* Case No. 18-cv-81726, (S.D. Fla.)

- *Won, et al.  v. General Motors, LLC;* Case No. 19-cv-11044, (E.D. Mich.)
- *Calderon, et al v. SIXT RENT A CAR, LLC;* Case No.19-cv-62408, (S.D. Fla.)

- *Gregorio, et al. v. Ford Motor Company;* Case No. 20-cv-11310, (E.D. Mich.)

- *Orozco, et al. v. FCA US LLC;* Case No. 21-cv-12823, (E.D. Mich.)

- *Harrison v. General Motors, LLC*;  Case No. 21-cv-12927, United States District Court, Eastern District of Michigan.

Mr. Calamusa has been selected as lead attorney for numerous depositions in class matters, including depositions of engineers, experts, key corporate officers, key corporate custodians, and key witnesses. Mr. Calamusa is also very familiar with complex litigation, ESI discovery and protocol. In addition to class action matters, Steven Calamusa has litigated numerous products liability claims. He was lead counsel in a single event complex product liability case against a German auto parts manufacturer and its U.S. Subsidiary. This complex case involved electrical circuit boards and engine management and required the translation of 1,000's of documents from German to English. Moreover, Mr. Calamusa took numerous depositions of corporate custodians and engineers in Hamburg, Germany. The result was an eight (8) figure resolution.

Mr. Calamusa is admitted to practice in Florida State Courts as well as the United States District Court, Southern District of Florida. Mr. Calamusa is also admitted in the United States District Court, Eastern District of Michigan. Mr. Calamusa has been admitted Pro Hac Vice in a number of jurisdictions relative to Consumer Class Action matters. Mr. Calamusa has also given back to the community as he formerly served on the Palm Beach County Safe Kids Coalition as well as the Palm Beach County Sheriff's Foundation, and he was the President of the Palm Beach County Chapter of Mothers Against Drunk Driving (MADD).