# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| JOHN SKRANDEL, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>      Defendant. | CASE NO. 9:21-cv-80826-BER |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASSES**

Plaintiff, John Skrandel, and Defendant, Costco Wholesale Corporation, have agreed to settle this Action[1] pursuant to the terms and conditions set forth in their executed Settlement Agreement and Release. The Parties reached the Settlement after arm's-length negotiations following a settlement conference with the Court. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Classes will fully, finally, and forever resolve, discharge, and release their claims.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement ("Motion"). Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, and the representations and recommendations of counsel:

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332.

---

[1] All capitalized defined terms used herein have the same meanings as those defined in the Settlement Agreement.

1

Provisional Class Certification and Appointment of Class Representative and Class Counsel

2. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Applying the December 2018 amendments to Rule 23(e)(1), the Court concludes that it is likely to certify the Settlement Classes and approve the Settlement as fair, adequate, and reasonable.

3. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present, and that certification of the proposed Settlement Classes is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Classes:

> **The Matched Replacement Transaction Settlement Class:** All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and who meet the following criteria: (a) the return transaction occurred at least 30 or more days after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there are two or fewer Interstate Battery transactions.

> **The Unmatched Replacement Transaction Settlement Class:** All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and who meet either of the following sets of criteria: (a) the return transaction occurred at least 30 or more days after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there are three or more Interstate Battery transactions or (a) the return transaction occurred within 30 days of the original purchase transaction or (b) the replacement transaction occurred more than 30 days after their return transactions.

Excluded from the Settlement Classes are all persons who are employees, directors, officers, agents of Costco or its subsidiaries and affiliated companies, the Court, the Court's immediate family, and the Court's staff.

4.  Specifically, the Court finds, for settlement purposes only and conditioned on final certification of the proposed Settlement Classes and on the entry of the Final Approval Order, that the Settlement Classes satisfy the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: In the Action, there are thousands of members in each of the Settlement Classes. The proposed Settlement Classes are so numerous that joinder of all members is impracticable.

(b) <u>Commonality</u>: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Costco's class-wide practices are common to the Plaintiff and the Settlement Classes, are alleged to have injured all members of the Settlement Classes in the same way and would generate common answers central to the viability of the claims were this case to proceed to trial.

(c) <u>Typicality</u>: The Plaintiff's claims are typical of the Settlement Classes because they concern the same alleged Costco practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal

theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d) Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). Here, Rule 23(a)(4) is satisfied because there are no conflicts of interest between Plaintiff and the Settlement Classes, and Plaintiff has retained competent counsel to represent him and the Settlement Classes. Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, Plaintiff and Class Counsel have vigorously and competently represented the Settlement Classes in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Rel. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e) Predominance and Superiority: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Classes in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Here, common

questions present a significant aspect of the case and can be resolved for all members of the Settlement Classes in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Classes. Moreover, each member of the Settlement Classes has claims that arise from the same event as well as the same legal theories.

5. The Court appoints Plaintiff, John Skrandel, as Class Representative.

6. The Court appoints the following attorneys as Class Counsel: Jeff Ostrow and Jonathan M. Streisfeld of Kopelowitz Ostrow P.A. and Geoffrey Stahl and Steven Calamusa of Gordon & Partners, P.A.

Preliminary Approval of the Settlement

7. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the range of reasonableness. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

8. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion and is the product of informed, good-faith, arm's-length negotiations

5

between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Classes, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval of the Settlement and enter a Final Approval Order.

<u>Approval of Notice Program, Claim Form and Claim Process, and Settlement Administrator</u>

9. In accordance with Federal Rule of Civil Procedure 23(e)(1)(B), the Court approves the Notice Program and the form and content of the Notices, substantially in the forms attached to the Settlement. The Parties may make non-substantive revisions to the forms of Notice without further order by the Court. The Court further finds that the Notice Program described in the Settlement is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to inform the members of the Settlement Classes of: (a) the pendency of the Action; (b) certification of a Settlement Classes; (c) the terms of the Settlement; (d) the Claims Process; (e) Class Counsel's to-be-filed Application for Attorneys' Fees and Costs; and (f) the right and process to opt out of the Settlement Classes or object to the Settlement. The Notice Program constitutes sufficient Notice to all persons entitled to notice. The Notice Program satisfies all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

10. The Court hereby approves of the Claim Form and the proposed Claims Process. The Parties may make non-substantive revisions to the Claim Form without further order by the

Court.

