**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| JOHN SKRANDEL, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>    Defendant. | CASE NO. 9:21-cv-80826-BER |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING
ATTORNEYS' FEES AND COSTS (ECF No. 160)**

WHEREAS, Plaintiff submitted to the Court his Unopposed Motion for Final Approval of Class Settlement Action Settlement, Application for Attorneys' Fees and Costs Payment, and Incorporated Memorandum of Law (ECF No. 160);

WHEREAS, on September 12, 2023, the Court entered its Order granting Preliminary Approval of the Settlement, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) and certified the Settlement Classes of the Matched Replacement Transaction Settlement Class and Unmatched Replacement Transaction Settlement Class; (3) appointed Plaintiff as Class Representative; (4) appointed Jeff Ostrow and Jonathan M. Streisfeld of Kopelowitz Ostrow P.A. and Geoffrey Stahl and Steven Calamusa of Gordon & Partners, P.A. as Class Counsel; (5) approved the form and manner of Notice and the Notice Program; (6) approved the Claim process and Claim Form and (7) set the Final Approval Hearing date (ECF No. 153);

WHEREAS, on October 6, 2023, the Court granted the Joint Motion to Extend Notice

Deadline, which extended the date for the Notice Program to begin and the Claims Form Deadline (ECF No. 155, 156);

WHEREAS, thereafter, Notice was provided to over 300,000 Settlement Class members in accordance with the Court's Preliminary Approval Order by direct Email Notice or Postcard Notice, and the Long Form Notice was available to Settlement Class members on the Settlement Website or on request to the Settlement Administrator;

WHEREAS, a Notice of Settlement was timely mailed to governmental entities as provided for in 28 U.S.C. § 1715;

WHEREAS, on February 29, 2024, the Honorable Bruce E. Reinhart, held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Application for Attorneys' Fees and Costs; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2. This Order incorporates the definitions in the Settlement Agreement and Release, as amended by the Amendment to Settlement Agreement and Release, and all capitalized terms used in this Order have the same meanings as set forth in that Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Classes in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and

sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules.

4. The notice to government entities, as given, complied with 28 U.S.C. § 1715.

5. The Settlement is in all respects fair, reasonable, and adequate, after considering all of the Federal Rule of Civil Procedure 23(e)(2) factors, highlighted by evidence that (A) the Class Representative and Class Counsel have adequately represented the Settlement Classes, (B) the Settlement was negotiated at arm's length among competent, able counsel with the assistance of a qualified mediator and the Hon. Bruce E. Reinhart, (C) the Settlement relief is adequate, and (D) the Settlement treats Settlement Class Members equitably relative to each other. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

6. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, and only 17 opt-outs, indicating an overwhelming positive reaction from the Settlement Classes, and the opinion of competent counsel concerning such matters.

7. A list of the individuals who have opted-out of the Settlement is attached hereto as *Exhibit A*. Those individuals will not be bound by the Agreement or the Releases contained therein.

8. Based on the information presented to the Court, the Claim process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Valid Claims from the Unmatched Replacement Transaction Settlement Class shall be paid pursuant to the Settlement's terms. Unmatched Replacement Transaction Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the

terms of the Settlement and Releases therein.

9. The distribution plan for Settlement Class Member Payments proposed by the Parties in the Agreement is fair, reasonable, and adequate.

10. The Class Representative and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

11. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

12. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

13. The appointment of Plaintiff as the Class Representative is affirmed.

14. The appointment of Jeff Ostrow and Jonathan M. Streisfeld of Kopelowitz Ostrow P.A. and Geoffrey Stahl and Steven Calamusa of Gordon & Partners, P.A. as Class Counsel is affirmed.

15. The Court affirms the findings that the Settlement Classes meet the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the Settlement in that: (1) the number of Settlement Class Members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class Members; (3) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (4) the Class Representative is an adequate representative for the Settlement Class, and has retained experienced counsel to represent them; (5) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class

Member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy (ECF No. 153 at ¶4.) Further, the Court concludes the Settlement Classes are ascertainable, based on their objective criteria.