11. Angeion Group is hereby appointed and shall serve as Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. Angeion Group shall implement Notice, as set forth below and in the Settlement, using the Notices substantially in the forms attached to the Settlement as Exhibits A-C and approved by this Preliminary Approval Order. Angeion Group shall also implement and oversee the Claims Process and further fulfill all other administrative responsibilities as set forth in the Settlement or as instructed by the Parties.

12. All fees and costs associated with Notice and the Settlement Administrator shall be paid separately by Costco.

Final Approval Hearing, Opt-Outs, and Objections

13. A Final Approval Hearing shall be held before this Court on _____ \_\_, 2024, at \_\_\_\_ \_\_\_.m. to determine whether to grant Final Approval to the Settlement and Class Counsel's Application for Attorneys' Fees and Costs and to rule on objections, if any.

14. Any Settlement Class member who wishes to be excluded from their Settlement Class may exercise their right to opt out of their Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time on or before the Exclusion Deadline. Settlement Class members who wish to opt out of the Settlement must submit a timely written request for exclusion either via the Settlement Website, or by U.S. mail to the Settlement Administrator, and the written request must include: (a) their name, address, telephone number, and email address; (b) the case name: *Skrandel v. Costco Wholesale Corporation*, Case No. 9:21-cv-80826-BEH; (c) a statement clearly indicating that the Settlement Class member desires to opt-out of the Settlement; and (d) their signature. To be valid and timely, opt-out requests must be postmarked no later than the last day of the Exclusion Deadline.

15.     Any Settlement Class Member may object to the Settlement or Class Counsel's Application for Attorneys' Fees and Costs. Any such objections must be submitted to the Court either by filing it in person at any location of the United States District Court for the Southern District of Florida or by mailing it to the Clerk of the Court for filing, to the Settlement Administrator, to Class Counsel, and to Costco's Counsel. To be valid, an objection must include the following information:

   a.  the name of the Action;

   b.  the objector's full name, address, and telephone number;

   c.  an explanation of the basis upon which the objector claims to be a Settlement Class Member;

   d.  all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

   e.  the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

   f.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

   g.  a copy of orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

   h.  any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity;

   i.  the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

   j.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

   k.  a statement confirming whether the objector intends to personally appear and/or

        testify at the Final Approval Hearing; and

    l.    the objector's signature (an attorney's signature is not sufficient).

Further Papers in Support of Final Approval of the Settlement

16. Plaintiff and Class Counsel shall file the Motion for Final Approval of the Settlement, along with Class Counsel's Application for Attorneys' fees and Costs, no later than 45 days before the Final Approval Hearing.

17. The Parties shall file responses to Objections, if any, 15 days before the Final Approval Hearing.

Effect of Failure to Approve Settlement

18. If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    (a)    All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding; and

    (b)    Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Plaintiff or Costco on any point of fact or law.

Stay/Bar of Other Proceedings

19. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all members of the Settlement Classes, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims.

20. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| | |
|---|---|
| Notice Program Begins (Email and Postcard Notices go out) | 30 days after Preliminary Approval Order |
| Notice Program Ends (remailing of bounced Emails or undeliverable Postcard Notices) | 60 days after Notice Program begins |
| Deadline for Class Counsel to file their Motion for Final Approval of the Settlement, including Class Counsel's Application for Attorneys' Fees and Costs | 45 days prior to the Final Approval Hearing |
| Deadline for Settlement Class members to Opt-Out of the Settlement | 30 days prior to the Final Approval Hearing |
| Deadline for Settlement Class Members to Object to the Settlement | 30 days prior to the Final Approval Hearing |
| Deadline to Submit Claim Forms | 60 days following Initial Email Notice |
| Final Approval Hearing | _____ \_\_, 2024, at \_\_\_\_ \_\_\_.m. (Week of 2/19/24 or after) |

**DONE and ORDERED** in Chambers in West Palm Beach, Florida, this \_\_\_\_ day of _____, 2023.

_____
JUDGE BRUCE REINHART
UNITED STATES MAGISTRATE JDUGE

Copies furnished to: Counsel of Record