    16.    Therefore, the Court finally certifies the following Settlement Classes:

**The Matched Replacement Transaction Settlement Class:** All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and who meet the following criteria: (a) the return transaction occurred at least 30 or more days after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there are two or fewer Interstate Battery transactions.

**The Unmatched Replacement Transaction Settlement Class:** All current and former Costco members who returned and replaced an Interstate Battery under warranty between May 7, 2016 and June 30, 2023, at a Costco warehouse located in the United States, and who meet either of the following sets of criteria: (a) the return transaction occurred at least 30 or more days after their original purchase transaction; (b) the replacement transaction occurred within 30 days of their return transaction; and (c) there are three or more Interstate Battery transactions; or (a) the return transaction occurred within 30 days of the original purchase transaction or (b) the replacement transaction occurred more than 30 days after their return transactions.

Excluded from the Settlement Classes are all persons who are employees, directors, officers, agents of Costco or its subsidiaries and affiliated companies, the Court, the Court's immediate family, and the Court's staff.

    17.    Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

    18.    As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties hereby fully and irrevocably release and forever discharge Released Parties from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether state or federal, whether known or unknown, existing or potential,

or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, that have been or could have been asserted in the Action related to the purchase, sale, and warranty of Interstate Batteries during the Class Period (the "Released Claims"). Released Claims exclude claims for personal injury.

19. In consideration for this Agreement and the consideration set forth herein, Plaintiff and the Settlement Class Members acknowledge that the release herein includes potential claims and costs that may not be known or suspected to exist, and that Plaintiff and the Settlement Class Members hereby agree that all rights under California Civil Code § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. California Civil Code § 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

20. If, consistent with the plan of distribution set forth in the Settlement, digital payments are not completed or fail or checks remain uncashed after 120 days, any unclaimed Matched Replacement Transaction amounts shall be paid to an appropriate *cy pres* recipient, which is to be agreed to by the Parties and approved by the Court, in a subsequent order.

21. The Court hereby decrees that neither the Settlement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of any fault, wrongdoing, or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall

be offered or received in evidence as an admission, concession, presumption, or inference against Defendant or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

22. Pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel is awarded an Attorneys' Fees and Costs Payment of $750,000.00, the attorneys' fee portion of which is $543,652.00 (representing approximately 15.6% of the total Settlement benefits) and litigation costs totaling $206,348.00. Such amount shall be paid separately by Defendant to Class Counsel in accordance with the terms of the Settlement. The Court evaluated Class Counsel's request using a constructive common fund analysis applying Eleventh Circuit precedent, *In re Home Depot, Inc., Customer Data Sec. Breach Litig.*, 931 F.3d 1065, 1080 (11th Cir. 2019), and concludes that amount is within the range of reason under the factors listed in *Camden I Condo. Ass'n. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991).

23. The Court also approves Defendant's separate payment of Settlement Administration Costs to the Settlement Administrator, Angeion Group, LLC.

24. Plaintiff and all Settlement Class Members, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

25. The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members, including the *cy pres* distribution of any unclaimed remainder funds; (2) the Action, until the Effective Date, and until

each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

26. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

27. With the exception of those listed on *Exhibit A*, all Settlement Class Members shall be bound by this Order.

28. Pursuant to Federal Rule of Civil Procedure 58(a), this Court will enter a Final Judgment dismissing the Action with prejudice by separate order.

**DONE and ORDERED** in Chambers in West Palm Beach, Florida this 29th day of February, 2024.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A – OPT-OUT LIST

1. Stephen Alderman
2. William Baker
3. Paul Doorn
4. Diane Doyle
5. Roland Franklin
6. Robert Kenig
7. Eric Lee
8. Arik March
9. Abraham Mathew
10. Tricia McReynolds
11. Anh Nguyen
12. Paula Petrites
13. Keiko Platt
14. Hui-Xian Tang
15. Sue-Ann Tumakay
16. Luis Vega
17. Jerry Wang